Douglas A. Kellner, Esq.
KELLNER HERLIHY GETTY & FRIEDMAN, LLP
470 Park Avenue South, 7th Floor
New York, New York 10016-6819
Tel. No. (212) 889-2121
dak@khgflaw.com
*Attorneys for Ad Hoc Group of West 107th Street Tenants*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In Re:<br><br>203 W 107 STREET LLC et al.<br><br>Debtors | Case No. 20-12960 (SCC)<br>Chapter 11<br>Jointly Administered |
|---|---|

### OBJECTIONS OF AD HOC GROUP OF WEST 107TH STREET TENANTS TO THE DISCLOSURE STATEMENT

The Ad Hoc Group of West 107th Street Tenants submit the following objections to the Disclosure Statement (EF#7):

**Security Deposits**

1. More than half of the unsecured creditors identified in the petition schedules E/F are tenants with "unknown" amounts with the label "Potential Security Deposit Claim." The Disclosure Statement offers no guidance to tenants with respect to their rights or their obligations in order to preserve their security deposits.

2. *First,* it is not reasonable for the Debtors' failure to disclose the amounts the security deposits, which appear in the leases. Indeed, the one-page form for renewal of a rent stabilized lease includes the amount of the security deposit in the form. These amounts should be known by the Debtors and should be disclosed.

3. *Second,* the Disclosure Statement is silent about the provisions of New York General Obligations Law §§ 7-103 et seq. that govern security deposits of residential tenants. General Obligations Law § 7-103(1) provides that a residential tenant's security deposit remains the property of the tenant while it is held by the building owner. Consequently, these funds should not be considered debts owed by the Debtors.

4. The meeting of creditors pursuant to Bankruptcy Code § 341 was adjourned in order to have the Debtors provide relevant information concerning the security deposits. Despite inquiries from the onset of the bankruptcy filings, the Debtors have not yet explained what happened to the tenants' security deposits.

5. New York General Obligations Law § 7-105(3) makes it a misdemeanor to convey real property without turning over the tenants' security deposits. The Disclosure Statement should clarify what the Plan provides with respect to the security deposits, and what tenants must do in order to preserve their right to their security deposits. Without these clarifications, the Disclosure Statement does not adequately explain how the tenants security deposits will be treated under the Plan.

**Claims, offsets and defenses relating to the rent strike**

6. There are several dozen tenants in 210, 220 and 230 West 107th Street who have been withholding their rents on account the numerous violation conditions at the premises, the owners contempt of Housing Court orders, and breach of the warranty of habitability.  Real Property Law § 235-b(3) provides that tenants are entitled to damages for breach of the warranty of habitability. Real Property Actions and Proceedings Law § 755 provides for the stay of any proceeding for the collection of rent where the court finds that there is a condition that constitutes a partial constructive evicton, or a

condition that is hazardous to life, health or safety. Multiple Dwelling Law § 302-a provides that the tenant is entitled to abatement of all rent when there are violations labeled by the New York City Department of Housing Preservation and Development as "rent impairing."

       7.  The disclosure statement is ambiguous in explaining to tenants participating in the rent strike how the Plan would address these issues. The Disclosure Statement (EF#7 at 15, ¶ III.F.2) provides:

> The existing claims of the tenants under the Tenant Leases shall be addressed and paid through the Cure process associated with the Debtors' assumption of the Tenant Leases and assignment thereof to the Successor Owners. The tenants under the Tenant Leases shall not have any continuing obligations to the Debtors following the assumption and assignment of the Tenant Leases to the Successor Owners pursuant to a Property Transfer. Any Claims of the tenants against the Debtors which are not addressed through the Cure process shall be treated in accordance with the terms of the Plan. The Successor Owners (as applicable) shall assume all benefits and obligations of the Debtors as landlord under all assigned Tenant Leases from and after the Effective Date and shall pay any Cure costs that may be due.

Nowhere in the Disclosure Statement is there any explanation of the "cure process." Following consummation of the Plan, will the new owner seek to collect rent arrears? Will the tenants be allowed to setoff their claims and defenses for breach of the warranty of habitability pursuant to New York Real Property Law 235-b(3) and for pre-petition attorneys' fees that they may be able to recover pursuant to New York Real Property Law § 234?

### Claims of tenants who have paid their rent

       8.  There is an even greater number of tenants who have claims for breach of the warranty of habitability who have paid their rent. The Disclosure Statement does not warn in plain English that these claims will be extinguished if tenants in that category fail to file a proof of claim timely or, if tenants do file timely proofs of claim,

what funds will be available to satisfy such pre-petition claims and how those claims would be resolved.

WHEREFORE, the Ad Hoc Group of West 107th Street Tenants respectfully request that the Disclosure Statement be revised to provide explanations of these issues in plain English, and to the extent necessary, that Debtors revise the Plan to address these issues so the tenants can make an informed decision whether to approve or to reject the Plan.

Dated: February 1, 2021

                KELLNER HERLIHY GETTY & FRIEDMAN, LLP

By: _____
      Douglas A. Kellner
470 Park Avenue South, 7th Floor
New York, New York 10016-6819
Tel. No. (212) 889-2121
Email: dak@khgflaw.com

*Attorneys for Ad Hoc Group of West 107th Street Tenants*