**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 203 W 107 STREET LLC, *et al.*,[1] | ) Case No. 20-12960 (LGB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER APPROVING (I) THE ADEQUACY OF THE FOURTH AMENDED JOINT DISCLOSURE STATEMENT FOR THE FOURTH AMENDED JOINT PLAN OF LIQUIDATION OF THE DEBTORS; (II) SOLICITATION AND NOTICE PROCEDURES; (III) FORM OF BALLOT AND NOTICE IN CONNECTION THEREWITH; AND (IV) CERTAIN DATES WITH RESPECT THERETO

Upon the *Notice of Hearing* [ECF No. 20], *Notice of Adjournment* [ECF No. 44], and *Notice of Adjournment* [ECF No. 57] (the "Notice"), the *Joint Disclosure Statement for the Joint Plan of Liquidation of the Debtors* [ECF No. 7], the *Amended Joint Disclosure Statement for the Amended Joint Plan of Liquidation of the Debtors* [ECF No. 41], the *Second Amended Joint Disclosure Statement for the Second Amended Joint Plan of Liquidation of the Debtors* [ECF No. 51], the *Third Amended Joint Disclosure Statement for the Third Amended Joint Plan of Liquidation of the Debtors* [ECF Nos. 64], the *Fourth Amended Joint Disclosure Statement for the Fourth Amended Joint Plan of Liquidation of the Debtors* (the "Disclosure Statement"), and the *Debtors' Statement in Support of Approving the Second Amended Joint Disclosure Statement for the Second Amended Joint Plan of Liquidation* [ECF No. 55] (the "Statement," together with the Notice and the Disclosure Statement, the "Motion")[2] of the Debtors for entry of an order (the "Disclosure Statement Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364); 220 W 107 Street LLC (0461); 230 W 107 Street LLC (3686); 124-136 East 117 LLC (6631); 215 East 117 LLC (6961); 231 East 117 LLC (0105); 235 East 117 LLC (8762); 244 East 117 LLC (1142); East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement.

United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3016, 3017, 3018, 3020 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 3017-1,

3018-1, and 3020-1 of the Local Rules for the Bankruptcy Court for the Southern District of New

York (the "Local Rules") approving: (a) the Disclosure Statement; (b) the Voting Record Date (as

defined below), Solicitation Launch Date (as defined below), and Voting Deadline (as defined

below); (c) the manner and form of the Solicitation Packages (as defined below) and the materials

contained therein; (d) the Plan Objection Deadline (as defined below), Confirmation Hearing Date

(as defined below), and Confirmation Hearing Notice (as defined below); and (e) the dates and

deadlines related thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; the *Amended Standing Order of Reference from the United States District Court*

*for the Southern District of New York*, dated February 1, 2012 and this Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final

order consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing conducted on April 7, 2021 before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.     The Motion is granted as provided herein.

## I.     Approval of the Disclosure Statement.

2.     The Disclosure Statement is hereby approved as providing holders of Claims in Class 2 and Class 4 of the Plan (collectively, the "<u>Voting Classes</u>") with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.  The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article 10 of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.     Approval of the Notice.

3.     The Notice, filed by the Debtors and served upon parties in interest in these chapter 11 cases, constitutes adequate and sufficient notice of the Hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.     Approval of the Materials and Timeline for Soliciting Votes.

### A.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

4.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

a.     **<u>April 7, 2021</u>** as the date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy

Rule 3001(e) such that the assignee can vote as the holder of the respective Claim (the "<u>Voting Record Date</u>");

    b.    the Debtors shall distribute Solicitation Packages to the Voting Classes by **April 28, 2021** (the "<u>Solicitation Launch Date</u>"); and

    c.    all holders of Allowed Claims entitled to vote on the Plan must complete, execute, and return their Ballots so that they are **<u>actually received</u>** by Debtors' counsel (the "<u>Voting and Claims Agent</u>"), on or before **June 25, 2021, at 4:00 p.m.** prevailing Eastern Time (the "<u>Voting Deadline</u>").

    **B.**    **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

5.    In addition to the Disclosure Statement and exhibits thereto, the solicitation packages (the "<u>Solicitation Packages</u>") to be transmitted on the Solicitation Launch Date to those holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

    a.    an appropriate form of ballot attached hereto as **<u>Exhibit A</u>** (the "<u>Ballot</u>"), including a pre-paid, pre-addressed return envelope;[3]

    b.    the confirmation hearing notice attached hereto as **<u>Exhibit B</u>** (the "<u>Confirmation Hearing Notice</u>");

    c.    the Disclosure Statement Order (without exhibits); and

    d.    any additional documents the Court has ordered be made available.

6.    The Solicitation Packages provide the holders of Allowed Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

---

[3] The Debtors will use commercially reasonable efforts to ensure that any holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

7.      The Debtors shall distribute Solicitation Packages to the U.S. Trustee and to all holders of Allowed Claims entitled to vote on the Plan on the Solicitation Launch Date. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8.      Debtors' counsel is authorized to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan. Debtors' counsel is also authorized to accept Ballots via electronic transmission.  Ballots submitted via electronic means shall be deemed to contain an original signature.

C.      **Approval of the Confirmation Hearing Notice.**

9.      The Confirmation Hearing Notice, in the form attached hereto as **Exhibit B,** to be filed by the Debtors and served upon all known creditors and interest holders in these chapter 11 cases (including, but not limited to, all governmental entities which received notice of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF No. 12]) on the Solicitation Launch Date constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**D.**      **No Further Notices to Non-Voting Classes.**

10.      Except to the extent the Debtors determine otherwise, the Debtors are not required

to provide Solicitation Packages to holders of Claims or Interests in Classes 1, 3 and 5 of the Plan

(collectively, the "Non-Voting Classes"), as such Holders are not entitled to vote on the Plan.

      **a.**      ***Not Impaired Claims—Conclusively Presumed to Accept.*** Holders of
Claims in Classes 1 and 3 are not impaired under the Plan and, therefore,
are conclusively presumed to have accepted the Plan. As such, holders of
such Claims will not receive a Solicitation Package.

      **b.**      ***Interest Holders—Deemed to Reject.*** Holders of Interests in Class 5 are
receiving no distribution under the Plan and, therefore, are deemed to reject
the Plan and will not receive a Solicitation Package.

11.      The Debtors are not required to mail Solicitation Packages or other solicitation

materials to: (a) holders of Claims that have already been paid in full during these chapter 11 cases

or that are authorized to be paid in full in the ordinary course of business pursuant to an order

previously entered by this Court; or (b) any party to whom the Notice was sent but was

subsequently returned as undeliverable.

**IV.      Approval of the Voting and Tabulation Procedures.**

12.      Only the following holders of Claims in the Voting Classes shall be entitled to vote

with regard to such Claims:

      a.      holders of Claims who, on or before the Voting Record Date, have timely
filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed
as timely by the Court under applicable law on or before the Voting Record
Date);

      b.      holders of Claims that are listed in the Schedules; provided that if the
applicable bar date has not expired prior to the Voting Record Date, a Claim
listed in the Schedules as contingent, disputed, or unliquidated shall be
allowed to vote only in the amount of $1.00; and

      c.      with respect to any Entity described in subparagraphs (a) and (b) above,
who, on or before the Voting Record Date, has transferred such Entity's
Claim to another Entity, the assignee of such Claim; provided that such

transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e).

13.    In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

    a.    the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court (including in an estimated amount), or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

    b.    the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date or which are the subject of a claim objection; provided, that Ballots cast by holders of Claims who timely file a Proof of Claim in respect of a contingent Claim or in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; provided, further, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

    c.    the Claim amount listed in the Schedules; provided that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; provided, further, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; and

    d.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

14.    The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.      except as otherwise provided herein or by further order of the Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors or by order of the Court), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

b.      the Voting and Claims Agent, i.e., Debtors' counsel, will date-stamp all Ballots when received.  The Voting and Claims Agent shall retain the original Ballots and an electronic copy of the same until the Confirmation Order becomes a final, non-appealable order of the Bankruptcy Court.;

c.      the Debtors will file with the Court, not later than July 1, 2021, at 4:00 p.m., prevailing Eastern Time a certification of votes (the "<u>Voting Report</u>").  The Voting Report shall, among other things, certify to the Court in writing the amount and number of allowed claims of each class accepting or rejecting the Plan;

d.      the method of delivery of Ballots to be sent to the Voting and Claims Agent is at the election and risk of each holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Voting and Claims Agent actually receives the executed Ballot;

e.      an executed Ballot is required to be submitted by the Entity submitting such Ballot.  Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted via electronic mail, in PDF format, to the Voting and Claims Agent, i.e., Debtors' counsel, at mfrankel@bfklaw.com or may be mailed to the Voting and Claims Agent at Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022, Attn: Mark Frankel.  However, Ballots submitted by facsimile shall not be valid;

f.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Voting and Claims Agent), the Debtors' financial or other legal advisors, and if so sent will not be counted;

g.      if multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

h.      holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the Voting Class, the Debtor may, in its discretion, aggregate the Claims of any particular holder for the purpose of counting votes;

i.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims must indicate such capacity when signing;

j.      the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting;

k.      neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification, except to the extent provided by the Local Rules;

l.      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.      if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o.      if an objection to a Claim is filed, the holder of such Claim shall not be eligible to vote unless the Court temporarily allows the Claim for voting purposes in accordance with Bankruptcy Rule 3018(a);

p.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; provided that if the applicable Claims bar date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via electronic mail will be deemed to be an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.      the Debtors are authorized to enter into stipulations with the holder of any Claim agreeing to the amount of a Claim for voting purposes; and

s.      where any portion of a single Claim has been transferred to a transferee, the all holders of any portion of such single Claim will be: (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that: (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

## V.   Approval of Procedures for Confirming the Plan.

### A.   Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.

15.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

a.      **June 25, 2021, at 4:00 p.m.** prevailing Eastern Time shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "Plan Objection Deadline");

b.      Notwithstanding anything to the contrary in Local Rule 3018-1(a), **July 1, 2021, at 4:00 p.m.** shall be the date by which the Voting Report must be filed with the Court; and

c.      the Court shall consider Confirmation of the Plan at the hearing to be held on **July 8, 2021** (the "Confirmation Hearing Date").

### B.   Approval of the Procedures for Filing Objections to the Plan.

16.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal

and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before  **June 25, 2021, at 4:00 p.m.** prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

## VI.   Miscellaneous.

17.    The Debtors reserve the right to modify the Plan in accordance with Article 15 thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

18.    The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Notice, Confirmation Hearing Notice, Solicitation Packages, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

19.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

20.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

11

22.     The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this Order.


Dated: April 16th, 2021                    **/s/ Lisa G. Beckerman**
       New York, NY                    THE HONORABLE LISA G. BECKERMAN
                                       UNITED STATES BANKRUPTCY JUDGE