**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     203 W 107 Street LLC, *et al*.,[1] | Case No.  20-12960 (LGB) <br> Jointly Administered |
|                    Debtors. | |

---------------------------------------------------------x

| | |
|---|---|
| 203 W 107 Street LLC, *et al*., | |
|                    Plaintiffs, | |
| v. | Adv. Proc. No.  22-_____ (___) |
| YDC Inc., d/b/a REZI, | |
|                    Defendant. | |

---------------------------------------------------------x

## COMPLAINT FOR (A) BREACH OF CONTRACT, (B) TURNOVER OF PROPERTY, AND (C) AN IMMEDIATE ACCOUNTING

Plaintiffs, the debtors and debtors-in-possession, (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and the plaintiffs (the "Plaintiffs") in the above-captioned adversary proceeding (the "Adversary Proceeding"), as and for their complaint (the "Complaint") against defendant YDC, Inc., d/b/a REZI ("REZI" or

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364), 220 W 107 Street LLC (0461), 230 W 107 Street LLC (3686), 124-136 East 117 LLC (6631), 215 East 117 LLC (6961), 231 East 117 LLC (0105), 235 East 117 LLC (8762), 244 East 117 LLC (1142), East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).

the "Defendant"), allege upon knowledge of their own and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

1. REZI breached the Master Lease Agreement by failing to pay required rents owing to the Debtors. REZI is also holding and refusing to turn over other, additional rents collected by it on behalf of the Debtors. Additionally, REZI has, for approximately ten (10) months, stonewalled the Debtors' requests for an immediate accounting of the rents it has collected from the Debtors' tenants.

2. Accordingly, the Debtors bring this Complaint against REZI for (a) damages arising from REZI's breach of the Master Lease Agreement, (b) turnover of rents collected by REZI, which are property of the Debtors' estates, and (c) an immediate accounting of all monies REZI billed and collected from the Debtors' current or former tenants.

## JURISDICTION AND VENUE

3. This Adversary Proceeding arises in and relates to the Debtors' Chapter 11 Cases pending before the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012 (Preska, C.J.).

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E). Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), the Debtors consent to the entry of a final order by the Court in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

6. The Debtors are limited liability companies formed and organized under the laws of Delaware, registered in New York as foreign limited liability companies, with a business address at One Battery Park Plaza, New York, New York 10004.

7. The Defendant is a corporation formed and organized under the laws of Delaware, registered in New York as a foreign corporation, with a business address at 26 Broadway, Suite 1106, New York, New York 10004. The Defendant's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## CASE BACKGROUND

8. On December 28, 2020 (the "Petition Date"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

9. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

10. No committee has been appointed in the Chapter 11 Cases and no request for the appointment of a trustee or examiner has been made.

11. The Debtors own multi-family residential buildings on 107th Street and 117th Street in Manhattan. 203 W 107 Street LLC, 210 W 107 Street LLC, 220 W 107 Street LLC and 230 W 107 Street LLC (collectively, the "107th Street Debtors") own the properties at 203 West 107th Street, New York, New York, 210 West 107th Street, New York, New York, 220 West 107th Street, New York, New York, and 230 West 107th Street, New York, New York (collectively, the "107 Properties"). 124-136 East 117 LLC, 215 East 117 LLC, 231 East 117 LLC, 235 East 117 LLC, 244 East 117 LLC, East 117 Realty LLC, and 1661 PA Realty LLC (collectively, the "117 Street Debtors") own the properties at 124-136 East 117th Street, New York, New York, 215 East 117th Street, New York, New York, 231 East 117th Street, New York, New York, 235 East 117th Street, New York, New York, 244 East 117th Street, New York, New York, 316, 322, and 326 East 117th Street, New York, New York, and 1661 Park Avenue, New York, New York (collectively, the "117 Properties," and with the 107 Properties, the "Properties").

## STATEMENT OF FACTS

### A. The Master Lease Agreement

12. Debtors 124-136 East 117 LLC, 215 East 117 LLC, 231 East 117 LLC, 235 East 117 LLC, 244 East 117 LLC, East 117 Realty LLC, and 1661 PA Realty LLC (collectively, the "Master Lease Debtors"), together with other non-debtor entities owned and controlled by Emerald Equity Group LLC, and REZI executed that certain REZI Periodic Lease Agreement dated June 4, 2018 (the "Master Lease Agreement"). The Master Lease Agreement sets forth the terms and conditions under which REZI may lease certain residential apartments (each, an "Apartment" and

4

collectively, the "Apartments") located at, among other places, the Properties, from, among others, the Master Lease Debtors and subsequently sublease such Apartments to subtenants.

13. The Master Lease Agreement granted REZI access to and use of the Apartments during the REZI Lease Term (as defined below) to market the Apartments to prospective subtenants and to rent such Apartments to subtenants, who would use the Apartments as private, primary residences to live (and not for any other purpose). *See* Master Lease Agreement ¶ 2.

14. The Master Lease Agreement commenced on June 4, 2018 and "(A) for any Apartment having a Delivery Date (as defined below) prior to July 15, 2018, shall end on July 31, 2019, or (B) for any Apartment having a Delivery Date between July 15, 2018 and August 15, 2018, inclusive, shall end on August 31, 2019, or (C) for any Apartment having a Delivery Date after August 15, 2018, shall end on the date occurring thirteen (13) months after the Delivery Date (or, in each case, such earlier date as the Lease Term may terminate pursuant to the other provisions of this Lease)." Master Lease Agreement ¶ 1 (the "REZI Lease Term").

15. REZI was obligated, on a monthly basis, to pay to the Master Lease Debtors the amounts listed in Exhibit A to the Master Lease Agreement during the REZI Lease Term for the corresponding Apartment (the "Monthly Rents"). *See* Master Lease Agreement ¶ 4(a). Under the terms of the Master Lease Agreement, REZI was obligated to pay the Monthly Rents without regard to whether the applicable subtenant paid rent to REZI. Upon information and belief, REZI has not satisfied its obligations under the Master Lease Agreement to pay the Monthly Rents to the Master Lease Debtors for the Apartments referenced below in paragraphs 17-18.

5

16. On December 18, 2018, the Master Lease Debtors sent a notice to REZI exercising their rights under section 3(e) of the Master Lease Agreement to terminate the Master Lease Agreement (the "Termination Notice"). Pursuant to the Termination Notice, the Master Lease Agreement was terminated on or before January 10, 2018 (the "Termination Date") with respect to the Apartments.

17. Upon information and belief, REZI has failed to pay the Monthly Rents owing from July 15, 2018 through the Termination Date as follows: (i) $11,186.42 in Monthly Rents in respect of 124 East 117th Street, Unit 1H, New York, New York; (ii) $13,468.83 in Monthly Rents in respect of 124 East 117th Street, Unit 5P, New York, New York; and (iii) $10,699.17 in Monthly Rents in respect of 244 East 117th Street, Unit 3F, New York, New York.

18. Upon information and belief, in respect of each of these Apartments, REZI entered into sublease agreements with subtenants and collected rents from the subtenants. In addition, upon information and belief, following the Termination Date, REZI continued to collect rents from the subtenants and failed to turn over such collected rents to the Debtors even though such amounts are property of the Debtors' estates.

**B.    REZI Collected and Has Failed to Turn Over the Debtors' Rents**

19. Upon information and belief, in addition to the Master Lease Agreement, REZI and the Debtors agreed that REZI would maintain an online portal for the collection of rent from the Debtors' tenants, REZI would then pay the collected rent to the Debtors and the Debtors would pay a service fee to REZI. In connection with that agreement, REZI maintained an online system

6

(the "Online System") that enabled tenants to pay their rent online and set up automatic and recurring rent payments. Upon information and belief, in accordance with the agreement, from time to time, REZI collected rents, paid over rents to the Debtor, and was paid its fees. Upon information and belief, REZI has failed to pay the Debtors the full amount of rents it collected on the Debtors' behalf from tenants through the Online System.

20. The rents collected by REZI through the Online System but not yet paid to the Debtors (the "Withheld Rents") are property of the Debtors' estates and must be turned over to the Debtors. The Withheld Rents also include rents collected by REZI in respect of the Apartments after the Termination Date of the Master Lease Agreement.

21. Upon information and belief, the Withheld Rents that the Debtors are owed also include, but are not limited to, tenant rent monies that REZI collected from tenants at the Properties on the Debtors' behalf pursuant to certain lease and listing agreements. More specifically, REZI and Debtor 244 East 117 LLC executed that certain Listing Agreement dated October 31, 2018 pursuant to which REZI was authorized for a fifteen (15) month period to market, solicit, and procure on Debtor 244 East 117 LLC's behalf tenants for unit 4A at 244 East 117th Street, New York, New York (the "4A Listing Agreement"). Under the 4A Listing Agreement, Debtor 244 East 117 LLC also authorized REZI to receive, collect, and process all payments made by tenants residing at unit 4A, 244 East 117th Street, New York, New York during the fifteen (15) month term of the 4A Listing Agreement. After the 4A Listing Agreement was executed, Adrien David and Maud Berneux ("David and Berneux") and Debtor 244 East 117 LLC executed that certain

7

Lease Agreement dated November 9, 2018 pursuant to which David and Berneux leased unit 4A at 244 East 117th Street, New York, New York from Debtor 244 East 117 LLC during the period November 9, 2018 through January 31, 2020.  Upon information and belief, David and Berneux paid monthly rent obligations due to Debtor 244 East 117 LLC using the Online System and REZI has failed to remit such rent monies to the Debtors as required under the 4A Listing Agreement.

22.    Additionally, REZI and Debtor 244 East 117 LLC executed that certain Listing Agreement dated October 31, 2018 pursuant to which REZI was authorized for a fifteen (15) month period to market, solicit, and procure on Debtor 244 East 117 LLC's behalf tenants for unit 5F at 244 East 117th Street, New York, New York (the "5F Listing Agreement").  Under the 5F Listing Agreement, Debtor 244 East 117 LLC also authorized REZI to receive, collect, and process all payments made by tenants residing at unit 5F, 244 East 117th Street, New York, New York during the fifteen (15) month term of the 5F Listing Agreement.  After the 5F Listing Agreement was executed, Davene Hughes ("Hughes") and Debtor 244 East 117 LLC executed that certain Lease Agreement dated January 4, 2019 pursuant to which Hughes leased unit 5F at 244 East 117th Street, New York, New York from Debtor 244 East 117 LLC during the period January 4, 2019 through January 31, 2020.  Upon information and belief, Hughes paid monthly rent obligations due to Debtor 244 East 117 LLC using the Online System and REZI has failed to remit such rent monies to the Debtors as required under the 5F Listing Agreement.[2]

---

[2] To be clear, the Debtors are not seeking any relief in this Complaint against any of their tenants.

23. Upon information and belief, the Debtors and Rezi executed other listing agreements for apartment units at the Properties that authorized REZI to collect tenant rent monies on the Debtors' behalf and REZI has failed to pay over those rent monies to the Debtors.

24. Accordingly, REZI is obligated to turnover and pay to the Debtors all rent it has collected from the Debtors' tenants on the Debtors' behalf.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

25. The Debtors repeat and reallege the allegations in each of the foregoing paragraphs as though fully set forth herein.

26. The Master Lease Agreement is a binding and enforceable contract.

27. REZI breached the Master Lease Agreement by failing to pay all amounts due to the Master Lease Debtors.

28. REZI owes the Master Lease Debtors the Monthly Rents for the Apartments referenced above in paragraphs 17 through and including 18 for monthly rents that accrued for each month beginning upon the commencement of the REZI Lease Term through and including the Termination Date.

## SECOND CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. § 542(b))

29. The Debtors repeat and reallege the allegations in each of the foregoing paragraphs as though fully set forth herein.

30. REZI collected the Withheld Rents from the Debtors' tenants.

31. REZI failed to pay the Withheld Rents to the Debtors prior to the Petition Date.

32. Following the Petition Date, the Debtors made demand for turnover of the Withheld Rents and REZI has failed to turn over the Withheld Rents.

33. The Withheld Rents are property of the Debtors' estates.

34. The Debtors are entitled to turnover of the Withheld Rents and REZI is obligated to turn over the Withheld Rents to the Debtors.

### THIRD CLAIM FOR RELIEF
### (Accounting Pursuant to 11 U.S.C. § 105(a))

35. The Debtors repeat and reallege the allegations in each of the foregoing paragraphs as though fully set forth herein.

36. REZI has not fully accounted to the Debtors for all rents billed and collected by REZI from current and former tenants.

37. Upon information and belief, REZI maintains books and records recording (i) the rents it paid, billed, and collected in connection with the Master Lease Agreement, (ii) the rents it billed and collected through the Online System from the Debtors' tenants, (iii) the rents billed and collected through the Online System that were paid over to the Debtors, and (iv) the service fees it received in connection with collecting rent through the Online System.

38. This information will assist the Debtors in reconciling amounts paid by and owing by their tenants, for the benefit of both the Debtors and their tenants.

39. REZI's wrongful acts and omissions with respect to the Withheld Rents have injured and damaged the Debtors. Accordingly, the Debtors demand the equitable remedy of accounting.

## **CONCLUSION**

WHEREFORE, the Debtors request entry of judgment against REZI for (a) damages arising from REZI's breach of the Master Lease Agreement, (b) turnover of the Withheld Rents collected by REZI, which are property of the Debtors' estates, and (c) an immediate accounting of all tenant rents REZI billed and holds in its possession from current or former tenants residing or that resided at any of the Properties.

Dated: New York, New York
May 4, 2022

By: *s/Mark Frankel*
Backenroth Frankel & Krinsky LLP
800 Third Avenue
New York, New York 10022
(212) 593-1100

*Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     203 W 107 Street LLC, *et al*,[1] | Case No. 20-12960 (LGB) |
| | Jointly Administered |
|     Debtors. | |

--------------------------------------------------------x

## **VERIFICATION**

Ephraim Diamond declares the following under penalty of perjury:

    1.    I am the Chief Restructuring Officer for the above-captioned debtors. I am fully familiar with all matters asserted herein based upon my personal knowledge.

    2.    I have reviewed the annexed pleading and the facts contained therein are true and correct to the best of my knowledge, information and belief.

Dated:  New York, New York
         May 4, 2020

                                                                                   s/ *Ephraim Diamond*
                                                                                   Ephraim Diamond

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364), 220 W 107 Street LLC (0461), 230 W 107 Street LLC (3686), 124-136 East 117 LLC (6631), 215 East 117 LLC (6961), 231 East 117 LLC (0105), 235 East 117 LLC (8762), 244 East 117 LLC (1142), East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).