KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Robert T. Schmidt
Joseph A. Shifer
Rose Hill Bagley
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

THE LEGAL AID SOCIETY
HOUSING JUSTICE UNIT
Yesenia M. Godoy
2090 Adam Clayton Powell Jr. Blvd, 3rd Floor
New York, NY 10027
Telephone: (212) 436-3008

*Attorneys for the Tenants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
:
In re:                                                          :    Chapter 11
:
203 W 107 STREET LLC, *et al.*,                                 :    Case No. 20-12960 (LGB)
:
                                   Debtors.                     :    (Jointly Administered)
:
----------------------------------------------------------------- X

**MOTION OF THE TENANTS FOR ENTRY OF AN ORDER (I) RECONSIDERING
THE ORDER SUSTAINING THE DEBTORS' FIRST OMNIBUS OBJECTION TO
CLAIMS AS TO THE TENANTS, (II) DEEMING THE TENANTS' CLAIMS TIMELY
FILED, AND (III) GRANTING RELATED RELIEF**

Tenants of East 117 Realty LLC (the "**Tenants**") hereby submit this motion (the "**Motion**")

for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as Exhibit

A, (i) providing for reconsideration of this Court's *Order Granting Debtors' Omnibus Claim*

*Objection to Proofs of Claim (Insufficient Documentation and Late Filed Claims)* as to the Tenants

(the "**Claims Order**"), (ii) deeming the proofs of claim filed by the Tenants as timely, and (iii)

granting related relief. In support of the Motion, the Tenants submit the *Declaration of Yesenia*

*M. Godoy* (the "**Godoy Declaration**"), attached hereto as Exhibit B, and respectfully state as

follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This

is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases (the

"**Chapter 11 Cases**") is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for relief requested herein are sections 105(a) and 502(j) of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 60(b) of the Federal

Rules of Civil Procedure (the "**Federal Rules**"), Rules 3008, 9006(b), and 9024 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3008-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## Background

3.      Debtor East 117 Realty, LLC owns and operates an apartment building located at

322 East 117th Street, New York, NY 10035 (the "**Building**").  Case No. 20-12973-lgb, D.I. 1

("**East 117 Petition**").[1]  Each of the Tenants are lessees of apartments in the Building.  East 117

Petition, Schedule H at 2.17, 2.19, 2.31, 2.34, 2.35, 2.46, 2.52, 2.58, and 2.64.  On July 26, 2019,

the Tenants filed a verified petition in New York City Civil Court, designated as Case No.

200173/2019, against Debtor East 117 Realty, LLC and others seeking, among other things,

abatement of and damages for hazardous, unsafe, and unhygienic conditions in the Building and

asserting claims for harassment (the "**Pre-Petition Litigation**").  *See* Godoy Decl., Ex. 1.  A trial

was scheduled to begin in the Pre-Petition Litigation in March 2020, which was adjourned due to

the COVID-19 pandemic.  Godoy Decl. at ¶ 3.

---

[1] All citations to D.I. other than the East 117 Petition refer to docket entries at Case No. 20-12960-lgb.

KL2 3282446.11

A.    *The Bankruptcy Filings and the Plan*

4.    On December 28, 2020 (the "**Petition Date**"), each of the Debtors filed for chapter 11 of the Bankruptcy Code, thereby staying the Pre-Petition Litigation.  Godoy Decl. at ¶ 3.  The East 117 Petition:

- Discloses the Pre-Petition Litigation initiated by the Tenants.  East 117 Petition, Official Form 207 Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (the "**SoFA**") at 7.6.

- Lists each of the Tenants as counterparties to lease agreements.  East 117 Petition, Schedule H at 2.17, 2.19, 2.31, 2.34, 2.35, 2.46, 2.52, 2.58, and 2.64.

- Lists each of the Tenants as an unsecured creditor ***holding non-contingent, liquidated and undisputed claims*** in an "unknown" amount.  East 117 Petition, Schedule E/F at 3.27, 3.30, 3.45, 3.48, 3.49, 3.60, 3.68, 3.78, and 3.89.

5.    On February 19, 2021, the Debtors' Chief Restructuring Officer ("**CRO**"), Ephraim Diamond, filed a supplemental affidavit listing the outstanding prepetition security deposits held by the Debtors [D.I. 48] (the "**Diamond Affidavit**").  A copy of the Diamond Affidavit is reproduced and attached here as <u>Exhibit C</u> indicating the entries that relate to the Tenants' security deposits.

6.    On the Petition Date, the Debtors filed the *Joint Plan of Liquidation of the Debtors* [D.I. 6] (the "**Plan**").  The Plan has been amended multiple times, the most recent of which was filed on April 14, 2021 [D.I. 67] (the "**Fourth Amended Plan**").  On the same date, the Debtors filed the *Fourth Amended Joint Disclosure Statement for the Fourth Amended Joint Plan of Liquidation of the Debtors* [D.I. 68] (the "**Disclosure Statement**"), which was approved on April 16, 2021 pursuant to the *Order Approving (I) the Adequacy of the Fourth Amended Joint Disclosure Statement for the Fourth Amended Joint Plan of Liquidation of the Debtors; (II)*

KL2 3282446.11

*Solicitation and Notice Procedures; (III) Form of Ballot and Notice in Connection Therewith; and (IV) Certain Dates With Respect Thereto* [D.I. 69] (the "**Disclosure Statement Order**").

7.     The Fourth Amended Plan provides that "[t]he existing claims of the tenants under the Tenant Leases[2] shall be addressed and paid through the Cure Process[3] associated with the Debtors' assumption of the Tenant Leases and assignment thereof to the Successor Owners." Fourth Amended Plan § 9.4.   In essence, tenants' claims for rent abatement, repairs and remediation, claims for security deposits, and "any other Claims timely asserted by a tenant prior to the Bar Date," (Fourth Amended Plan §§ 1.83, 1.86), will be paid pursuant to the "Cure Process."

8.     The Debtors explain in their statement in support of the Disclosure Statement that under the Plan, "the Successor Owners are assuming *all* obligations of the Debtors as landlord under all of the assigned Tenant Leases from and after the Effective Date and shall pay *all* Cure costs that may be due in connection with the assumption and assignment of the Tenant Leases." D.I. 55 at 6, ¶ 14(c) (emphasis added).

### B.    The Bar Date Orders and the Claims

9.     On the Petition Date, the Debtors filed their *Debtors' Application for an Order Fixing Last Date for Filing Proofs of Claim and Approving the Form and Manner of Noteice* [sic]

---

[2] "Tenant Leases" is defined as "the Debtors' unexpired leases of residential real property with tenants residing at the Properties [including the Building]."  Fourth Amended Plan § 1.87.

[3] "Cure Process" is defined as the "resolution or adjudication of the Tenant Cure Claims through a: (i) resolution of such Tenant Cure Claims by agreement among the Successor Owners and the tenant asserting such Claim; (ii) adjudication of such Tenant Cure Claim in the New York Civil Court, Housing Part; (iii) adjudication of such Tenant Cure Claim in the Bankruptcy Court; or (iv) adjudication of such Tenant Cure Claims in any other court or administrative body of competent jurisdiction. Pending resolution of the Tenant Cure Claims through the Cure Process, the tenants' and the Successor Owners' rights and defenses under applicable non-bankruptcy law in respect of the Tenant Cure Claims are expressly preserved. To the extent a tenant successfully prosecutes a Tenant Cure Claim in the Housing Court or any other court or administrative body of competent jurisdiction, the tenant is required to seek allowance of such Tenant Cure Claim from the Bankruptcy Court."  Fourth Amended Plan § 1.37.

KL2 3282446.11

*Thereof* [D.I. 8] (the "**Bar Date Motion**").  The Bar Date Motion requested the Court require all creditors file proofs of claim on or before March 11, 2021 at 5 p.m. (ET) other than governmental creditors and "persons and entities that are exempt from filing proof(s) of claim."  Bar Date Mot. at ¶ 6.  On December 30, 2020, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 12] (the "**Bar Date Order**").  The Bar Date Order required proofs of claim be filed on or before February 16, 2021. *Id.*  The Bar Date Order, however, expressly exempted certain claims from the filing requirements, including (as relevant here) "[a]ny claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as 'disputed', 'contingent' or 'unliquidated'; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claims as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules."  Id. at 3.

10.     On February 12, 2021, the Court entered the *Amended Order Extending Deadline for Tenants to File Proofs of Claim* [D.I. 47] (the "**Amended Bar Date Order**" and together with the Bar Date Order, the "**Bar Date Orders**").  The Amended Bar Date Order provides that tenants of the Debtors' properties, including the Building, must file their general claims on or before March 2, 2021 at 5 p.m. (ET) (the "**General Claims Bar Date**").  The Bar Date Orders were not served on Tenants' state court counsel.  *See* D.I. 14, 28;[4] *and* Godoy Decl. at ¶ 9.

11.     The Tenants' non-bankruptcy counsel only learned about the deadline to file proofs of claim after a conversation with a representative from the New York City Department of Housing Preservation and Development ("**HPD**").  Godoy Decl. at ¶ 4.  After figuring out how to file claims in bankruptcy cases, she filed a proof of claim for each of the Tenants against Debtor East 117

---

[4] It does not appear a certificate of service for the Amended Bar Date Order has been filed on the docket.

Realty LLC. Case No. 20-12973-lgb, Claim Nos. 3-11 (the "**Claims**"). One of the Claims was filed on the General Claims Bar Date [Claim No. 3]. The remaining Claims were filed shortly after midnight on March 3, 2021, with the last Claim being filed at approximately 12:35 a.m. (ET). Godoy Decl. at ¶ 4.

12.     The Claims include amounts owed to the Tenants for rent abatement, repairs and remediation, and claims for security deposits (*i.e.*, "Specified Tenant Claims" under the Fourth Amended Plan). They also include amounts owed to the Tenants for statutory damages resulting from the Debtors' multiple breaches of the implied warranty of habitability (codified into every written and oral lease pursuant to New York Real Property Law § 235-b). *See* Godoy Decl. at ¶ 2. The Pre-Petition Litigation asserts that Debtor East 117 Realty LLC breached the implied warranty of habitability by, among other things, failing to remediate mold and lead paint hazards, failing to provide heat and hot water, and failure to abate vermin infestations. Many of these conditions have continued post-petition, leading to additional building code violations as recently as May 30, 2022, when Con Edison shut off the gas supply from a defective stove/range. *See* Godoy Decl. at ¶ 2. A breach of the implied warranty of habitability can give rise to compensatory and/or punitive damages. *See e.g.,* R.P.L. § 235-A(2) (providing compensatory damages to tenants for violations of heat and hot water services), N.Y.C. Admin. Code § 27-7115(o) (providing compensatory damages to tenants for harassment and breach of the implied warranty of habitability). The Tenants asserted these claims in the Pre-Petition Litigation. Godoy Decl., Ex. 1.

### C.     The Claim Objection

13.     More than one year later, on March 10, 2022, the Debtors filed the *Notice of Hearing on Debtors' First Omnibus Claims Objection to Proofs of Claim (Insufficient*

- 6 -

*Documentation and Late Filed Claims)* [D.I. 171], which attaches as an exhibit the *First Omnibus Claims Objection to Proofs of Claim (Insufficient Documentation and Late Filed Claims)* (the "**Claim Objection**").  The Claim Objection objects to each of the Tenants' Claims as late (with respect to all Claims other than Claim No. 3) and as providing insufficient documentation.  Claim Obj. at ¶ 12.  The Debtors say that "[t]he lack of information provided in the [Tenants'] Claims precludes the Debtors from engaging in a thorough review of the [Tenants'] Claims to gauge their validity and therefore, such claims must be expunged." *Id.*

14.    The Claim Objection notes, however, that the Tenants' "rights under the [Fourth Amended] Plan to assert Specified Tenant Claims (as defined in the Plan) not included in the proofs of claim that are subject of this Objection are expressly reserved." Id. at n.3.  The Debtors further assert that they attempted to contact the Tenants' counsel "over the last few months" requesting documentation, which went answered.  Id. at ¶ 14.  As discussed further below, the Claim Objection neglects to inform this Court that the Debtors were in discussions with the Tenants' state court counsel regarding the supporting documents and a settlement of the Tenants' Claims, with the last such communication occurring just three days prior to filing of the Claim Objection.  Godoy Decl. at ¶ 6.

15.    The Debtors served the Claim Objection on each Tenant, *see* D.I. 172, who do not speak English (as the Debtors are aware).  *See* Godoy Decl., Ex. 1 at 13 (*Affidavit of Translation*).  The Debtors also served a copy of the Claim Objection on Tenants' counsel at the wrong email address and to her work address, which was unoccupied because of the COVID-19 pandemic.[5]

---

[5] The certificate of service at D.I. 173 indicates that the Debtors served by email YGodoy@Legal–Aid.org, with an em dash.  However, as the Debtors are also aware, the proper email address for Tenants' counsel is YGodoy@Legal-Aid.org, with an en dash.  Any emails to the em dash email address are returned as undeliverable.  The Debtors were aware of this because their state court counsel has been in contact with Ms. Godoy after the Petition Date, including communications as recently as March 2022.  *See* Godoy Decl. at ¶ 6.  The Debtors would have also been aware that

Tenants' counsel first learned of the Claim Objection from counsel to another group of tenants who had appeared in this case. Godoy Decl. at ¶ 7. On April 25, 2022, counsel for the Debtors filed the *Certificate of No Objection* [D.I. 179] with respect to the Claim Objection, indicating that no responsive pleading had been filed. On the same day, this Court entered the Claims Order disallowing and expunging each of the Claims.

### D.    Post-Petition Negotiations

16.     In December 2021, state court counsel for the Debtors reached out to the Tenants' state court counsel regarding a settlement. Godoy Decl. at ¶ 5. In response to a request for documentation, Tenants' state court counsel directed the Debtors' attorneys to documents filed in the Pre-Petition Litigation. *Id.* Tenants' state court counsel did not receive any other request for documentation and, in fact, received the necessary documents to support the Claims (including improperly maintained rent ledgers) from the Debtors' counsel on February 7, 2022. *Id.* During the last communication between state court counsel for the Debtors and the Tenants, the Debtors' attorneys indicated that they would discuss the Tenants' counter-proposal. Godoy Decl. at ¶ 6. Tenants' state court counsel did not receive a response from the Debtors' state court counsel. *Id.*

### Relief Requested

17.     By this Motion, the Tenants seek entry of an order (i) providing for reconsideration of the Claims Order, (ii) overruling the Claim Objection, and (iii) granting related relief.

### Basis for Relief

18.     The Bankruptcy Code provides that "a claim that has been allowed or disallowed may be reconsidered for cause" based upon "the equities of the case." 11 U.S.C. § 502(j); see also

---

Ms. Godoy was not at her office because those emails with state court counsel indicate in the signature line that all Legal Aid attorneys are working from home.

KL2 3282446.11

*In re Enron, Inc.*, 325 B.R. 114, 117 (Bankr. S.D.N.Y. 2005) (explanatory parenthetical); and *In re JWP Info. Servs., Inc.*, 231 B.R. 209, 211 (Bankr. S.D.N.Y. 1999). "In evaluating a motion for reconsideration, courts are to utilize the standard of relief outlined in [Federal Rule] 60(b)" applicable to bankruptcy proceedings via Bankruptcy Rule 9024. *Enron*, 325 B.R. at 118. Under Federal Rule 60(b)(1), "reconsideration of an order disallowing a creditor's claim may be granted if the creditor demonstrates that its failure to respond was the result of 'excusable neglect.'" *Id.*

19.    Neither the Bankruptcy Code or the Bankruptcy Rules define "excusable neglect." "Some courts in this Circuit have applied the more stringent test derived from *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), to evaluate motions to reconsider claims under Section 502 of the Bankruptcy Code and [Federal] Rule 60(b)." *In re Barquet Grp., Inc.*, 486 B.R. 68, 72 n.2 (S.D.N.Y. 2012). Under *Pioneer*, the court will consider all equitable factors in evaluating excusable neglect, including: "(1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceeding; (3) the reason of the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *In re Barquet Grp., Inc.*, 477 B.R. 454, 461 n.5 (Bankr. S.D.N.Y. 2012) (*citing Pioneer Inv. Servs.*, 507 U.S. at 395). The Second Circuit focuses on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant. *U.S. Bank N.A. v. Pinnock (In re Pinnock)*, 833 F. App'x 498, 501 (2d Cir. 2020).

20.    Most courts in this district adjudicating a motion for reconsideration apply the test set forth by the Second Circuit in *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996). *See e.g., In re Barquet Grp., Inc.*, 486 B.R. 68 (S.D.N.Y. 2012) (applying the *American Alliance* three-part test); *In re JWP Info. Servs., Inc.*, 23 B.R. 209 (Bankr. S.D.N.Y. 1999) (same); *In re Enron, Inc.*, 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005) (same); *In re FairPoint Commc'ns,*

*Inc.*, 462 B.R. 75 (Bankr. S.D.N.Y. 2012) (same); *In re Coxeter*, Case No. 05-19146, 2009 Bankr. LEXIS 4053 (Bankr. N.D.N.Y. Dec. 10, 2009) (same).  "The *American Alliance* factors are: (i) whether the failure to respond was willful; (ii) the existence of a meritorious defense and (iii) the degree of prejudice that the non-movant would suffer if the Court granted the motion."  *In re Barquet Grp., Inc.*, 477 B.R. 454, 461 (Bankr. S.D.N.Y. 2012).  As one court noted, the *American Alliance* and *Pioneer* tests are substantially similar, except that the former "omits inquiry into the reason for delay--an inquiry that has been recognized to be the most important element of the *Pioneer* test and also the element that is most likely to counsel against reconsideration."  *Coxeter*, 2009 Bankr. LEXIS 4053 * 10.

21.    Here, reinstatement of the Claims is proper under both the *Pioneer* and the *American Alliance* tests.  Moreover, as discussed herein, not only is reconsideration of the Claims Order warranted, but the Claims Objection is without merit and should be overruled should the Court grant this Motion.[6]

## I.    EXCUSABLE NEGLECT UNDER *PIONEER* TEST

### A.    *Danger of Prejudice to the Debtors*

22.    As noted above, prejudice is a factor included in both *Pioneer* and *American Alliance* tests, and therefore cases analyzing the *American Alliance* test on this point is instructive. Prejudice requires more than mere delay.  *In re Enron, Inc.*, 326 B.R. 46, 53 (Bankr. S.D.N.Y. 2005) (citing *Davis v. Musler*, 713 F.2d 907, 917 (2d Cir. 1983)); *and JWP Info. Servs.*, 231 B.R. at 213; *and FairPoint Commc'ns.*, 462 B.R. at 82; *and Coxeter*, 2009 Bankr. LEXIS 4053, * 18

---

[6] Under the Local Rules, no oral argument is required on a motion for reconsideration of an order disallowing a clams unless specifically order by the Court.  Should such a motion be granted, notice and a hearing must be provided prior to taking action with respect to the previous action.  L.B.R. 3008-1; *see also In re Fairpoint Commc'ns.*, 462 at 83 (granting the motion to reconsider prior to addressing the substantive responses to the debtor's claim objection and motion for estimation).

KL2 3282446.11

(Bankr. N.D.N.Y. Dec. 10, 2009). Instead, prejudice will be found if delay results "in the loss of evidence, create increased difficulties in discovery, or provide greater opportunity for fraud and collusion." *In re Enron, Inc.*, 326 B.R. at 53 (citations omitted). One court has held that when there is no indication of bad faith and a motion for reconsideration is filed in a timely fashion, the only risk of prejudice "lies in the possible future consequences to the claims process" if claimants could be excused from responding to a claim objection in similar circumstances. *In re Enron*, *Inc.*, 325 B.R. 114, 120-21 (Bankr. S.D.N.Y. 2005). However, "this policy concern is lessened by, *inter alia*, the timing of [the movant's] reaction to correct its mistake," the plausible explanation given by the movant for failure to respond, and "the absence of demonstrated specific prejudice" to the debtor. *In re Fairpoint Commc'ns.*, 462 B.R. at 82; *In re Enron, Inc.*, 325 B.R. at 120-21.

23.     The Debtors will not be prejudiced by the reconsideration and reinstatement of the Claims. The Debtors filed their most recent plan of liquidation over a year ago [D.I. 67], which has only recently been scheduled for a hearing [D.I. 184]. Moreover, the Fourth Amended Plan provides that Tenant Cure Claims (*i.e.*, "Specified Tenant Claims" and other claims by tenants) will be assumed by the "Successor Owners." Because these claims will become the obligation of the Successor Owners, there is no prejudice to the Debtors or their estates, and the risk of prejudice to the claims adjudication process is minimal. There is virtually no risk that granting this Motion will "precipitate a flood of similar claims." *Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 130 (2d Cir. 2005) (citing *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004). Here, the Debtors failed to provide notice of the Bar Date Orders and the Claim Objection to Tenants' counsel who, nevertheless, took immediate actions in response. With respect to the Bar Date Orders, Tenants' counsel took immediate steps to understand the Bankruptcy Court's filing system and filed the Claims, missing the deadline by only a few hours.

Godoy Decl. at ¶ 4.  When Tenants' counsel learned of the Claim Objection, she immediately undertook efforts to retain undersigned pro bono bankruptcy counsel.  Id. at 7.  These circumstances are sufficiently unique to weigh against any concern that "floodgates" will open.

24.    Moreover, at least one other court has held – as is the case here – that when a debtor knows of the claim and lists it on their schedules, they are not prejudiced by the reinstatement of the claim.  *In re Coxeter*, 2009 Bankr. LEXIS 4053, * 18 (Bankr. N.D.N.Y. 2009) (rejecting chapter 13 debtors' argument that reinstatement of claim will render confirmed plan unfeasible because debtors included the claim on their Schedule F finding no prejudice to chapter 13 debtors from reinstatement of claim because they "knew of the claim, having unsuccessfully litigated it in state court and having listed it on Schedule F of their petition.").  The East 117 Petition lists each of the Tenants as claimants and discloses the underlying litigation and the Diamond Affidavit discloses the amounts held for each of the Tenants as security deposits and therefore there can be no surprise to the Debtors that the Claims exist.  Nor will reinstatement of the Claims interrupt the confirmation process.  The current iteration of the Plan contemplates that Tenant Cure Claims (i.e., the Claims of the tenants arising under their respective leases) can be adjudicated in New York City Civil Court (*see* Fourth Amended Plan § 1.37), essentially returning the parties to their prepetition positions.  *See Fairpoint Commc'ns.*, 462 B.R. 82 (finding the debtor "is not prejudiced because … it can still litigate [the movant's] claims in the Claremont state court, an obligation it faced before" the order at issue was entered).  Therefore, this factor weighs in favor of reconsideration.

### B.    The Length of Delay and Impact on Judicial Proceedings

25.    The deadline to respond to the Claim Objection was April 21, 2022 – just 54 days ago.  Other courts have found that longer delays are not significant.  *See e.g.*, *In re Queen Elizabeth*

*Corp.*, 586 B.R. 95, 106 (S.D.N.Y. 2018) (ruling that a four-month delay was not "significant"); *and In re Avaya, Inc.*, 2018 Bankr. LEXIS 2754 * 17-18 (Bankr. S.D.N.Y. Sept. 11, 2018) (noting that the court would be more likely to give the movant relief from the bar date if the movant did not know of the bar date order ten months earlier).   Here, any delay is attributable to the Tenant's efforts to retain pro bono bankruptcy counsel, which will only serve to promote the judicial proceedings in these Chapter 11 Cases, not hinder them.  This factor therefore also weighs in favor of reconsideration.

### C.    *The Reason for the Delay*

26.    "The most important factor in determining whether excusable neglect exists is the 'reason for the delay.'"  *In re Motors Liquidation Co.*, 2017 WL 464428 * 3 (S.D.N.Y. Feb. 2, 2017).   This analysis includes "whether [the delay] was within the reasonable control of the movant."  *Pioneer Inv. Servs.*, 507 U.S. at 395; *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 416 (2d Cir. 2004).  The movant "must explain the circumstances surrounding the delay in order to supply the Court with sufficient context to fully and adequately address the reason for the delay factor and the ultimate determination of whether equities support the conclusion of excusable neglect."  *In re Roman Cath. Diocese of Syracuse, New York*, No. 20-30663, 2022 WL 538118 * 5 (Bankr. N.D.N.Y. Feb. 22, 2022) (ruling that lack of knowledge of the deadline for filing proofs of claim and the claimant's trauma sufficiently explained the reason for the movant's delay). While "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect", the *Pioneer* Court found that defects in the notice, along with lack of prejudice and a demonstration of good faith, warranted "a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'"  *Pioneer Inv. Servs.*, 507 U.S. at 399; *see also In re Roman Cath. Diocese of Syracuse, New York*, No. 20-30663, 2022 WL 538118, at *5 (Bankr.

N.D.N.Y. Feb. 22, 2022) (holding that lack of notice of the bar date and the claimant's trauma provided a sufficient reason for a four-month delay in filing proofs of claim); *In re Tronox Inc.*, 626 B.R. 688, 724 (Bankr. S.D.N.Y. 2021) (summarizing the holding in *Pioneer*).

27.     Here, Tenants' state court counsel failed to follow the proper procedure through no fault of her own.  The record is clear that she did not receive notice of the Claim Objection because she was served at the wrong email address (despite the fact that Debtors' counsel used the proper email address less than one-month earlier) and serving the Tenants directly was ineffective because they do not speak English.  Moreover, when Tenants' state court counsel learned of the Claim Objection, she immediately took steps to retain pro bono bankruptcy counsel and attempted to contact Debtors' counsel.  Tenants' state court counsel believed that she could appear at the hearing on the Claim Objection on April 25, 2022, provide an oral objection to the Claim Objection and request an adjournment or extension of time as is the common procedure in state court of which she is more familiar.  While lack of familiarity alone will typically not be a sufficient reason for delay, the lack of due process deprived state court counsel of the opportunity to obtain bankruptcy counsel and/or get familiar with the proper process before the response deadline passed.

### D.     *Whether the Movant Acted in Good Faith*

28.     Here, the Tenants have acted in good faith.  The Tenants' non-bankruptcy counsel called Debtors' counsel to discuss the claim objection and to seek a possible adjournment of the Claim Objection, and only was able to get in touch with Debtors' counsel the following day. Godoy Decl. at ¶ 8.  Counsel undertook immediate efforts to find pro bono bankruptcy counsel. *Id.* at ¶ 7-8.  Moreover, any failure to respond by the Claim Objection response deadline was based on an erroneous assumption that the deadline would be adjourned if the parties were in discussions. *See Enron*, 325 B.R. at 120 ("Although, as stated above, a good faith finding is not determinative

KL2 3282446.11

of the willful factor, in the instant case the facts that would support a good faith finding support the finding that [the movant] did not deliberately 'allow' the Order [expunging the movant's proof of claim] to be entered."); *Coxeter*, 2009 Bankr. LEXIS 4053 * 15-16 (finding that the movant's failure to respond to a claim objection was the result of the erroneous assumption that local counsel would respond and that there was no evidence that the movant's failure was willful or deliberate or intended to advance the movant's interests). This factor too weighs in favor of reconsideration.

29.    Accordingly, even under the more stringent Pioneer test, reconsideration of the Claims Order is warranted.

## II.    EXCUSABLE NEGLECT UNDER *AMERICAN ALLIANCE* TEST

### A.    *Willfulness*

30.    Courts in the Second Circuit have interpreted the "willfulness" standard to include deliberate, egregious or evidencing of bad faith. *In re JWP Info. Servs., Inc.*, 231 B.R. 209, 212 (Bankr. S.D.N.Y. 1999). It does not include mere carelessness or negligent errors. *Id.*; *see also In re Barquet Grp., Inc.*, 477 B.R. at 461-62 (finding no willfulness when the movant "adequately rebutted the presumption that they received notice of the Claim Objection."). Where notice is adequate, courts can find excusable neglect when the movant responds quickly upon learning of the motion or order. *See Fairpoint*, 462 B.R. at 81 ("even if notice was adequate and [the movant] failed to rebut the presumption of receipt, there can be a finding of excusable neglect, as the Court finds that [the movant's] actions were not willful" because the movant "responded quickly after discovering" an order had been entered against it); *see also Barquet*, 477 B.R. at 462-63 (because the movant waited two months "the Court question[ed] the Movants' failure to timely act when they learned about the Order", but nevertheless found that failure to respond could not be willful when movant lacked notice).; *JWP*, 231 B.R. at 212 ("It is [the movant's] actions after he became

aware of the existence of the Trustee's motion combined with [the movant's] internal error that reaches the level of willfulness.").

31.    The *Enron* and *FKF 3* cases are instructive.  In *Enron*, the movant decided not to read the claim objection for which it received notice because it believed (erroneously) that the debtor would not object to the claim because the parties were in ongoing negotiations.  *In re Enron, Inc.*, 325 B.R. at 119.  The court held that while the decision to not review the claim objection "was deliberate", the movant's default in responding to the claim objection was "without knowledge of the pendency of the action and, hence, not deliberate in the sense that it made a cognitive decision to allow a hearing on its Claim to proceed and the Order to be entered without its response."  *Id.*; *In re Barquet Grp., Inc.*, 477 B.R. at 462 ("if Claimants did not receive notice of the Claim Objection, their failure to respond to it could not have been willful.").  In *FKF 3*, the District Court disagreed with the Bankruptcy Court's finding that the actions of a defaulting defendant were willful.  *Ariston Props., LLC v. Messer (In re FKF 3, LLC)*, 501 B.R. 491 (S.D.N.Y. 2013).  The Bankruptcy Court had found that the defendant was properly served and become aware of the motion within time to respond by the objection deadline, but nevertheless only appeared more than two weeks later after the response deadline had run.  *Id.* at 502.  The District Court reversed, finding that the defendant's actions "while negligent, do not rise to the level willfulness" because the defendant immediately contacted counsel when he learned of the pending motion and sought an extension for the time to respond from the movant.  *Id.*

32.    Here, the Tenants' pro bono state court counsel did not receive direct notice of the Claim Objection or the deadline to respond because she was served at the wrong email address.  Nevertheless, she acted promptly when she learned that the Claim Objection was pending.  First, state court counsel took immediate steps to find and retain pro bono bankruptcy counsel (which

KL2 3282446.11

she ultimately obtained). Godoy Decl. at ¶ 7-8. Second, prior to the proposed hearing date, she

reached out to Debtors' counsel. *Id.* at ¶ 8. Not familiar with the bankruptcy process, state court

counsel erroneously believed that she could request an adjournment of the hearing, which would

also adjourn the deadline to respond to the Claim Objection, especially in light of the ongoing

negotiations between the parties. *See* Godoy Dec. at ¶ 8. This procedure is commonly used in

housing court, with which Tenants' counsel is more familiar. *Id.* Moreover, when she reached

out to Debtors' counsel to discuss the adjournment, she was unaware the certification of counsel

had already been filed, unbeknownst to her at the time. *Id.* The Tenants, acting through counsel,

did not make a decision to allow the deadline to pass without a response, nor was it part of any

plan or strategy to further the Tenants' interests, and therefore was not willful.

### B.    *Meritorious Defenses*

33.    "The Second Circuit test also requires that the movant have a legally supportable

defense or position within the underlying litigation." *In re Enron*, 325 B.R. at 120 (citing *Am.

Alliance*, 92 F.3d at 61). The "defense need not be ultimately persuasive at this stage" but rather

a "defense is meritorious if it is good at law so as to give the factfinder some determination to

make." *Am. Alliance*, 92 F.3d at 61 (citations and quotations omitted); *In re Enron*, 325 B.R. at

120; *JWP Info. Servs.*, 231 B.R. at 213; *and Fairpoint Commc'ns.*, 462 B.R. at 81-82. In the

Second Circuit, there is a "general preference for resolving disputes on the merits". *W.B. David

& Co., Inc. v. De Beers Centenary AG*, 507 F. App'x 67, 70 (2d Cir. 2013).

34.    Courts have found a meritorious defense by a claimant when "there is adequate

evidence to support the idea that the [movant] has a viable claim." *Fairpoint Commc'ns.*, 462 at

82; *see also In re Enron*, 325 B.R. at 120; *cf. In re JWP Info. Servs.*, 231 B.R. 213 (finding that a

movant produced no documentation to support its claim in the seven months since the order was

entered and therefore cannot establish a meritorious defense).  In *Enron* the court held that the movant's "claim for damages stemming from the Debtors' rejection of an energy contract" satisfied this factor because, while the debtors disputed the amount of the claim, "it appears to be uncontested that [the movant] holds a potential claim."  *Id*.  Similarly, in *Fairpoint Communications, Inc.*, a municipality sought reconsideration of the order estimating its claim for taxes at approximately $1,000 and reinstating its proof of claim at more than $400,000.  *Fairpoint Commc'ns.*, 462 B.R. at 78.  The court found that the municipality presented "adequate evidence to support the idea" that it "has a viable claim".  *Fairpoint Commc'ns.*, 462 B.R. at 82.  Specifically, the court held the municipality had a meritorious defense because it had presented evidence that it taxed all similar utilities in the same manner that, if true, might defeat the debtor's argument that municipality violated the equal protection clause by only taxing the debtor.  *Id.*

35.    Here, there can be no dispute that the Tenants hold a potential claim.  The Debtors included each of the Tenants in their Schedules E/F and listed the Pre-Petition Litigation SoFA.  Moreover, the Debtors' CRO included each of the Tenants in his breakdown of tenant security deposit receipts.  *See* D.I. 48; *and* Ex. C.  The Tenants have legal support to assert the Claims against the Debtors, which satisfies the "meritorious defense" factor.  If the Claim Objection had been heard on the merits (as is the strong preference in the Second Circuit), the Tenants would have sufficiently rebutted the arguments raised by the Debtors.  First, Tenants' counsel filed eight of the Claims only 35 minutes after midnight on March 2, 2021, despite not receiving notice of the Bar Date Orders.  Second, the Tenants would have sufficiently refuted the assertion that the Claims lacked documentation.

## 1.    <u>The Claims Should Be Allowed as Timely</u>

36.     "Although bar dates play a critical role in bankruptcy proceedings, there may be limited circumstances in which a court will permit a party to file a late proof of claim and have it deemed timely filed" when the claimant can establish "cause" under Rule 3003(c)(3). *In re Roman Cath. Diocese of Syracuse, New York*, No. 20-30663, 2022 WL 538118, at * 2 (Bankr. N.D.N.Y. Feb. 22, 2022). The *Pioneer* case before the Supreme Court involved such a request to deem timely a proof of claim filed 20 days late. *Pioneer*, 507 U.S. at 384. As discussed, *supra*, the *Pioneer* factors are "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395.

37.     Here, the Claims were filed within *hours* of the deadline set out in the Bar Date Orders, which was not served on Tenants' counsel. Godoy Decl. at ¶ 9. Upon learning of the Bar Date Orders, Tenants' counsel made every effort to file the Claims timely, but missed the deadline because she was learning how to file claims on the bankruptcy court's system. *Id.* at ¶ 4. As discussed, *supra*, the Debtors are not prejudiced if the Claims are deemed timely because the Claims will be the obligation of the Successor Owners. This is evident from the fact that the Debtors took more than one year to file the Claim Objection, and therefore had little impact on the conduct of these bankruptcy cases. Moreover, the length in delay between the General Unsecured Claims Bar Date (March 2, 2021 at 5 p.m. (ET)) and the filing of the eight untimely Claims were filed not days, weeks or months, but mere *hours* late. The reason for the delay was the lack of notice of the Bar Date Orders, which is clearly not within the control of any party but the Debtors. Moreover, upon learning of the Bar Date Orders, she immediately took efforts to understand the Bankruptcy Court's filing system and filed the Claims (albeit a few hours late). Good faith is also

present because Tenants' counsel took every possible step to file the Claims immediately upon

learning of the Bar Date Orders. As in *Pioneer*, the lack of sufficient notice of the deadline to file

proofs of claim, coupled with the good faith and the lack of prejudice to the Debtors "weigh

strongly in favor of permitting the tardy [C]laim[s]." *Pioneer.* 507 U.S. at 397-98. The Tenants

respectfully submit that sufficient "cause" has been established to deem the Claims timey filed.

## 2.   The Claims Are Sufficiently Supported

38.   Further, the Claim Objection is without merit because the Tenants have presented

sufficient evidence to support their Claims and to rebut the argument that the Claims lack

documentation. "Failure to attach the documentation required by Rule 3001 will result in the loss

of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y.

2010) (citations omitted) (expunging a mortgagee's proof of claim for lack of documentation

"without prejudice to reconsideration under 11 U.S.C. § 502(j)"). When "the claimant fails to

allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach

sufficient documentation to comply with [Rule] 3001(c), the claim is not automatically disallowed;

rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained."

*See In re Los Angeles Int'l Airport Hotel Assocs.,* 196 B.R. 134, 139 (9th Cir. BAP 1996); *see also*

*In re Lundberg*, 2008 Bankr. LEXIS 2963 * 7-9 (Bankr. D. Conn. Oct. 27, 2008) (noting that

"under certain circumstances admissions contained in the debtor's filed and sworn schedules may

establish at least a *prima facie* case with respect to a proof of claim."). In such a circumstance,

"the claimant must come forward with sufficient evidence of the claim's validity and amount in

response to the objecting party." *In re Live Primary, LLC*, 626 B.R. 171, 188-89 (Bankr. S.D.N.Y.

2021). Notably, in *Minbatiwalla*, the court held that it would assess the allegation that the claim

lacked documentation "together with the objector's then-existing knowledge base… and will not

ignore the Debtor's scheduling of a strikingly similar claim to that asserted" by the claimant. *Minbatiwalla*, 424 B.R. at 118.

39.     Attached to the Godoy Declaration is the petition in the Pre-Petition Litigation (Ex. 1), which asserts damages under non-bankruptcy law, and attached hereto is the Diamond Affidavit (Ex. C), which asserts amounts held by the Debtors for the Tenants' security deposits.  These documents entitle the Claims to the *prima facie* presumption of validity and the burden shifts to the Debtors to come forward with evidence refuting the Claims.  Moreover, as was the case in *Minbatiwalla* and *Lundberg*, the Debtors here knew of the Claims and, in fact, listed it in their Schedules and their SoFA.  The Debtors knowledge of the Tenants' Claims, the Prepetition Litigation, and the outstanding security deposits further supports overruling the Debtors' Claim Objection on the grounds that the Claims lacked documentation.

### C.     *The Prejudice to the Debtors*

40.     The final inquiry is into the level of prejudice that may occur to the Debtors.  As discussed *supra*, the Debtors will suffer no prejudice if the Claims are reinstated.  The Plan currently provides that Tenant Cure Claims will be paid by the Successor Owners.  If the Claims are reinstated and deemed timely filed, the entirety of the Claims will be Tenant Cure Claims and the Debtors will not be required to increase the distributions to the Tenants.  As such they are not prejudiced at all by reinstatement.

*[Remainder of Page Intentionally Left Blank]*

- 21 -

## Conclusion

WHEREFORE, for the foregoing reasons, the Tenants request this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the motion and such other and further relief as the Court may deem just and proper.

Dated:  June 13, 2022                    Respectfully submitted,

/s/ *Joseph A. Shifer*
Robert T. Schmidt
Joseph A. Shifer
Rose Hill Bagley
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: rschmidt@kramerlevin.com
        jshifer@kramerlevin.com
        rbagley@kramerlevin.com


Yesenia M. Godoy
THE LEGAL AID SOCIETY
HOUSING JUSTICE UNIT
2090 Adam Clayton Powell Jr. Blvd, 3rd Floor
New York, NY 10027
Telephone: (212) 436-3008
Email: YGodoy@legal-aid.org

*Attorneys for the Tenants*

KL2 3282446.11

### Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                :
In re:                                                          :    Chapter 11
                                                                :
203 W 107 STREET LLC, *et al.*,                                 :    Case No. 20-12960 (LGB)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
------------------------------------------------------------------ X

### ORDER GRANTING MOTION OF THE TENANTS (I) RECONSIDERING THE ORDER SUSTAINING THE DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS AS TO THE TENANTS, (II) DEEMING THE TENANTS' CLAIMS TIMELY FILED, AND (III) GRANTING RELATED RELIEF

Upon the *Motion of the Motion of the Tenants for Entry of an Order (I) Reconsidering the Order Sustaining the Debtors' First Omnibus Objection to Claims as to the Tenants, (II) Deeming the Tenants' Claims Timely Filed, and (III) Granting Related Relief* (the "**Motion**")[1] seeking reconsideration of this Court's *Order Granting Debtors' Omnibus Claim Objection to Proofs of Claim (Insufficient Documentation and Late Filed Claims)* as to the Tenants (the "**Claims Order**"), and deeming the proofs of claim filed by the Tenants as timely pursuant to sections 105(a) and 502(j) of the Bankruptcy Code, Federal Rule 60(b), Bankruptcy Rules 3008, 9006(b), and 9024, and Local Rule 3008-1; and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and this Court having found venue of these Chapter 11 Cases and this Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having held a hearing on [●], 2022; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      The Court hereby reconsiders the Claims Order pursuant to section 502(j) of the

Bankruptcy Code with respect to the disallowance of the Tenants' Claims (Claim Nos. 3-11, Case

no. 20-12973-lgb).

3.      The Claims Order is hereby vacated and the Tenants' Claims are hereby reinstated

and deemed timely filed.

4.      The Court shall retain exclusive jurisdiction with respect to all matters arising from

or related to the implementation of this order.

## Exhibit B

**Godoy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
                                              :

In re:                                       :      Chapter 11
                                              :

203 W 107 STREET LLC, *et al.*,        :      Case No. 20-12960 (LGB)
                                                :

                 Debtors.            :      (Jointly Administered)
                                                    :

-------------------------------------------------------------------- X

### DECLARATION OF YESENIA M. GODOY IN SUPPORT OF TENANTS' MOTION FOR ENTRY OF AN ORDER (I) RECONSIDERING THE ORDER SUSTAINING THE DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS AS TO THE TENANTS, (II) DEEMING THE TENANTS' CLAIMS TIMELY FILED, AND (III) GRANTING RELATED RELIEF

        I, Yesenia M. Godoy, being fully sworn, hereby declare the following is true to the best of my knowledge, information and belief:

        1.       I am an attorney in the Housing Justice Unit of the Legal Aid Society. I have been employed by the Legal Aid Society since September 2016. I submit this declaration (this "**Declaration**") in support of the *Motion for Entry of an Order (I) Reconsidering the Order Sustaining the Debtors' First Omnibus Objection to Claims as to the Tenants, (II) Deeming the Tenants' Claims Timely Filed, and (III) Granting Related Relief* (the "**Motion**").[1] I represent the Tenants of the East 117 Realty LLC Debtor in the Pre-Petition Litigation and I am familiar with the facts and circumstances of the Tenants' Claims.

        2.       On July 26, 2019, the Tenants filed an Emergency HP action, attached hereto as Exhibit 1, in the Housing Part of the Civil Court of the City of New York (the "**Housing Court**") against Debtor, East 117 Realty, LLC, among others, referred to in the Motion as the "Pre-Petition Litigation". The Pre-Petition Litigation asserts claims for the payment of civil penalties, an

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

abatement of rent and damages for, among other things, the Debtors' failure to correct 134 housing code violations issued by HPD, 114 of which were classified as constituting a fire hazard or a serious threat to the life, health or safety of the occupants in the 27-unit building. *See* Ex. 1. The Pre-Petition Litigation also asserts claims for harassment under N.Y. R.P.L §§ 235-b, 235-A(2) and N.Y.C. Admin. Code § 27-7115(o). Many of these conditions have continued post-petition, leading to additional building code violations as recently as May 30, 2022, when Con Edison shut off the gas supply from a defective stove/range. *See conEdison "Red Tag"*, dated May 31, 2022, attached hereto as <u>Exhibit 2</u>.

3.     Before the filing of the currently-pending Pre-Petition Litigation, Debtor East 117 Realty, LLC filed suits against two Tenants, Elvira Caballero and Sandra Janet Torres. On October 28, 2019, I filed amended answers (attached hereto as <u>Exhibit 3</u> and <u>Exhibit 4</u>) for Ms. Caballero and Ms. Torres in those actions. Both amended answers assert overcharge as one of several counterclaims. *See* Ex. 3 at 5; Ex. 4 at 4-5. During our last appearance before the Housing Court in February 2020, I made an oral application seeking consolidation of these two proceedings with the Pre-Petition Litigation brought by the Tenants, as well as two active proceedings brought by HPD before the Housing Court against Debtor, East 117 Realty, LLC for, among other things, failure to comply with a consent order to restore gas (Index No. LT-210558-18/HA) and failure to provide hot water (Index No. LT-200166-19/HA). A trial was scheduled to begin in March 2020 but was adjourned indefinitely due to the COVID-19 pandemic. In December 2020, the Debtors filed these Chapter 11 Cases, thereby staying the Pre-Petition Litigation.

4.     Around February 2021, I was informed that proofs of claim needed to be filed in these Chapter 11 Cases through conversations with representatives of HPD. I then researched filing proofs of claim in bankruptcy cases and downloaded the official form for proofs of claim

from the Bankruptcy Court's website. I got in touch with the Tenants regarding filing proofs of claim and obtained their approval. After filling out the form for each of the Tenants, I had to become familiar with the electronic filing system and obtained all the information needed to file the Claims, including Debtor East 117 Realty LLC's tax identification number. I completed filing the Claims at around 12:35 am (ET) on March 3, 2021. The Claims are each in the amount of $50,000, which represents an approximate value of the Pre-Petition Litigation.

5.     Around December 2021, I was contacted by an attorney from the law firm Horing Welikson Rosen and Digrugilliers PC, seeking documentation to support the Claims. I directed the attorney to the verified petition in the Pre-Petition Litigation. The same attorney reached out to me later in January 2022 with a proposed settlement of the Claims. Shortly thereafter, I was informed by an attorney representing other, similarly situated tenants in these Chapter 11 Cases that they had reached a settlement with superior terms. I spoke to the Tenants about the proposed settlement and the settlement with other tenants, and was directed to negotiate with Debtors' counsel. I then asked Debtors' counsel for the rent ledgers for each of the Tenants, which I received approximately 2 weeks later, on February 7, 2022.

6.     I met with each of the Tenants to discuss the rent ledgers I received from Debtors' counsel. The rent ledgers covered a period of approximately five years and, after discussing with the Tenants, I found that each rent ledger provided gross miscalculations and rendered them essentially useless. Examples include, ledgers missing entries for monies paid by the Tenant or rental subsidies paid by HRA. Another ledger did not reflect a $0 balance as stipulated to settle a nonpayment case where Tenant was also represented by The Legal Aid Society. At a meet-and-confer on and around March 7, 2022, I asked Debtors' counsel for a settlement on the same terms as was given to the other group of tenants. Debtors' counsel responded that she would discuss

with her clients and would be back in touch.  No other communication was received by Debtors' counsel.

7.      On approximately April 5, 2022, I reached back out to counsel for the other group of tenants to discuss the settlement they reached with the Debtors.  At this point, I was informed that an objection to the Tenants' Claims had been filed.  I immediately went on the Bankruptcy Court's website to obtain a copy of the Claim Objection and, after doing so, reviewed the pleading. In the following days, I began looking for pro bono bankruptcy counsel and spoke to the Tenants regarding the Claim Objection.  I also began preparing for the hearing on the Claim Objection, which had been scheduled for Friday, April 29, 2022.

8.      On Monday, April 25, I reached out to Debtors' bankruptcy counsel having been unable to obtain pro bono bankruptcy counsel at that point and left a voicemail asking for him to return my call.  I intended to ask Debtors' counsel for an adjournment of the hearing.  This is a common practice in Housing Court and would also push back the deadline to respond to a motion. On the following day, Tuesday, April 26, Debtors' bankruptcy counsel informed me that he filed a certification indicating that no responsive pleadings had been filed in response to the Claim Objection and that the Bankruptcy Court entered an order expunging the Tenants' Claims.  Later that day, I spoke to attorneys at Kramer Levin Naftalis & Frankel LLP who indicated that they could be retained pro bono as counsel to the Tenants.

9.      At no point did I receive notice of the Bar Date Orders or the Claim Objection. Since March 2020, all Legal Aid attorneys have been working remotely, and documents mailed to Legal Aid's offices are rarely brought by courier to the handling attorneys' remote working location.  At no point were the Bar Date Orders or the Claim Objection included in any package sent to me from the Legal Aid office.

Dated:  June 13, 2022                    Respectfully submitted,

                                         /s/ *Yesenia M. Godoy*
                                         Yesenia M. Godoy
                                         THE LEGAL AID SOCIETY
                                         HOUSING JUSTICE UNIT
                                         2090 Adam Clayton Powell Jr. Blvd, 3rd Floor
                                         New York, NY 10027
                                         Telephone: (212) 436-3008
                                         Email:  YGodoy@legal-aid.org

                                         *Attorney for the Tenants*

## Exhibit 1

**Pre-Petition Litigation**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART U
-----------------------------------------------------------------------X
TENANTS OF 322 EAST 117TH ST.

                       Petitioners-Tenants,            Index No. HP

                                     200173/19

      -against-

EAST 117 REALTY, LLC, OWNER                 **ORDER TO SHOW CAUSE**
MILLER PESACH, HEAD OFFICER & MANAGING AGENT,
YEHUDA RUZORSKY, BUILDING MANAGER       Premises Apts. 3, 5, 6, 10, 12, 16,
PONCIANO RAMIREZ, SUPERINTENDENT       21, 25, 28
                        Respondents-Landlord,
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT OF THE CITY OF NEW YORK ("HPD") and
DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK
                  Co-Respondents.
-----------------------------------------------------------------------X

      **UPON** the annexed Verified Petition of the above-named Petitioners, sworn to on the

15th day of July, 2019 and upon all the annexed papers, and good cause having been shown, it is

hereby

      **ORDERED** that EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA

RUZORSKY, PONCIANO RAMIREZ, the DEPARTMENT OF HOUSING PRESERVATION

AND DEVELOPMENT ("HPD")  and the DEPARTMENT OF BUILDINGS ("DOB") are

directed to appear before this Court and show cause before the Housing Part of the Civil Court of

the City of New York, Part U, Room 308 at the Harlem Community Justice Center

Courthouse at 170 East 121 Street, New York, New York, 10035, on the 12th day of August, 2019

at 9:30 a.m. or as soon thereafter as counsel may be heard, WHY an Order should not be made:

      (1) Directing Respondents EAST 117 REALTY, LLC, MILLER PESACH,

YEHUDA RUZORSKY, and PONCIANO RAMIREZ, to correct the conditions described in

**Exhibit A, Exhibit B and Exhibit C** of the annexed verified Petition; any current violations of

record of the Housing Maintenance Code, Multiple Dwelling Law, Building Code and other laws and regulations that exist in Petitioners' apartments and in the public areas of the building; and any other conditions that constitute violations of the above-mentioned laws and regulations, within the time provided by Section 27-2115(c) of the Administrative Code of the City of New York or be subject to the civil penalties provided for by Section 27-2115 of said Code; and

(2) Enjoining Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ from permitting said violations to exist and from permitting any future conditions to exist which endanger the life, health, and safety of Petitioners and their families; and

(3) Imposing civil penalties on Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ pursuant to Section 27-2115 of the Administrative Code of the City of New York, based upon the failure to correct violations heretofore contained in notices of violations issued by the Department of Housing Preservation and Development within the time required by law, and entering a judgment against Respondent for the maximum amount of civil penalties imposed by the Court; and

(4) Declaring that Respondents' actions described in Exhibit A, B, and C constitute harassment as defined under New York City Administrative Code ("NYC Admin. Code") § 27-2004(48), and declaring that Respondents' conduct is in violation of NYC Admin. Code § 27-2005(d); and

(5) Declaring that Class C violations existed at the time the harassment occurred; and

(6) Ordering a permanent injunction restraining Respondent, EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, PONCIANO RAMIREZ and/or

their agents from engaging in the harassment of Petitioners, violating NYC Admin. Code § 27-2005(d), and ensuring that no further violation of the aforementioned section occurs, in accordance with § 27-2121 of the NYC Admin. Code; and

(7) Directing Respondents to pay Petitioners' costs, disbursements and attorney fees for this action; and

(8) Awarding compensatory damages, or at the election of each Petitioner, $1,000 for the harassment they have endured; and

(9) Requiring Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ to pay civil penalties to the HPD of no less than $1,000 nor more than $10,000 for each apartment in which harassment was found to exist; and

(10) Providing such other and further relief as the Court may deem just and proper.

**SUFFICIENT CAUSE APPEARING IT IS FURTHER ORDERED** that a copy of this Order and the supporting papers shall be served upon each Respondent, and such service shall be deemed good and sufficient if made on or before the 30th of July, 2019, by certified mail with return receipt requested, and if the owner or managing agent is registered with the Department of Housing Preservation and Development, such certified mailing may be made to the address so registered. Mailing to the Department of Housing Preservation and Development shall be made to the Housing Litigation Bureau, 100 Gold Street, New York, New York 10038. Mailing to the Department of Buildings shall be made to 280 Broadway, New York, NY 10007.

DATED: New York, New York
July 26, 2019

JUDGE OF THE HOUSING COURT

HON. TA-TANISHA JAMES

Scanned by CamScanner

TO:    East 117 Realty, LLC                    Miller Pesach,
          POB 967                                114 John Street, # 967
          New York, NY 10272               New York, NY 10038

          Yehuda Ruzorsky                   HPD
          312 East 106 Street                100 Gold Street
          New York, NY 10029               New York, New York 10038

          Ponciano Ramirez                 NYC DOB
          322 East 117 Street, Apt. 2          280 Broadway
          New York, New York 10035         New York, NY 10007

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK:  PART U
-----------------------------------------------------------------------X
TENANTS OF 322 EAST 117TH ST.,

                              Petitioner-Tenants,                        Index No. HP

       -against-

EAST 117 REALTY, LLC, OWNER                                **VERIFIED PETITION**
MILLER PESACH, HEAD OFFICER & MANAGING AGENT,
YEHUDA RUZORSKY, BUILDING MANAGER            Premises: Apts. 3, 5, 6, 10,
PONCIANO RAMIREZ, SUPERINTENDENT            12, 16, 21, 25, 28
                             Respondents-Landlord,
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT  OF THE CITY OF NEW YORK ("HPD") and
DEPARTMENT OF BUILDINGS OF THE CITY OF NEW
YORK
                             Co-Respondents.
-----------------------------------------------------------------------X

STATE OF NEW YORK   }
                       }ss:
COUNTY OF NEW YORK}

        The undersigned Petitioners, by their attorneys The Legal Aid Society, YESENIA

M. GODOY, Esq., of Counsel, respectfully allege the following:

        1.  Petitioners are Tenants of 322 EAST 117th Street, New York, New York

10035 (hereinafter "Subject Premises").

        2.  The Subject Premises is a multiple dwelling building with six floors and 27

class A apartment units.

        3.  Upon information and belief, the Respondents listed below are persons

directly or indirectly in control of the subject premises and hold the position indicated next to

his/her/its name:

        East 117 Realty, LLC, Deed Owner
        Miller Pesach, Head Officer and Managing Agent of the Subject Premises,
        Yehuda Ruzorsky, Building Manager
        Ponciano Ramirez, Superintendent of the Subject Premises

4.    Respondent Department of Housing Preservation and Development of the City of New York ("HPD") is an agency of the City of New York, a municipal corporation, and is named as a Co-Respondent pursuant to the requirements of Housing Maintenance Code § 27-2115.

5.    Respondent Department of Buildings of the City of New York ("DOB") is an agency of the City of New York, a municipal corporation, and is named as Co-Respondent herein.

6.    Upon information and belief, there are many conditions in Petitioners' apartments and in the public areas of the subject premises that are dangerous to the health and safety of the tenants and which constitute violations of the Housing Maintenance Code, Building Code and other laws that regulate housing standards.  Those conditions include, but are not limited to, those described in **Exhibit A**, annexed hereto and made a part hereof.

7.    Upon information and belief, there are also no less than 134 outstanding violations of record of the Housing Maintenance Code in Petitioners' apartments and in the public areas of the buildings that have not been corrected.  The most recent printouts, as of the filing date of this petition, of violations of record issued by the Department of Housing Preservation and Development are annexed hereto as **Exhibit B**. Notice of each violation was sent to the owners or to their predecessors-in-interest as provided in Section 27-2115(b) of the Administrative Code of the City of New York.

8.    In total, HPD has issued 60 class C violations, 54 class B violations, 20 class A violations at the subject premises.

9.    The number of conditions in need of correction in Petitioners' apartments and in the public spaces of the Subject Premises are not limited to those recorded by HPD.  *See*

**Exhibit A.**

10. Upon information and belief, there has been no less than 77 work orders charged to the subject premises for violations of record issued by the Department of Buildings of the City of New York which are annexed hereto as **Exhibit C**.

11. Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ have been repeatedly notified of these conditions and many have been officially recorded as violations of record.

12. Petitioners have been willing and available to have the conditions in their respective apartments and the common areas of the building repaired.  Access has been freely and liberally available.

13. Despite this, the conditions in Petitioners' apartments and the common areas of the building remain unabated.

14. Respondents have failed to repair Petitioners' apartments or the public areas of the building.

15. Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ , or persons on their behalf have also violated Sections 27-2004 and 27-2005(d) of the NYC Administrative Code by subjecting Petitioners to acts of harassment, intimidation, and/or abuse intended to cause Petitioners to move out of their apartments or give up or waive their rights regarding their apartments and tenancies.

16. The acts of harassment, intimidation and/or abuse by Respondents or persons on Respondents' behalf, include but are not limited to:

- Failure or refusal to provide essential services, i.e. cooking gas for an extended period of time;
- Failure or refusal to answer repeated requests to make repairs;
- Performing loud construction in and around subject premises outside business hours,

specifically in the early morning;
- demanding access to petitioners' apartments with insufficient notice;
- failure to provide adequate and consistent essential services including heat and hot water;
- performing repair work in unworkmanlike manner, i.e., leaving work area dirty with debris and dust for extended periods of time;
- failing to respond to, and/or taking an unreasonably long time to respond to Petitioners' complaints regarding repairs and safety concerns at the subject premises;
- willfully taking an excessively and unreasonably long time to perform and complete repairs at Petitioners' apartments;
- other acts or omissions that deprived Petitioners of the quiet enjoyment of their apartments;

17.  There has been no prior application for the relief requested in this application in housing court.

18. Lastly, undersigned counsel, speaks both English and Spanish fluently and translated the within Order to Show Cause, Verified Petition, and Verification into Spanish for all Petitioners at a meeting held at The Legal Aid Society, 2090 Adam Clayton Powell Jr. Blvd., 3rd Floor, New York, NY 10027 at 6:00pm on July 15, 2019.

19. Petitioners indicated that they understood the content of the documents and that the statements therein were true to the best of their knowledge.

**WHEREFORE**, Petitioners respectfully request that the Court enter an order pursuant to Housing Maintenance Code § 27-2115 and Civil Court Act §203:

(1)   Directing Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ, to correct the conditions described in **Exhibit A, Exhibit B and Exhibit C** of the annexed verified Petition; any current violations of record of the Housing Maintenance Code, Multiple Dwelling Law, Building Code and other laws and regulations that exist in Petitioners' apartments and in the public areas of the building; and any other conditions that constitute violations of the above-mentioned laws and regulations,

within the time provided by Section 27-2115(c) of the Administrative Code of the City of New York or be subject to the civil penalties provided for by Section 27-2115 of said Code; and

(2) Enjoining Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ from permitting said violations to exist and from permitting any future conditions to exist which endanger the life, health, and safety of Petitioners and their families; and

(3) Imposing civil penalties on Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ pursuant to Section 27-2115 of the Administrative Code of the City of New York, based upon the failure to correct violations heretofore contained in notices of violations issued by the Department of Housing Preservation and Development within the time required by law, and entering a judgment against Respondent for the maximum amount of civil penalties imposed by the Court; and

(4) Declaring that Respondents' actions described in Exhibit A, B, and C constitute harassment as defined under New York City Administrative Code ("NYC Admin. Code") § 27-2004(48), and declaring that Respondents' conduct is in violation of NYC Admin. Code § 27-2005(d); and

(5) Declaring that Class C violations existed at the time the harassment occurred; and

(6) Ordering a permanent injunction restraining Respondent, EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, PONCIANO RAMIREZ and/or their agents from engaging in the harassment of Petitioners, violating NYC Admin. Code § 27-2005(d), and ensuring that no further violation of the aforementioned section occurs, in accordance with § 27-2121 of the NYC Admin. Code; and

(7) Directing Respondents to pay Petitioners' costs, disbursements and attorney fees for this action; and

(8) Awarding compensatory damages, or at the election of each Petitioner, $1,000 for the harassment they have endured; and

(9) Requiring Respondents EAST 117 REALTY, LLC, MILLER PESACH, YEHUDA RUZORSKY, and PONCIANO RAMIREZ to pay civil penalties to the HPD of no less than $1,000 nor more than $10,000 for each apartment in which harassment was found to exist; and

(10) Providing such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 26, 2019

Respectfully submitted,
THE LEGAL AID SOCIETY

Janet Sabel, Attorney-in-Chief
HARLEM COMMUNITY LAW OFFICE
2090 Adam Clayton Powell Jr. Blvd., 3rd Floor
New York, New York 10027
Tel.: (212) 426-3008
E-mail: YGodoy@Legal-Aid.org
By: Yesenia M. Godoy, Of Counsel
*Attorneys for Petitioners-Tenant*

## VERIFICATION

STATE OF NEW YORK    )
                                        ) :ss
COUNTY OF NEW YORK)

The **Tenants of 322 East 117th Street,** being duly sworn, depose and say that we are the

Petitioners in this matter and live in the apartments stated on the following pages, and that we

have read, or have had read to us, the contents of the foregoing Petition, and that the information

stated therein is true to our own knowledge except as to those matters stated to be alleged upon

information and belief, and as to those matters we believe the information to be true.

Leticia Fernandez Gonzalez
Apt. 10

INes. Veliz·12

JOSE ENCALADA#3

Eluira AMASCIo #28

Victoria Lopez #6

Sandra J Pmeio T. #21

Mario Alejandrez #5

Jose M Sanchez # 25

Delfino Martinez #16

Salomon Perez #28

Sworn to before me this
15 day of July, 2019

_____
NOTARY PUBLIC

YESENIA M. GODOY
NOTARY
NO. 02GO6346552
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
08-15-2020
PUBLIC
STATE OF NEW YORK

## VERIFICATION

X Patricia Gonzalez
#10

_____

_____

_____

_____

_____

_____

_____

Sworn to before me this
15 day of July , 2019

NOTARY PUBLIC



YESENIA M. GODOY
NOTARY
NO. 02GO6346552
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
08-15-2020
PUBLIC
STATE OF NEW YORK

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART U
------------------------------------------------------------------------X
TENANTS OF 322 EAST 117TH ST.,

                     Petitioner-Tenants,                    Index No. HP

     -against-

EAST 117 REALTY, LLC, OWNER
MILLER PESACH, HEAD OFFICER & MANAGING AGENT,       **AFFIDAVIT**
YEHUDA RUZORSKY, BUILDING MANAGER               **OF TRANSLATION**
PONCIANO RAMIREZ, SUPERINTENDENT
                            Respondents-Landlord,
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT  OF THE CITY OF NEW YORK ("HPD")
                         Co-Respondents.
------------------------------------------------------------------------X

State of New York    )
                 ) ss.:
County of New York )

I, Yesenia M. Godoy, being duly sworn, depose and say:

1.      I speak both English and Spanish fluently.

2.      I translated the within Order to Show Cause, Verified Petition, and Verification into

Spanish for all Petitioners at the meeting held at The Legal Aid Society, 2090 Adam Clayton

Powell Jr. Blvd., 3rd Floor, New York, NY 10027 at 6:00pm on July 15, 2019, and they indicated

that they understood the content of the documents and that the statements therein were true to the

best of their knowledge.

Sworn to before me this
26 day of July, 2019

                                      Yesenia M. Godoy

_____
NOTARY PUBLIC



KENSING NG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01 02NG635058
Qualified in  New York County
Commission Expires November 14, 2020

## <u>Repair List TA</u>

<u>Public Area</u>
- **NO GAS OVER A YEAR**
- Bell/buzzer/intercom does not work
- Garbage in hallways and stairways
- Garbage in basement
- Garbage in front of building
- Hallways need painting
- Hallways always dirty
- Holes in walls
- Sidewalk cracked
- No superintendent
- Inadequate lighting in hallways and stairways
- Inadequate lighting in basement
- Entrance door broken/defective
- Entrance door not self closing
- Entrance door lock broken/missing
- Hallways and stairwells dirty
- Loose/broken/missing steps in stairs
- Rats/mice/roaches throughout building
- Stoop/steps in front of building broken/defective
- Plaster falling
- Roof door does not close from inside
- Ceiling leaks



1. **Apartment 5- Mario Alejandier**

General

- No gas for 10 months as of January 5, 2019

2. **Apartment 6 – Victoria Lopez**

General
-   Rats/mice/roaches throughout apartment
-   Floor warped/uneven
-   No hot water
-   Needs painting, last painted 2017
-   Cracks in walls/ceilings
-   Apartment door/door frame broken
-   Apartment door lock defective/missing
-   Apartment door not self closing

Bedroom(s)
-   Floors broken or warped
-   Radiator leaking/defective
-   Walls cracked/bulging
-   Window glass cracked/broken
-   Windows defective
-   Outlets defective
-   Ceiling leaks

Kitchen
-   Pipes leak
-   Ceiling leaks
-   Drain stoppage
-   Inadequate water pressure
-   Faucets defective
-   Window glass cracked/broken
-   Refrigerator and stove defective
-   Floors warped/broken
-   Gas

Bathroom
-   Inadequate water pressure
-   Floor tiles broken/missing
-   Wall tiles broken/missing
-   Door broken/defective
-   Electrical wiring exposed

Living Room
-   Floors broken/warped
-   Outlets defective

4. **<u>Apartment 12 – Ines Veliz</u>**

<u>1 Bedroom</u>

- Light fixture
- Ceiling is falling from one side of the room

<u>Bathroom</u>
- Door broken
- Door frame is broken, does not fully cover gap

6. **Apartment 16 – Delfino Martinez**

General
- Roaches
- Floors warped/broken
- No hot water
- Apartment needs painting
- Cracks in walls/ceilings

Bedroom(s)
- Walls cracked/bulging
- Windows defective
- Outlets defective
- Plaster falling

Kitchen
- Walls cracked/bulging
- Faucets defective
- Outlets defective
- Refrigerator defective
- Stove defective
- Floors warped/broken

Bathroom
- Pipes/fixtures leak
- Ceiling falling
- Walls cracks/bulging
- Toilet obstructed
- Inadequate water pressure
- Wall tiles broken/missing

Living Room
- Outlets defective
- Walls cracked/bulging

### 7. <u>Apartment 21 – Sandra Amaro</u>

<u>General</u>
- Bell/buzzer/intercom does not work
- Roaches/rats throughout
- Floors broken/warped
- Inadequate heat
- Electrical wiring exposed throughout

<u>Bedroom(s)</u>
- Ceiling falling
- Floors warped/broken
- Radiator leaks
- Walls cracked/bulging
- Windows defective
- Outlets defective
- Plaster falling

<u>Kitchen</u>
- Walls cracked/bulging
- Outlets/light fixtures defective
- Refrigerator defective
- Floors warped/broken
- Gas

<u>Bathroom</u>
- Inadequate water pressure
- Wall tiles broken/missing
- Door/door frame defective
- Mold

<u>Living Room</u>
- Holes in walls
- Floors broken/warped
- Windows defective
- Outlets/light fixtures defective
- Walls cracked/bulging
- Plaster falling
- Radiators/steam pipes leak

### 10. **Apartment 28 – Elvira Anastacio**

General
- Rats/mice/roaches throughout apartment
- Bell/buzzer/intercom does not work
- Floors warped/broken
- No hot water

Bedroom(s)
- Ceiling falling
- Floors warped/broken
- Walls cracked/bulging
- Windows defective
- Outlets defective
- Plaster falling

Kitchen
- Pipes leak
- Faucets defective
- Inadequate water pressure

Bathroom
- Pipes/fixtures leak
- Plaster falling
- Flushometer defective/broken
- Inadequate water pressure
- Window defective
- Light/light socket defective
- Floor tiles broken/missing

7/12/2019
050919

HPD Building, Registration & Violation    Services [--- Select --- ▼]    Home

**The selected address: 322 EAST 117 STREET, Manhattan 10035**

This building has filed records with the New York State Division of Housing and Community Renewal at least one time from 1993 to the present year and may contain one or more regulated apartments.

This building is in the CONH Pilot Program.

| HPD# | Range | Block | Lot | CD | CensusTract | Stories | A Units | B Units | Ownership | Registration# | Class |
|------|-------|-------|-----|-----|-------------|---------|---------|---------|-----------|---------------|-------|
| 19869 Active | 320-322 | 01688 | 0042 | 11 | 18800 | 6 | 27 | 0 | PVT | 106397 | B |

Other Units

Property Owner Registration Information

Charges

Complaint Status

Complaint History

Litigation/Case Status

Tenant Harassment Report

All Open Violations

prior year Open Viol.'s

Ecertification

Overdue Lead Paint Viol. Correction

Vacate Orders

I-Card Images

PROS Online

Bed Bugs

Map

### Building Registration Summary Report

Find Apartment# [          ]    [ Clear ]    [ Search ]

| Owner | Last Reg Dt Reg Expire Dt | Organization | Last Nm | First Nm | House No | Street Nm | Apt | City | State | Zip |
|-------|---------------------------|--------------|---------|----------|----------|-----------|-----|------|-------|-----|
| Head Officer | 01/15/2019 09/01/2019 | | MILLER | PESACH | 114 | JOHN STREET | 967 | New York | NY | 10038 |
| Corporation | 01/15/2019 09/01/2019 | EAST 117TH REALTY LLC | | | 114 | JOHN STREET | 967 | New York | NY | 10038 |
| Managing Agent | 01/15/2019 09/01/2019 | | MILLER | PESACH | 114 | JOHN STREET | 967 | New York | NY | 10038 |

**Open Violations - ALL DATES**
**There are 134 Violations. Arranged by category:  A class: 20   B class: 54   C class: 60   I class: 0**

**For Definitions of the columns indicated below, select glossary under the Services option (located at the upper right).**

**To sort the columns, click on their underlined headers below in the blue area.**

| Apt Story | Reported Date, nov ISSUED Date | Hzrd Class | Order no | Violation ID, NOV ID, NOV Type | Violation Description | Status Status Date | Certify By Date Actual Cert. Date |
|-----------|-------------------------------|------------|----------|-------------------------------|----------------------|--------------------|-----------------------------------|
| 10 3 | 2019/06/03 2019/07/03 | A | 556 | 13152795 6529114 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the east wall in the foyer located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/07/03 | 2019/10/20 |
| 10 3 | 2019/06/03 2019/07/03 | A | 556 | 13152797 6529114 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the ceiling in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/07/03 | 2019/10/20 |
| 10 3 | 2019/06/03 2019/07/03 | A | 556 | 13152799 6529114 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the east wall in the 1st room from north at east located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/07/03 | 2019/10/20 |
| 10 3 | 2019/06/03 2019/07/03 | A | 556 | 13152801 6529114 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the ceiling in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/07/03 | 2019/10/20 |
| 6 2 | 2019/06/21 2019/06/25 | C | 672 | 13136665 6520584 Original | § 27-2033 adm code provide ready access to buildings heating system at bathment in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | CIV14 MAILED 2019/06/27 | 2019/07/08 2019/06/26 |
| | 2019/06/17 2019/06/19 | B | 539 | | § 27-2005, 2007 adm code and dept. rules and regulations. remove the encumbrance | NOV SENT 2019/08/07 | |

7/12/2019

Ex B

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Fire Escape | | | | 13128293 6515076 Original | obstructing egress from fire escapes air conditioner protruding beyond window sill at 2nd story balcony, front stack | | |
| 6 2 | 2019/06/15 2019/06/18 | C | 790 | 13126095 6513984 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 0; wg to replace = 0; wg to repair = 1; a/c unit installed at window improperly secured in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/06/18 | 2019/07/21 |
| 10 3 | 2019/06/03 2019/06/10 | C | 616 | 13110915 6505172 Original | § 27-2056.6 adm code - correct the lead-based paint hazard - presumed lead paint that is peeling or on a deteriorated subsurface using work practices set forth in 28 rcny §11-06(b)(2) west wall in the 1st room from north at west located at apt 10, 3rd story, 1st apartment from west at north | POSTP GRANT 2019/06/26 | 2019/07/13 |
| 10 3 | 2019/06/03 2019/06/05 | C | 790 | 13103104 6501246 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 2; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/06/05 | 2019/07/08 |
| 10 3 | 2019/06/03 2019/06/05 | C | 569 | 13103108 6501248 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of mice in the entire apartment located at apt 10, 3rd story, 1st apartment from west at north | NOI SENT 2019/06/05 | 2019/07/01 |
| 10 3 | 2019/06/03 2019/06/05 | B | 550 | 13103116 6501247 Original | § 27-2017.3 hmc: trace and repair the source and abate the visible mold condition... at ceiling and all walls approx 20 sq.ft in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOI SENT 2019/06/05 | 2019/07/24 |
| 25 6 | 2019/06/03 2019/06/05 | C | 790 | 13103325 6501249 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 3; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/06/05 | 2019/07/08 |
| 6 2 | 2019/05/28 2019/06/03 | B | 501 | 13093421 6499116 Original | § 27-2005 adm code properly repair the broken or defective spring balance lower sash at first window from north at east in the 1st room from north located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/06/03 | 2019/07/22 |
| 6 2 | 2019/05/28 2019/06/03 | C | 510 | 13093422 6499117 Original | § 27-2005 adm code & 309 m/d law abate the nuisance consisting of uncaped gas pipe at east wall at foyer in the foyer located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/06/03 | 2019/06/16 |
| 6 2 | 2019/05/28 2019/06/03 | B | 702 | 13093423 6499116 Original | § 27-2045 adm code repair or replace the smoke detector defective in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | CIV14 MAILED 2019/06/27 | 2019/07/22 2019/06/26 |
| 6 2 | 2019/05/28 2019/06/03 | B | 1503 | 13093424 6499116 Original | § 27-2046.1 hmc: repair or replace the carbon monoxide detecting device(s). defective in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | CIV14 MAILED 2019/06/27 | 2019/07/22 2019/06/26 |
| 6 2 | 2019/05/28 2019/06/03 | C | 568 | 13093425 6499119 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of roaches in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOI SENT 2019/06/03 | 2019/06/29 |
| 6 2 | 2019/05/28 2019/06/03 | C | 790 | 13093426 6499118 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 1; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/06/03 | 2019/07/06 |
| 11 2 | 2019/05/26 2019/05/31 | B | 550 | 13091379 6496716 Original | § 27-2017.3 hmc: trace and repair the source and abate the visible mold condition... 15 sq ft at ceiling in the bathroom located at apt 11, 2nd story, 1st apartment from west at north | NOI SENT 2019/05/31 | 2019/07/19 |
| All Stories | 2019/05/26 2019/05/31 | B | 508 | 13091385 6496715 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a | NOV CERT 2019/06/26 | 2019/07/19 2019/06/26 |

| | | | | | uniform color all public stairs walls all stories at public hall stairs | | |
|---|---|---|---|---|---|---|---|
| 11 2 | 2019/05/26 2019/05/31 | B | 508 | 13094435 6496715 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling in the bathroom located at apt 11, 2nd story, 1st apartment from west at north | NOV SENT 2019/05/31 | 2019/07/19 |
| 6 2 | 2019/05/28 2019/05/30 | C | 742 * | 13093427 6495391 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at stove in the kitchen located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/30 | 2019/06/12 |
| 6 2 | 2019/05/28 2019/05/30 | B | 502 | 13093428 6495390 Original | § 27-2005 adm code properly repair with similar material the broken or defective ceramic floor tiles in the bathroom located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/30 | 2019/07/18 |
| 6 2 | 2019/05/28 2019/05/30 | B | 505 | 13093429 6495390 Original | § 27-2005 adm code replace with new the broken or defective door in the bathroom located at apt 6, 2nd story, 1st apartment from north at east | OPEN 2019/07/10 | 2019/07/18 2019/06/26 |
| 11 2 | 2019/05/26 2019/05/29 | B | 508 | 13091328 6494331 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling in the bathroom located at apt 11, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/29 | 2019/07/17 |
| 11 2 | 2019/05/26 2019/05/29 | B | 649 * | 13091354 6494331 Original | § 27-2026 adm code remove all obstructions and repair all defects in wast line at bathtub in the bathroom located at apt 11, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/29 | 2019/07/17 |
| 11 2 | 2019/05/26 2019/05/29 | B | 579 | 13091359 6494331 Original | § 27-2026 adm code repair the leaky and/or defective faucets at bathtub in the bathroom located at apt 11, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/29 | 2019/07/17 |
| 10 3 | 2019/05/13 2019/05/14 | C | 742 * | 13067729 6479769 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/05/14 | 2019/05/27 |
| 16 4 | 2019/05/08 2019/05/13 | A | 550 | 13059633 6478836 Original | § 27-2017.3 hmc: trace and repair the source and abate the visible mold condition... at east wall (approx. 4 sq. ft.) in the bathroom located at apt 16, 4th story, 1st apartment from north at east | NOI SENT 2019/05/13 | 2019/08/30 |
| 16 4 | 2019/05/08 2019/05/13 | B | 521 | 13059634 6478834 Original | § 27-2005, 2007 adm code fire egress defective. remove obstructing bars or unlawful gates from window to fire escape or provide approved type gate remove air conditioner obstructing egress in the 2nd room from north located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/07/01 |
| 16 4 | 2019/05/08 2019/05/13 | C | 790 | 13059635 6478835 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 0; wg to replace = 2; wg to repair = 0; in the entire apartment located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/06/15 |
| 16 4 | 2019/05/08 2019/05/13 | B | 1503 | 13059636 6478834 Original | § 27-2046.1 hmc: repair or replace the carbon monoxide detecting device(s). missing at bedroom in the entire apartment located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/07/01 |
| 16 4 | 2019/05/08 2019/05/13 | B | 702 | 13059637 6478834 Original | § 27-2045 adm code repair or replace the smoke detector missing at bedroom in the entire apartment located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/07/01 |
| 16 4 | 2019/05/08 2019/05/13 | C | 568 | 13059638 6478837 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of roaches in the entire apartment located at apt 16, 4th story, 1st apartment from north at east | NOI SENT 2019/05/13 | 2019/06/08 |
| 16 4 | 2019/05/08 2019/05/13 | A | 556 | 13059639 6478833 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department all ceilings and walls in the entire apartment located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/08/30 |
| 16 4 | 2019/05/08 2019/05/13 | B | 508 | 13059640 6478834 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the ceiling in the kitchen located | NOV SENT 2019/05/13 | 2019/07/01 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | at apt 16, 4th story, 1st apartment from north at east | | |
| 16 4 | 2019/05/08 2019/05/13 | B | 742 * | 13059641 6478834 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at stove in the kitchen located at apt 16, 4th story, 1st apartment from north at east | NOV SENT 2019/05/13 | 2019/07/01 |
| 6 2 | 2019/04/23 2019/05/10 | A | 556 | 13061291 6476622 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the ceiling in the private hallway located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/05/10 | 2019/08/27 |
| 10 3 | 2019/04/23 2019/05/08 | A | 556 | 13056858 6474162 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the north wall in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/05/08 | 2019/08/25 |
| 12 3 | 2019/04/25 2019/05/07 | A | 504 | 13036083 6473036 Original | § 27-2005 adm code provide escutcheon plate at south riser in the 1st room from north located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/05/07 | 2019/08/24 |
| 12 3 | 2019/04/25 2019/05/07 | A | 504 | 13036084 6473036 Original | § 27-2005 adm code provide escutcheon plate at east riser in the 3rd room from north located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/05/07 | 2019/08/24 |
| 12 3 | 2019/04/25 2019/05/07 | B | 508 | 13036085 6473037 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the ceiling in the bathroom located at apt 12, 3rd story, 2nd apartment from north at east | OPEN 2019/07/10 | 2019/06/25 |
| 12 3 | 2019/04/25 2019/05/07 | B | 502 | 13036086 6473037 Original | § 27-2005 adm code properly repair with similar material the broken or defective ceramic tile floor in the bathroom located at apt 12, 3rd story, 2nd apartment from north at east | OPEN 2019/07/10 | 2019/06/25 |
| 12 3 | 2019/04/25 2019/05/07 | A | 504 | 13036087 6473036 Original | § 27-2005 adm code provide escutcheon plate at east riser in the bathroom located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/05/07 | 2019/08/24 |
| 12 3 | 2019/04/25 2019/05/07 | B | 509 | 13036088 6473037 Original | § 27-2005 adm code properly secure the loose light fixture at ceiling in the 1st room from north located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/05/07 | 2019/06/25 |
| 12 3 | 2019/04/25 2019/05/07 | B | 1503 | 13036089 6473037 Original | § 27-2046.1 hmc: repair or replace the carbon monoxide detecting device(s). missing in the entire apartment located at apt 12, 3rd story, 2nd apartment from north at east | OPEN 2019/07/10 | 2019/06/25 |
| 12 3 | 2019/04/25 2019/05/07 | B | 702 | 13036090 6473037 Original | § 27-2045 adm code repair or replace the smoke detector missing in the entire apartment located at apt 12, 3rd story, 2nd apartment from north at east | OPEN 2019/07/10 | 2019/06/25 |
| 25 6 | 2019/04/29 2019/05/01 | A | 556 | 13043775 6467334 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department all peeling paint surfaces in the 1st room from north at west, the kitchen , the foyer , the 2nd room from north at east located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/05/01 | 2019/08/18 |
| 25 6 | 2019/04/29 2019/05/01 | C | 790 | 13042798 6467337 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 0; wg to replace = 0; wg to repair = 3; in the entire apartment located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/05/01 | 2019/06/03 |
| 25 6 | 2019/04/29 2019/05/01 | A | 556 | 13042799 6467334 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department the 1st door frame from west at north wall in the bathroom located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/05/01 | 2019/08/18 |
| 25 6 | 2019/04/29 2019/05/01 | C | 742 * | 13042855 6467335 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/05/01 | 2019/05/14 |
| 25 6 | 2019/04/29 2019/05/01 | C | 617 | 13043774 6467336 Original | § 27-2056.6 adm code - correct the lead-based paint hazard - paint that tested positive for lead content and that is peeling or on a deteriorated subsurface - using work practices set forth in 28 rcny §11-06(b)(2) north wall, east wall in the bathroom located at apt 25, 6th story, 1st apartment from west at north | 1 NO ACCESS 2019/06/15 | 2019/06/03 2019/05/28 |
| | | C | 742 * | | | | 2019/05/08 |

| Apt | Dates | | | | ID / Section | Description | Status |
|---|---|---|---|---|---|---|---|
| 12 3 | 2019/04/23 2019/04/25 | | | | 13031611 6461178 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures stove in the entire apartment located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/04/25 | |
| 12 3 | 2019/04/23 2019/04/25 | B | 505 | | 13031617 6461177 Original | § 27-2005 adm code replace with new the broken or defective at electric outlet at east wall in the 1st room from north located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/04/25 | 2019/06/13 |
| 12 3 | 2019/04/23 2019/04/25 | C | 790 | | 13031620 6461179 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 2; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 12, 3rd story, 2nd apartment from north at east | NOV SENT 2019/04/25 | 2019/05/28 |
| 3 | 2019/04/23 2019/04/25 | C | 512 * | | 13031625 6461178 Original | § 27-2005 adm code fire escape defective. replace with new the broken, defective and/or missing 1 floor slat at balcony at front of the building at fire escape, 3rd story | NOV SENT 2019/04/25 | 2019/05/08 |
| 10 3 | 2019/04/23 2019/04/25 | C | 742 * | | 13031637 6461182 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at stove in the entire apartment located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/05/08 |
| 10 3 | 2019/04/23 2019/04/25 | B | 502 | | 13031639 6461181 Original | § 27-2005 adm code properly repair with similar material the broken or defective wood floor in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/06/13 |
| 10 3 | 2019/04/23 2019/04/25 | B | 550 | | 13031644 6461184 Original | § 27-2017.3 hmc: trace and repair the source and abate the visible mold condition... at ceiling aprox = 12 sq ft in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | 1 NO ACCESS 2019/07/02 | 2019/06/13 |
| 10 3 | 2019/04/23 2019/04/25 | B | 501 | | 13031645 6461181 Original | § 27-2005 adm code properly repair the broken or defective counter balances at upper sash window in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/06/13 |
| 10 3 | 2019/04/23 2019/04/25 | C | 790 | | 13031648 6461183 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 2; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 10, 3rd story, 1st apartment from west at north | NOT COMPLIED 2019/06/04 | 2019/05/28 |
| 10 3 | 2019/04/23 2019/04/25 | B | 505 | | 13031654 6461181 Original | § 27-2005 adm code replace with new the broken or defective handle at shut off valve at radiator in the 1st room from north located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/06/13 |
| 10 3 | 2019/04/23 2019/04/25 | A | 501 | | 13031657 6461180 Original | § 27-2005 adm code properly repair the broken or defective door bell at door in the entrance located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/08/12 |
| 10 3 | 2019/04/23 2019/04/25 | C | 569 | | 13031658 6461185 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of mice in the entire apartment located at apt 10, 3rd story, 1st apartment from west at north | NOI SENT 2019/05/21 | |
| 25 6 | 2019/04/23 2019/04/25 | C | 508 | | 13031684 6461188 Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling in the 1st room from north located at apt 25, 6th story, 1st apartment from west at north | NOV SENT 2019/04/25 | 2019/05/08 |
| 25 6 | 2019/04/23 2019/04/25 | C | 790 | | 13031686 6461189 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 3; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 25, 6th story, 1st apartment from west at north | NOT COMPLIED 2019/06/04 | 2019/05/28 |
| 25 6 | 2019/04/23 2019/04/25 | C | 568 | | 13031687 6461190 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of roaches in the entire apartment located at apt 25, 6th story, 1st apartment from west at north | NOI SENT 2019/05/21 | |
| 25 6 | 2019/04/23 2019/04/25 | C | 508 | | | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a | NOV SENT 2019/04/25 | 2019/05/08 |

| | | | | 13031689 6461188 Original | uniform color at ceiling in the private hallway located at apt 25, 6th story, 1st apartment from west at north | | |
|---|---|---|---|---|---|---|---|
| 2 | 2019/04/23 2019/04/25 | B | 506 | 13031705 6461187 Original | § 27-2005 adm code replace with the new the missing metal pan under marble tread fifth from bottom after intermediate landing at public hall stairs, 2nd story | NOV SENT 2019/04/25 | 2019/06/13 |
| Fire Escape | 2019/04/23 2019/04/25 | A | 106 | 13031710 6461186 Original | § 53, 187, 231 m/d law and department rules and regulations. provide a shoe properly secured to bottom of string of dropladder at east side of the building at fire escape | NOV SENT 2019/08/12 | |
| Fire Escape | 2019/04/23 2019/04/25 | C | 512 * | 13031711 6461188 Original | § 27-2005 adm code fire escape defective. replace with new the broken, defective and/or missing guide at drop ladder at east side of the building at fire escape | NOV SENT 2019/05/08 | |
| | 2019/04/23 2019/04/25 | C | 552 | 13031712 6461188 Original | § 27-2010, 2011, 2012 adm code remove the accumulation of refuse and/or rubbish and maintain in a clean condition the house hold items at fire passage way | NOV SENT 2019/05/08 | |
| 6 | 2019/04/23 2019/04/25 | B | 502 | 13031714 6461187 Original | § 27-2005 adm code properly repair with similar material the broken or defective wood floor at public hall, 6th story | NOV SENT 2019/04/25 | 2019/06/13 |
| 6 2 | 2019/04/23 2019/04/25 | C | 568 | 13031717 6461195 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of roaches in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOI SENT 2019/04/25 | 2019/05/21 |
| 6 2 | 2019/04/23 2019/04/25 | C | 569 | 13031718 6461195 Original | hmc adm code: § 27-2017.4 abate the infestation consisting of mice in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOI SENT 2019/04/25 | 2019/05/21 |
| 6 2 | 2019/04/23 2019/04/25 | A | 556 | 13031719 6461191 Original | § 27-2013 adm code paint with light colored paint to the satisfaction of this department all walls and ceilings in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/04/25 | 2019/08/12 |
| 6 2 | 2019/04/23 2019/04/25 | C | 790 | 13031726 6461194 Original | § 27-2043.1 hmc install the missing or repair/replace the defective window guard(s) in accordance with the specifications of the new york city health code section 24 rcny chapter 12. wg to install = 1; wg to replace = 0; wg to repair = 0; in the entire apartment located at apt 6, 2nd story, 1st apartment from north at east | CIV10 MAILED 2019/06/20 | 2019/05/28 2019/05/22 |
| 6 2 | 2019/04/23 2019/04/25 | C | 502 | 13031728 6461193 Original | § 27-2005 adm code properly repair with similar material the broken or defective ceramic tiles at floor in the bathroom located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/04/25 | 2019/05/08 |
| 6 2 | 2019/04/23 2019/04/25 | A | 505 | 13031730 6461191 Original | § 27-2005 adm code replace with new the broken or defective wood door in the bathroom located at apt 6, 2nd story, 1st apartment from north at east | CIV14 MAILED 2019/06/27 | 2019/08/12 2019/06/26 |
| 6 2 | 2019/04/23 2019/04/25 | B | 501 | 13031732 6461192 Original | § 27-2005 adm code properly repair the broken or defective counter balances at lower sash window in the 1st room from north located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT 2019/04/25 | 2019/06/13 |
| 3 1 | 2019/03/31 2019/04/04 | B | 579 | 12990346 6440845 Original | § 27-2026 adm code repair the leaky and/or defective faucets at bathtub in the bathroom located at apt 3, 1st story, 1st apartment from east at south | NOV SENT 2019/04/04 | 2019/05/23 |
| 3 1 | 2019/03/31 2019/04/04 | C | 505 | 12990347 6440846 Original | § 27-2005 adm code replace with new the broken or defective radiator air valve in the 4th room from north at west located at apt 3, 1st story, 1st apartment from east at south | NOV SENT 2019/04/04 | 2019/04/17 |
| 3 1 | 2019/03/31 2019/04/04 | B | 742 * | 12990348 6440845 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures cooking range in the kitchen located at apt 3, 1st story, 1st apartment from east at south | NOV SENT 2019/04/04 | 2019/05/23 |
| 10 3 | 2019/02/21 2019/03/06 | C | 742 * | 12940423 6412141 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at the range in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT 2019/03/06 | 2019/03/19 |
| 25 6 | 2019/02/21 2019/03/06 | C | 742 * | 12940432 6412142 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at the range in the kitchen located at apt 25, 6th story, 1st apartment from east at south | NOV SENT 2019/03/06 | 2019/03/19 |
| | | C | 742 * | | | | 2019/03/18 |

| Apt | Dates | Class | Code | ID | Description | NOV | Date |
|---|---|---|---|---|---|---|---|
| 6 | 2019/02/21<br>2019/03/05 | | | 12940420<br>6411089<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at the range in the kitchen located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT<br>2019/03/05 | |
| 12<br>3 | 2019/02/21<br>2019/03/05 | C | 742 * | 12940427<br>6411090<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at the range in the kitchen located at apt 12, 3rd story, 2nd apartment from west at north | NOV SENT<br>2019/03/05 | 2019/03/18 |
| 28<br>6 | 2019/02/07<br>2019/02/11 | B | 742 * | 12898940<br>6388624<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures .. in the kitchen located at apt 28, 6th story, 1st apartment from east at south | NOV SENT<br>2019/02/11 | 2019/04/01 |
| Basement | 2019/02/07<br>2019/02/08 | C | 672 | 12898938<br>6387425<br>Original | § 27-2033 adm code provide ready access to buildings heating system .. at boiler room | NOV LATE<br>2019/02/22 | 2019/02/21<br>2019/02/22 |
| 5<br>2 | 2018/12/16<br>2018/12/21 | B | 742 * | 12810139<br>6343985<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the entire apartment located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/12/21 | 2019/02/08 |
| 5<br>2 | 2018/12/16<br>2018/12/20 | B | 508 | 12810140<br>6342718<br>Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the ceiling in the bathroom located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/12/20 | 2019/02/07 |
| 10<br>3 | 2018/10/24<br>2018/10/30 | B | 742 * | 12705831<br>6291571<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures gas range in the kitchen located at apt 10, 3rd story, 1st apartment from east at south | NOV SENT<br>2018/10/30 | 2018/12/18 |
| 14<br>4 | 2018/10/16<br>2018/10/19 | C | 510 | 12667202<br>6256167<br>Original | § 27-2005 adm code & 309 m/o law abate the nuisance consisting of uncapped gas line at south wall in the kitchen located at apt 14, 4th story, 1st apartment from south at west | NOV SENT<br>2018/10/19 | 2018/11/01 |
| 14<br>4 | 2018/10/16<br>2018/10/19 | A | 506 | 12667203<br>6256165<br>Original | § 27-2005 adm code replace with new the missing escutcheon plate, the riser at west wall in the 1st room from north located at apt 14, 4th story, 1st apartment from south at west | NOV SENT<br>2018/10/19 | 2019/02/05 |
| 14<br>4 | 2018/10/16<br>2018/10/19 | A | 501 | 12667204<br>6256165<br>Original | § 27-2005 adm code properly repair the broken or defective door frame strike plate at east wall in the 2nd room from north at west located at apt 14, 4th story, 1st apartment from south at west | NOV SENT<br>2018/10/19 | 2019/02/05 |
| 14<br>4 | 2018/10/16<br>2018/10/19 | C | 742 * | 12667213<br>6256167<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 14, 4th story, 1st apartment from south at west | NOV SENT<br>2018/10/19 | 2018/11/01 |
| 14<br>4 | 2018/10/16<br>2018/10/18 | B | 508 | 12667208<br>6250701<br>Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling, south wall, west wall in the bathroom located at apt 14, 4th story, 1st apartment from south at west | NOV LATE<br>2018/12/13 | 2018/12/06<br>2018/12/13 |
| 14<br>4 | 2018/10/16<br>2018/10/18 | B | 508 | 12667211<br>6250701<br>Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at east wall, west wall in the 2nd room from north at east located at apt 14, 4th story, 1st apartment from south at west | NOV LATE<br>2018/12/13 | 2018/12/06<br>2018/12/13 |
| 14<br>4 | 2018/10/16<br>2018/10/18 | B | 502 | 12667212<br>6250701<br>Original | § 27-2005 adm code properly repair with similar material the broken or defective metal tiles at ceiling in the kitchen located at apt 14, 4th story, 1st apartment from south at west | NOV SENT<br>2018/10/18 | 2018/12/06 |
| 10<br>3 | 2018/09/25<br>2018/09/27 | C | 742 * | 12605711<br>6204573<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV SENT<br>2018/09/27 | 2018/10/10 |
| 5<br>2 | 2018/09/25<br>2018/09/27 | C | 742 * | 12605722<br>6204576<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/09/27 | 2018/10/10 |
| 5<br>2 | 2018/09/25<br>2018/09/27 | B | 568 | 12605725<br>6204575<br>Original | § 27-2018 admin. code: abate the nuisance consisting of roaches located at apt 5, 2nd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 5<br>2 | 2018/09/25<br>2018/09/27 | B | 569 | 12605726<br>6204575<br>Original | § 27-2018 admin. code: abate the nuisance consisting of mice located at apt 5, 2nd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 5<br>2 | 2018/09/25<br>2018/09/27 | B | 1503 | 12605731<br>6204575<br>Original | § 27-2046.1 hmc: repair or replace the carbon monoxide detecting device(s). defective located at apt 5, 2nd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5<br>2 | 2018/09/25<br>2018/09/27 | B | 702 | 12605732<br>6204575<br>Original | § 27-2045 adm code repair or replace the smoke detector defective located at apt 5, 2nd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 10<br>3 | 2018/09/25<br>2018/09/27 | B | 569 | 12605736<br>6204572<br>Original | § 27-2018 admin. code: abate the nuisance consisting of mice in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 10<br>3 | 2018/09/25<br>2018/09/27 | B | 583 | 12605746<br>6204572<br>Original | § 27-2026, 2027 hmc: properly repair the source and abate the evidence of a water leak at ceiling in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 10<br>3 | 2018/09/25<br>2018/09/27 | B | 508 | 12605748<br>6204572<br>Original | § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 10<br>3 | 2018/09/25<br>2018/09/27 | B | 550 | 12605750<br>6204574<br>Original | § 27-2005 hmc:trace and repair the source and abate the nuisance consisting of mold ... approximately 2 sq. ft. at east and north wall in the bathroom located at apt 10, 3rd story, 1st apartment from west at north | NOV LATE<br>2018/11/19 | 2018/11/15<br>2018/11/19 |
| 5<br>2 | 2018/08/27<br>2018/08/29 | C | 742 * | 12553450<br>6177486<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/08/29 | 2018/09/11 |
| 5<br>2 | 2018/08/27<br>2018/08/29 | C | 742 * | 12552965<br>6177488<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/08/29 | 2018/09/11 |
| 3<br>1 | 2018/08/22<br>2018/08/24 | B | 742 * | 12545182<br>6173642<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures gas range in the kitchen located at apt 3, 1st story, 1st apartment from east at south | NOV SENT<br>2018/08/24 | 2018/10/12 |
| 4<br>2 | 2018/07/31<br>2018/08/01 | C | 742 * | 12506323<br>6153674<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures gas range in the kitchen located at apt 4, 2nd story, 1st apartment from south at west | NOV SENT<br>2018/08/01 | 2018/08/14 |
| 6<br>2 | 2018/07/17<br>2018/07/19 | C | 742 * | 12483427<br>6142714<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures gas range in the kitchen located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT<br>2018/07/19 | 2018/08/01 |
| 6<br>2 | 2018/07/17<br>2018/07/19 | B | 550 | 12483428<br>6142715<br>Original | § 27-2005 hmc:trace and repair the source and abate the nuisance consisting of mold ... approx. 5 sq ft east wall in the bathroom located at apt 6, 2nd story, 1st apartment from north at east | NOV SENT<br>2018/07/19 | 2018/09/06 |
| 28<br>6 | 2018/07/13<br>2018/07/17 | B | 742 * | 12477339<br>6140338<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range,,cause unknown in the kitchen located at apt 28, 6th story, 1st apartment from east at south | NOV SENT<br>2018/07/17 | 2018/09/04 |
| 28<br>6 | 2018/07/13<br>2018/07/17 | C | 567 * | 12477342<br>6140339<br>Original | § 27-2018 adm code abate the nuisance consisting of rodents rats located at apt 28, 6th story, 1st apartment from east at south | NOV SENT<br>2018/07/17 | 2018/07/30 |
| 4<br>2 | 2018/06/22<br>2018/06/25 | C | 742 * | 12446382<br>6122880<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 4, 2nd story, 1st apartment from south at west | NOV SENT<br>2018/06/25 | 2018/07/08 |
| 5<br>2 | 2018/06/14<br>2018/06/21 | C | 742 * | 12432857<br>6120383<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/06/21 | 2018/07/04 |
| 5<br>2 | 2018/05/25<br>2018/05/30 | C | 742 * | 12405396<br>6101661<br>Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchenette located at apt 5, 2nd story, 1st apartment from west at north | NOV SENT<br>2018/05/30 | 2018/06/12 |
| 5<br>2 | 2018/05/25<br>2018/05/30 | B | 550 | 12405420<br>6101662<br>Original | § 27-2005 hmc:trace and repair the source and abate the nuisance consisting of mold ... 3 sq ft at ceiling in the bathroom located at apt 5, 2nd story, 1st apartment from west at north | NOV LATE<br>2018/07/19 | 2018/07/18<br>2018/07/19 |
| 5 | 2018/05/27<br>2018/05/29 | A | 553 | 12404605<br>6100707<br>Original | § 27-2011 adm code cleanse to the satisfaction of this department the floors at public hall, 5th story | CIV10<br>MAILED<br>2018/09/10 | 2018/09/15<br>2018/08/15 |
| 5 | 2018/05/27<br>2018/05/29 | B | 506 | 12404610<br>6100708<br>Original | § 27-2005 adm code replace with new the missing wire mesh under skylight at public hall stairs, 5th story | CIV10<br>MAILED<br>2018/08/29 | 2018/07/17<br>2018/07/17 |
| | | C | 742 * | | | | 2018/05/30 |

| Apt / Story | Dates | Class | Code | Viol # | Description | Status | Date |
|---|---|---|---|---|---|---|---|
| 22 5 | 2018/05/11 2018/05/17 | | | 12381248 6092020 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures in the kitchen located at apt 22, 5th story, 1st apartment from north at east | NOV SENT 2018/05/17 | |
| 25 6 | 2018/04/07 2018/04/12 | B | 742 * | 12326206 6062781 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 25, 6th story, 1st apartment from east at south | NOT COMPLIED 2019/03/01 | 2018/05/31 |
| Basement | 2018/04/07 2018/04/12 | C | 672 | 12326209 6062782 Original | § 27-2033 adm code provide ready access to buildings heating system locked door at cellar | NOT COMPLIED 2019/03/01 | 2018/04/25 2018/04/19 |
| 28 6 | 2018/04/07 2018/04/09 | C | 617 | 12326631 6060133 Original | § 27-2056.6 adm code - correct the lead-based paint hazard - paint that tested positive for lead content and that is peeling or on a deteriorated subsurface - using work practices set forth in 28 rcny §11-06(b)(2) 1st window frame from north at east wall in the kitchen located at apt 28, 6th story, 1st apartment from west at north | 1 NO ACCESS 2019/03/05 | 2018/05/12 2018/05/11 |
| 6 2 | 2018/03/28 2018/04/02 | C | 742 * | 12309516 6054095 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 6, 2nd story, 1st apartment from north at east | NOT COMPLIED 2019/03/01 | 2018/04/15 |
| 12 3 | 2018/03/16 2018/03/20 | C | 742 * | 12291658 6043664 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 12, 3rd story, 2nd apartment from west at north | NOT COMPLIED 2019/03/01 | 2018/04/02 |
| Basement | 2018/03/13 2018/03/15 | C | 672 | 12285503 6039767 Original | § 27-2033 adm code provide ready access to buildings heating system door locked at basement | NOT COMPLIED 2019/03/01 | 2018/03/28 2018/03/27 |
| 10 3 | 2018/03/02 2018/03/07 | C | 742 * | 12269021 6033160 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at range in the kitchen located at apt 10, 3rd story, 1st apartment from west at north | NOT COMPLIED 2019/03/01 | 2018/03/20 |
| 6 2 | 2018/02/23 2018/02/26 | C | 742 * | 12257466 6025268 Original | § 27-2070 adm code provide an adequate supply of gas to the fixtures at gas range in the kitchen located at apt 6, 2nd story, 1st apartment from east at south | NOT COMPLIED 2019/03/04 | 2018/03/11 |
| 3 1 | 2005/05/20 2005/05/24 | C | 617 | 5513941 2411469 Original | § 27-2056.6 adm code - correct the lead-based paint hazard - paint that tested positive for lead content and that is peeling or on a deteriorated subsurface - using work practices set forth in 28 rcny §11-06(b)(2) west wall in the bathroom located at apt 3, 1st story, 1st apartment from east at south | 1 NO ACCESS 2019/03/05 | 2005/06/24 |
| 3 1 | 2005/05/20 2005/05/24 | C | 617 | 5513942 2411469 Original | § 27-2056.6 adm code - correct the lead-based paint hazard - paint that tested positive for lead content and that is peeling or on a deteriorated subsurface - using work practices set forth in 28 rcny §11-06(b)(2) chair rails at east wall, 1st window frame from south at west wall in the 1st room from north located at apt 3, 1st story, 1st apartment from east at south | 1 NO ACCESS 2019/03/05 | 2005/06/24 |

NYC gov  Services   News & Features   City Life   City Agencies   Office of the Mayor   Contact Us   Search
NYC.gov - NEW YORK CITY'S OFFICIAL WEB SITE

**NYC** ™   **Department of Housing**
**Preservation & Development**

---

The selected address: **322 EAST 117 STREET, Manhattan 10035**

This building has filed records with the <u>New York State Division of Housing and Community Renewal</u> at least one time from 1993 to the present year and may contain one or more regulated apartments.

This building is in the <u>CONH Pilot Program</u>.

| HPD# | Range | Block | Lot | CD | CensusTract | Stories | A Units | B Units | Ownership | Registration# | Class |
|------|-------|-------|-----|----|-----|-----|-----|-----|-----|-----|-----|
| 19869 Active | 320-322 | 01688 | 0042 | 11 | 18800 | 6 | 27 | 0 | PVT | 106397 | B |

---

<u>**PLEASE REVIEW THIS REPORT IN ITS ENTIRETY, INCLUDING ALL NOTES AT THE END.**</u>

**THIS BUILDING CHARGE REPORT PROVIDES NOTICE, AS REQUIRED BY NEW YORK CITY ADMINISTRATIVE CODE §27-2144(a), OF OPEN WORK ORDERS AND FEES REPRESENTING CHARGES THAT MAY BE BILLED TO THIS PROPERTY AND THE DATES THAT THEY WERE ENTERED ON THE RECORDS OF THE DEPARTMENT.**

The <u>Department of Finance website</u> (DOF) provides the current status of any charge listed on this report **after** that charge has been transferred to DOF (see the column furthest to the right on the below charts for the transfer date), including interest accumulation, payments and adjustments. Charges are transferred to DOF for collection once HPD has paid the vendor who completed the work or after an invoice for work done by HPD staff has been completed.

Please be aware that this report does **NOT** include:

- most demolition charges incurred prior to January 1, 2000.

- most non-demolition charges incurred by HPD prior to July 1, 1999.

- Civil penalties imposed by the Housing Court for failure to comply with HPD issued violations.

For information on amounts owed for demolition charges incurred prior to January 1, 2000 and for all non-demolition charges incurred by HPD prior to July 1, 1999, contact HPD's ERP Accounting Unit at (212) 863-6810 to verify the amount owed for those charges. For information on whether there are pending civil penalties, see the Litigation/Case Status link on the left hand toolbar for this building.

**The Charge Report will include information on the following building(s).**

| HPD Bldg ID | Status | House No | Street name | Life Cycle |
|-------------|--------|----------|-------------|------------|
| 19869 | Active | 322 | EAST 117 STREET | BLDG |

---

| **Charges for this Building** | |
|---|---|
| Work Orders: **77** | Fees: **6** |



## Building Charge Report as of 7/14/2019
## Work Orders

| WO TYPE/ WO# | Job General | Total Work Cost | Award Amt Chg Orders (WOs) | Create Dt/ Award Dt/ Invc Dt/ | WO Close Reason | Invoice Approved Amount/ Svc Chg (Y/N) | Admin Fee/ Sales Tax/ | Total Charge | Date Charges Transferred to DOF |
|---|---|---|---|---|---|---|---|---|---|
| OMO E101608 | DELEAD | 1359.24 | 1359.24 0.00 | 08/01/2000 08/22/2000 11/24/2000 | Refused Access | 50.00 Y | 15.00 4.13 | 69.13 | 03/20/01 |
| **Work Order Description:** | | for all violations: abate as per rc # 0040075 . thoroughly remove all lead violations as per new york city health code section 173.14 and as noted in | | | | | | | |
| OMO E118112 | DELEAD | 1656.75 | 1656.75 0.00 | 03/09/2001 03/13/2001 07/06/2001 | Refused Access | 50.00 Y | 15.00 4.13 | 69.13 | 10/22/01 |
| **Work Order Description:** | | l/l 38 abate: abate as per rc #k114427 . thoroughly remove all lead violations as per new york city health code section 173.14 and as noted in the sco | | | | | | | |
| AOR E203286 | GC | | 0.00 | 08/23/2001 | Apt. Vacant | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | (apt #13) in bdrm, reinstall (1) w/g with new stops and one way screws. in kitchen install (1) new w/g. remove work related debris. | | | | | | | |
| OMO E204054 | DELEAD | 1797.00 | 1797.00 0.00 | 09/07/2001 10/10/2001 12/06/2001 | Refused Access | 50.00 Y | 15.00 4.13 | 69.13 | 01/22/02 |
| **Work Order Description:** | | l/l 38 abate: abate as per rc # 0021443. thoroughly remove all lead violations as per new york city health code section 173.14 and as noted in the sco | | | | | | | |
| OMO E204658 | GC | 699.00 | 699.00 0.00 | 09/24/2001 10/01/2001 10/03/2001 | Refused Access | 70.00 Y | 15.00 5.78 | 90.78 | 12/19/01 |
| **Work Order Description:** | | apt. #13 bedroom remove mold and mildew from (4) walls. apply stainkiller and paint same. *note: vendor must sign and return with your bid. *c | | | | | | | |
| AOR E211256 | GC | | 0.00 | 12/24/2001 | OMO Completed | 27.69 | 15.00 2.28 | 44.97 | 04/19/02 |
| **Work Order Description:** | | (apt. #12 ) livingroom re-install (1) window guard . bedroom re-install (1) window stop. at bathroom install (1) window guard. | | | | | | | |
| OMO E213635 | GC | 325.00 | 325.00 0.00 | 01/29/2002 02/05/2002 | Duplicate OMO | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | (apt #2) install window stops at livingroom window. *note: vendor must sign and return with your bid: *contractor is to contact hpd for joint | | | | | | | |
| AOR E214403 | GC | | 0.00 | 02/07/2002 | Refused Access | 48.42 Y | 15.00 3.99 | 67.41 | 04/19/02 |
| **Work Order Description:** | | (apt #2) install window stops at lvngrm. | | | | | | | |
| AOR E220575 | GC | | 0.00 | 05/21/2002 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | prepare area clean east wall of mold stain wall clean up. | | | | | | | |
| OMO E220576 | GC | 0.00 | 0.00 | 05/21/2002 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | (apt.#26) prepare area clean wall and ceiling mold stain kill area clean up. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **AOR** E221604 | GC | | 0.00 | 06/06/2002 | Landlord Complied | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | (apt #26) in bdrm, clean mildew off of east wall and stain kill wall also, clean mold off of bthrm walls and ceiling and apply stain killer. clean u | | | | | | | |
| **OMO** E317021 | GC | 425.00 | 425.00 0.00 | 03/03/2003 03/07/2003 03/18/2003 | Landlord Complied | 70.00 Y | 15.00 5.78 | 90.78 | 05/20/03 |
| **Work Order Description:** | | ( apt # 25) demo loose plaster at ceiling in livingroom. sheetrock ceiling plaster and compound 10 sq. ft. remove related rubbish. note: vendor | | | | | | | |
| **AOR** E412186 | GC | | 0.00 | 01/05/2004 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | at (apt.#4) provide and install (4) new missing guard. | | | | | | | |
| **OMO** E422168 | GC | 478.00 | 478.00 0.00 | 04/19/2004 05/13/2004 | Other | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | at (apt.#4) provide and install (4) new missing guard. work to be done as per hpd specification from doh. note: contractopr must contact hpd at 718 | | | | | | | |
| **OMO** E424629 | DELEAD | 7.00 | 7.00 0.00 | 05/24/2004 05/24/2004 05/30/2004 | OMO Completed | 7.00 | 15.00 0.60 | 22.60 | 04/20/05 |
| **Work Order Description:** | | as per rc #2004000522201 (enviro-probe inc), perform total lead analysis of 02 dust wipe sample(s) via environmental protection agency (epa) sw845-305 | | | | | | | |
| **OMO** E425479 | GC | 782.00 | 782.00 0.00 | 06/08/2004 06/24/2004 08/07/2004 | Refused Access | 70.00 Y | 15.00 6.04 | 91.04 | 10/20/04 |
| **Work Order Description:** | | replace rooted iron pan below marble landing at 5th story. intermediate landing includes marble landing. replace rooted iron pan below marble landing | | | | | | | |
| **OMO** E426288 | DELEAD | 14.00 | 14.00 0.00 | 06/18/2004 06/21/2004 06/24/2004 | OMO Completed | 14.00 | 15.00 1.21 | 30.21 | 04/20/05 |
| **Work Order Description:** | | as per rc #2004000522201 (enviro-probe inc), perform total lead analysis of 04 dust wipe sample(s) via environmental protection agency (epa) sw845-305 | | | | | | | |
| **OMO** E426450 | GC | 520.00 | 520.00 0.00 | 06/22/2004 06/28/2004 07/23/2004 | OMO Completed | 520.00 | 75.00 44.85 | 639.85 | 09/20/04 |
| **Work Order Description:** | | (apt. #16) at bathroom walls and ceiling remove mold and mildew. sanitize walls and disinfect. paint entire bathroom with matching color. remove a | | | | | | | |
| **AOR** E426548 | DELEAD | | 0.00 | 06/23/2004 | No Access | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | erp ll/ 38violation:as per attached scope of work. rc # thoroughly remove all lead violations as per new york city health code section 173.14 and as n | | | | | | | |
| **OMO** E426754 | GC | 445.00 | 445.00 0.00 | 06/24/2004 06/30/2004 07/21/2004 | No Access | 70.00 Y | 15.00 6.04 | 91.04 | 09/20/04 |
| **Work Order Description:** | | apt #8 bathroom ; wash down to remove mold and mildew from bathroom ceiling and walls approx (60sq.ft.). prime with stainkiller and paint entire bath | | | | | | | |
| **OMO** E503713 | GC | 900.00 | 900.00 0.00 | 07/09/2004 07/15/2004 07/29/2004 | No Access | 70.00 Y | 15.00 6.04 | 91.04 | 04/20/05 |
| **Work Order Description:** | | apt. #11: demo bathroom ceiling complete app. 40 sf locate and repair leak coming from above into bathroom.s/r ceiling complete tape and compound r | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **OMO** E504675 | GC | 0.00 | 0.00 0.00 | 07/26/2004 | Condition Different than Stated | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | at (apt.#4) provide and install (4) new missing guard. work to be done as per hpd specification from doh. note: contractopr must contact hpd at 718 | | | | | | | |
| **OMO** E505052 | GC | 0.00 | 0.00 0.00 | 07/29/2004 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | 1st story public hall stairs to the west courtyard: install platform and wrought iron hand rail with balusters at stairs.remove debris note: contra | | | | | | | |
| **AOR** E505777 | GC | | 0.00 | 08/10/2004 | Landlord Complied | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | install window guard in bathrm 11x13"-24" with stops install window guard in kitchen 11x22"-38" contact tenant reynoso conejo at (########## | | | | | | | |
| **OMO** E506876 | GC | 239.00 | 239.00 0.00 | 08/23/2004 08/30/2004 | Other | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | public area: west court yard ; demolish and remove existing concrete stair case , platform, broken lally columm complete. supply and install new met | | | | | | | |
| **AOR** E507306 | GC | | 0.00 | 08/30/2004 | Refused Access | 15.98 Y | 15.00 1.38 | 32.36 | 11/22/04 |
| **Work Order Description:** | | public area: replace unapproved window guard at public hall includes missing window entire public hall total of (6). | | | | | | | |
| **OMO** E507529 | GC-50K | 6845.00 | 6845.00 0.00 | 09/02/2004 09/23/2004 09/28/2004 | Landlord Complied | 70.00 Y | 15.00 6.04 | 91.04 | 01/20/05 |
| **Work Order Description:** | | public area: west court yard ; demolish and remove existing concrete stair case , platform, broken lally column complete. supply and install new m | | | | | | | |
| **AOR** E508112 | GC | | 0.00 | 09/14/2004 | Landlord Complied | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | (apt.#22) bedroom #,1 bedroom#2, bathroom, install (3) window guards complete. kitchen re-install window stops secure upper sash. total of (4) | | | | | | | |
| **AOR** E508114 | GC | | 0.00 | 09/14/2004 | Refused Access | 24.21 Y | 15.00 2.09 | 41.30 | 11/22/04 |
| **Work Order Description:** | | (apt.#23) throughout master bedroom, bathroom, 1st. bedroom, kitchen, (4) install window guard complete. | | | | | | | |
| **AOR** E508115 | GC | | 0.00 | 09/14/2004 | Refused Access | 96.84 Y | 15.00 8.35 | 120.19 | 12/20/04 |
| **Work Order Description:** | | install (1) window guards complete at 2-1/2 & 6-1/2 story remove existing defective window guard at 2-1/2 story windows are small (30") | | | | | | | |
| **AOR** E508747 | GC | | 0.00 | 09/22/2004 | Complainant Refused | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | install (1) window guard and stop (bedroom). repair window guard (bedroom#2). | | | | | | | |
| **AOR** E508749 | GC | | 0.00 | 09/22/2004 | Refused Access | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | repair window guard (kitchen). install window guard and stop (bedroom). install window guard (barthroom). | | | | | | | |
| **OMO** E508753 | GC | 0.00 | 0.00 0.00 | 09/22/2004 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | repair window guard and stop (bedroom 1, livingroom 2, kitchen 1, bathroom 1). | | | | | | | |

| AOR | GC | 0.00 | 09/30/2004 | Refused Access | 238.47 Y | 35.77 20.57 | 294.81 | 01/20/05 |
|---|---|---|---|---|---|---|---|---|
| E509262 | | | | | | | | |

**Work Order Description:** apartment #19: bedroom: repair 1 window guard and stop. livingroom: repair 2 window guards and stops. kitchen: repair 1 window guard and stops.

| AOR | GC | 0.00 | 10/08/2004 | Refused Access | 0.00 | 0.00 0.00 | 0.00 | |
|---|---|---|---|---|---|---|---|---|
| E509857 | | | | | | | | |

**Work Order Description:** apartment #6: bathroom: install 1 window guard. bedroom: install 1 window guard.

| AOR | GC | 0.00 | 11/15/2004 | Refused Access | 0.00 | 0.00 0.00 | 0.00 | |
|---|---|---|---|---|---|---|---|---|
| E512690 | | | | | | | | |

**Work Order Description:** (apartment # 6) kitchen: reinstall 1 window guard with screws and stops. bathroom: install 1 window guard complete. bedroom: install 1 window guard

| AOR | GC | 0.00 | 11/15/2004 | Complainant Refused | 0.00 | 0.00 0.00 | 0.00 | |
|---|---|---|---|---|---|---|---|---|
| E512695 | | | | | | | | |

**Work Order Description:** (apartment # 23) bathroom: install 1 window guard complete. kitchen: install 1 window guard complete. bedroom: install 2 window guards complete.

| AOR | GC | 0.00 | 11/15/2004 | Refused Access | 24.21 Y | 15.00 2.09 | 41.30 | 01/20/05 |
|---|---|---|---|---|---|---|---|---|
| E512697 | | | | | | | | |

**Work Order Description:** (apartment # 26) kitchen: install 1 winddow guard complete. bathroom: install 1 window guard complete. kitchen: reinstall 1 window guard with one wa

| OMO | GC | 399.00 | 399.00 0.00 | 01/22/2005 01/27/2005 02/15/2005 | OMO Completed | 399.00 | 59.85 34.41 | 493.26 | 04/20/05 |
|---|---|---|---|---|---|---|---|---|---|
| E519079 | | | | | | | | | |

**Work Order Description:** replace the 9th marble tread from bottom. at 1st. story public hall. *contractor must contact @ ##########, 636-3026, 636-3056 with start date

| AOR | GC | 0.00 | 05/23/2005 | Landlord Complied | 24.21 Y | 15.00 2.09 | 41.30 | 06/20/05 |
|---|---|---|---|---|---|---|---|---|
| E532464 | | | | | | | | |

**Work Order Description:** apt.#6: kitchen re-install (1) window guard and stops. bathroom & bedroom, install (2) window guard and stops.

| OMO | DELEAD | 24.50 | 24.50 0.00 | 07/18/2005 07/19/2005 08/01/2005 | OMO Completed | 24.50 | 15.00 2.11 | 41.61 | 11/22/05 |
|---|---|---|---|---|---|---|---|---|---|
| E602311 | | | | | | | | | |

**Work Order Description:** as per rc #2005001338404 (enviro-probe inc), perform total lead analysis of 07 dust wipe sample(s) via environmental protection agency (epa) sw845-305

| OMO | GC | 400.00 | 400.00 0.00 | 08/18/2006 08/30/2006 09/18/2006 | Refused Access | 70.00 Y | 15.00 6.04 | 91.04 | 10/20/06 |
|---|---|---|---|---|---|---|---|---|---|
| E705746 | | | | | | | | | |

**Work Order Description:** public hall: replace the broken marble tread 7th from bottom at 1st story public hall. note: contractor must sign and return with bids. *contract

| OMO | GC | 600.00 | 600.00 0.00 | 08/18/2006 08/29/2006 08/29/2006 | Refused Access | 70.00 Y | 15.00 6.04 | 91.04 | 10/20/06 |
|---|---|---|---|---|---|---|---|---|---|
| E705747 | | | | | | | | | |

**Work Order Description:** public hall: replace missing slat at rear fire escape at 3rd story. note: contractor must sign and return with bids. *contractor must contact hpd

| OMO | GC | 0.00 | 0.00 0.00 | 09/15/2006 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
|---|---|---|---|---|---|---|---|---|---|
| E708210 | | | | | | | | | |

**Work Order Description:** apartment #20 supply and install, replace the (now clear) clear glass lower sash window at bathroom with frosted privacy glass panes. remove all wor

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OMO E708220 | GC | 1389.00 | 1389.00 0.00 | 09/15/2006 09/21/2006 10/05/2006 | Refused Access | 70.00 Y | 15.00 6.04 | 91.04 | 11/16/06 |
| **Work Order Description:** | | apartment #21 trace, locate and repair all leaks and abate the nuisance consisting of mold at ceiling and wall throughout the bathroom at apartment # | | | | | | | |
| OMO E708225 | GC | 0.00 | 0.00 0.00 | 09/15/2006 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | apartment #21 demo old floor, supply and install ceramic floor tiles (mud - set) at bathroom floor. supply and install marble bath saddle, reinsta | | | | | | | |
| OMO E718331 | GC | 419.00 | 419.00 0.00 | 01/09/2007 01/18/2007 01/23/2007 | OMO Completed | 419.00 | 62.85 36.14 | 517.99 | 03/20/07 |
| **Work Order Description:** | | apt 21) at bathroom: trace, locate and repair the source of the mold and mildew, remove exessive mold at ceiling north wall approx 20 sq.ft, east wa | | | | | | | |
| OMO E722857 | DELEAD | 30.00 | 30.00 0.00 | 02/26/2007 02/27/2007 03/20/2007 | OMO Completed | 30.00 | 15.00 2.59 | 47.59 | 06/07/07 |
| **Work Order Description:** | | as per rc #2007001218401 (enviro-probe, inc.), perform total lead analysis of 10 dust wipe sample(s) via environmental protection agency (epa) sw845-3 | | | | | | | |
| OMO E802305 | GC | 395.00 | 395.00 0.00 | 07/20/2007 08/01/2007 08/08/2007 | OMO Completed | 395.00 | 59.25 34.07 | 488.32 | 11/15/07 |
| **Work Order Description:** | | public area : at six sty public hall way window : replace broken wire glass at lower sash. "remove all work related debris". non s.w.p. no | | | | | | | |
| OMO E803831 | GC | 1880.00 | 1880.00 0.00 | 08/09/2007 08/20/2007 09/07/2007 | Landlord Complied | 70.00 Y | 15.00 6.04 | 91.04 | 11/15/07 |
| **Work Order Description:** | | apt. #6) at bathroom, kitchen and room north 1: trace, locate, and repair concealed water leak. at bathroom demolish and repair 35 sq. ft. of ceili | | | | | | | |
| AOR E803974 | DELEAD | | 0.00 | 08/10/2007 | HPD Clean/Dust Tested | 120.45 | 18.07 10.09 | 148.61 | 01/18/08 |
| **Work Order Description:** | | proactive local law #1 violation : as per attached scope of work thoroughly remove all lead violations as per new york city administrative code §27-2 | | | | | | | |
| OMO E805947 | DELEAD | 41.65 | 41.65 0.00 | 09/07/2007 09/10/2007 09/13/2007 | OMO Completed | 41.65 | 15.00 3.59 | 60.24 | 10/19/07 |
| **Work Order Description:** | | as per rc # 20080000809 (eastern analyt.svc.,inc), perform total lead analysis of 07 dust wipe sample(s) via environmental protection agency (epa) sw | | | | | | | |
| OMO E807354 | DELEAD | 17.85 | 17.85 0.00 | 09/21/2007 09/26/2007 09/26/2007 | OMO Completed | 17.85 | 15.00 1.54 | 34.39 | 11/15/07 |
| **Work Order Description:** | | as per rc # 20080000809 (eastern analyt.svc.,inc), perform total lead analysis of 03 dust wipe sample(s) via environmental protection agency (epa) sw8 | | | | | | | |
| AOR E920309 | PLUMB | | 0.00 | 12/19/2008 | Other | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | boiler room: adjust boiler to avert scalding hot water condition super @ 1st floor. | | | | | | | |
| OMO E920918 | PLUMB | 261.00 | 261.00 0.00 | 12/26/2008 12/29/2008 01/16/2009 | LL/Agent refused access | 70.00 | 10.50 5.86 | 86.36 | 03/20/09 |
| **Work Order Description:** | | apt. # 7) make necessary adjustment to correct scalding hot water condition set to proper temp 120 degrees to apt. and entire building. note: con | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **AOR** E924104 | PLUMB | | 0.00 | 01/23/2009 | LL/Agent refused access | 96.84 | 14.53 8.11 | 119.48 | 03/20/09 |
| **Work Order Description:** | | free standing radiator at north 4th room and at north 1st room remove all work related debris | | | | | | | |
| **OMO** EB31635 | GC | 142.00 | 142.00 0.00 | 05/17/2011 05/19/2011 05/24/2011 | No Access | 50.00 Y | 12.50 4.44 | 66.94 | 07/20/11 |
| **Work Order Description:** | | location ; apt # 11 ; re-install 1 window guard complete in kitchen install 1 window guard complete in bathroom install 1 window guard complete | | | | | | | |
| **AOR** EC12803 | GC | | 0.00 | 11/14/2011 | User Error | 0.00 | 0.00 0.00 | 0.00 | |
| **Work Order Description:** | | reinstallwindow guard at bedroom with stops and screws. at kitchen provide and install window guard complete total 1. | | | | | | | |
| **OMO** ED15864 | GC | 340.00 | 340.00 0.00 | 02/05/2013 02/08/2013 02/25/2013 | No Access | 150.00 Y | 60.00 13.31 | 223.31 | 03/20/13 |
| **Work Order Description:** | | at rear fire escape south section replace with new the missing slate at 5th story landing. all debris must be removed daily and must be disposed a | | | | | | | |
| **OMO** ED15979 | GC | 489.00 | 489.00 0.00 | 02/06/2013 02/08/2013 02/20/2013 | No Access | 100.00 Y | 40.00 8.88 | 148.88 | 03/20/13 |
| **Work Order Description:** | | at apt. # 12 - -bathroom - replace the broken ceramic floor tiles with similar ones to existing approx. 4 sq.ft. -kithcen - repair the rotted w | | | | | | | |
| **OMO** ED21543 | GC | 50.00 | 50.00 0.00 | 04/28/2013 05/20/2013 06/25/2013 | No Access | 50.00 Y | 20.00 4.44 | 74.44 | 08/21/13 |
| **Work Order Description:** | | as per the requirement contract with hpd, provide and install 3 window guards and repair 0 window guards throughout entire apartment 4. remove all wo | | | | | | | |
| **OMO** EE02856 | GC | 439.00 | 439.00 0.00 | 07/22/2013 08/01/2013 08/06/2013 | Landlord Complied | 100.00 Y | 40.00 8.88 | 148.88 | 10/18/13 |
| **Work Order Description:** | | repair window in apt. 28 : south room : replace with new the broken glass pane at the upper sash of west window at south to match existing glass pane | | | | | | | |
| **OMO** EE04018 | GC | 50.00 | 50.00 0.00 | 08/07/2013 09/26/2013 08/18/2013 | Refused Access | 50.00 Y | 20.00 4.44 | 74.44 | 10/18/13 |
| **Work Order Description:** | | as per the requirement contract with hpd. apartment: 28 supply and install the missing or repair/replace the defective window guard(s) throughou | | | | | | | |
| **OMO** EE24877 | GC | 50.00 | 50.00 0.00 | 05/29/2014 06/04/2014 05/31/2014 | Refused Access | 50.00 Y | 20.00 4.44 | 74.44 | 08/20/14 |
| **Work Order Description:** | | as per the requirement contract with hpd apartment # 13 supply and install the missing or repair/replace the defective window guards throughout | | | | | | | |
| **OMO** EE24878 | GC | 50.00 | 50.00 0.00 | 05/29/2014 06/05/2014 06/03/2014 | No Access | 50.00 Y | 20.00 4.44 | 74.44 | 07/18/14 |
| **Work Order Description:** | | as per the requirement contract with hpd apartment # 16 supply and install the missing or repair/replace the defective window guards throughout | | | | | | | |
| **OMO** EF03729 | GC | 480.00 | 480.00 0.00 | | | 100.00 Y | 40.00 8.88 | 148.88 | 10/20/14 |

| | | | | | 07/30/2014<br>08/05/2014<br>08/12/2014 | Owner<br>Refused<br>Access | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **Work Order Description:** | | at apt. #1- at bathroom: trace and repair leak from above. demo approx. 24 sq.ft. of damaged ceiling and replace with new green g.w.b. scrape appr | | | | | | | | |
| **OMO**<br>EF04499 | GC | 50.00 | 50.00<br>0.00 | 08/11/2014<br>08/14/2014<br>08/12/2014 | Refused<br>Access | 50.00<br>Y | 20.00<br>4.44 | 74.44 | 11/20/14 |
| **Work Order Description:** | | as per the requirement contract with hpd apartment # 26 supply and install the missing or repair/replace the defective window guards throughout | | | | | | | | |
| **OMO**<br>EF05765 | GC | 210.00 | 210.00<br>0.00 | 08/29/2014<br>09/25/2014<br>09/13/2014 | OMO<br>Completed | 210.00 | 84.00<br>18.64 | 312.64 | 01/20/15 |
| **Work Order Description:** | | as per the requirement contract with hpd apartment# 14 provide and install total (03) new window guards complete as follows: kitchen (2) and bat | | | | | | | | |
| **OMO**<br>EF18984 | HEAT | 150.00 | 150.00<br>0.00 | 04/10/2015<br>04/22/2015<br>10/06/2015 | No Access | 150.00<br>Y | 60.00<br>13.31 | 223.31 | 12/18/15 |
| **Work Order Description:** | | apt#10: make all necessary repair or adjustments to reduce excessive hotwater temperature to normal at all fixtures. #2, oil | | | | | | | | |
| **AOR**<br>EF20616 | GC | | 0.00 | 05/12/2015 | Work Done<br>by Others | 15.98<br>Y | 6.39<br>1.42 | 23.79 | 06/19/15 |
| **Work Order Description:** | | apt 4f: provide and install / repair window guards throughout apartment. | | | | | | | | |
| **AOR**<br>EH09678 | GC | | 0.00 | 01/11/2017 | Work Done<br>by Others | 3.87<br>Y | 1.94<br>0.34 | 6.15 | 02/17/17 |
| **Work Order Description:** | | apt.(5)/ supply and install (3) window guards to apt call tenant at (########## for access. | | | | | | | | |
| **OMO**<br>EJ17904 | GC | 1200.00 | 1200.00<br>0.00 | 05/11/2019<br>05/24/2019<br>06/03/2019 | Owner<br>Refused<br>Access | 100.00<br>Y | 50.00<br>8.88 | 158.88 | |
| **Work Order Description:** | | at east side of the building at rear yard fire escape ----- replace with new the broken, defective and/or missing guide at drop ladder. "remove | | | | | | | | |
| **OMO**<br>EJ19201 | GC | 50.00 | 50.00<br>0.00 | 06/06/2019<br>07/03/2019 | Owner<br>Refused<br>Access | 0.00<br>Y | 0.00<br>0.00 | 0.00 | |
| **Work Order Description:** | | at apt# 25: as per the requirement contract with hpd and /doh guidelines, repplace with total two (2) new window guards as follows: (1) bat | | | | | | | | |
| **AOR**<br>EK00525 | GC | | 0.00 | 07/10/2019 | | 0.00 | 0.00<br>0.00 | 0.00 | |
| **Work Order Description:** | | apt# 25: install/repair window guards throughout entire apt. | | | | | | | | |
| **OMO**<br>EK00570 | GC | 0.00 | 0.00 | 07/10/2019 | | 0.00 | 0.00<br>0.00 | 0.00 | |
| **Work Order Description:** | | at apartment # 6, at bathroom :- install and properly replace with new the broken marble saddle, make all floor area by bathroom entrance in and out | | | | | | | | |
| **OMO**<br>EK00592 | GC | 0.00 | 0.00<br>0.00 | 07/10/2019 | | 0.00 | 0.00<br>0.00 | 0.00 | |
| **Work Order Description:** | | at public parts ;- remove the nuisance consisting of refuse , rubbish and maintain in a clean condition the household items approx. 6 cu.yds, broom | | | | | | | | |
| | PLUMB | | 0.00 | | | 0.00 | | 0.00 | |

| AOR | | 07/10/2019 | 0.00 |
| EK00594 | | | 0.00 |
| **Work Order Description:** | at aprtment # 6, at foyer :- recap the nuisance of uncaped gas pipe at ceiling by east wall before bathroom entrance. restore to proper working con | | |

**Totals for 322 EAST 117 STREET Life Cycle: BLDG**
**Charge Amount: $4,735.17    Admin Fee: $1,220.65    Sales Tax: $409.46    Total: $6,365.28**

Total for all Work Order & AOR charges on all building(s) on this report:

| Charge Amount | Admin Fee | Sales Tax | Total |
|---|---|---|---|
| $4,735.17 | $1,220.65 | $409.46 | $6,365.28 |

## Heat/Hot Water Inspection Fees

| Fee# | Fee Type | Issue Date | Fee Amount | Date Charges Transferred to DOF |
|---|---|---|---|---|
| 7915 | Heat Inspection Fee | 02/11/13 | 200.00 | 02/20/13 |
| | | | **Total for 322 EAST 117 STREET $200.00** | |

Heat/Hot Water Inspection Fee Total for this report: $200.00

## Inspection Fees

| Fee# | Fee Type | Issue Date | Fee Amount | Date Charges Transferred to DOF |
|---|---|---|---|---|
| 907393 | INSPECTION FEE | 07/19/18 | 200.00 | 07/20/18 |
| 908152 | INSPECTION FEE | 08/29/18 | 200.00 | 09/20/18 |
| 908780 | INSPECTION FEE | 09/27/18 | 200.00 | 10/19/18 |
| 909597 | INSPECTION FEE | 10/30/18 | 200.00 | 11/20/18 |
| 911192 | INSPECTION FEE | 12/20/18 | 200.00 | 01/10/19 |
| | | | **Total for 322 EAST 117 STREET $1,000.00** | |

Inspection Fee Total for this report: $1,000.00

## Repair, AEP Fees, Heat/Hot Water Inspection Fees, Inspection Fees Grand Totals

| Invoiced Approved & Fee Amount | Admin Fee | Sales Tax | Total |
|---|---|---|---|
| $4,735.17 | $1,220.65 | $409.46 | $7,565.28 |

**Charge Status**

| Invoiced - Not Yet Paid by HPD | Paid by HPD - Not Yet Transferred to DOF | Invoiced and Transferred | Grand Totals |
|---|---|---|---|
| $0.00 | $158.88 | $7,406.40 | $7,565.28 |

## Definitions:

## Work Order Section

**Work Type**: There are two work types:

- OMO: (Open Market Order): Private vendors perform Open Market Order (OMO) work, making repairs in response to HPD solicitations to complete the work described.

https://hpdonline.hpdnyc.org/HPDonline/BldgCharge.aspx                                  7/15/2019

property if not timely paid. If you have questions about AEP charges and fees, please call the Alternative Enforcement Program at (212)863-8262.

- **Heat and Hot Water Inspection Fees**: For a third or any subsequent inspection that results in a heat violation within the same heat season (October through May) or for a third or any subsequent inspection which results in a hot water violation within a calendar year, HPD will charge a fee of $200 for such inspections, pursuant to New York City Administrative Code Section 27-2115. Such fees become a tax lien against the property if not timely paid.

- **Inspection Fees**: Pursuant to section 27-2115 of the New York City Administrative Code, HPD is authorized to impose a fee for the third and each subsequent complaint-based housing inspection it performs in a particular dwelling unit where certain conditions are met, including HPD having already inspected the unit twice in the same twelve-month period, HPD having issued hazardous (class B) or immediately hazardous (class C) violations, and the owner having failed to repair and timely certify that those violations have been corrected. The fee, if not timely paid, becomes a tax lien against the property.

**Copies of documents may be requested pursuant to the Freedom of Information Law (FOIL) by writing to: FOIL Officer, HPD, 100 Gold Street, Room 5-U9, New York New York 10038. A FOIL request may also be submitted via the HPD website.**

Print Page

## **Exhibit 2**

**Con Edison Red Tag**



## Exhibit 3

**Caballero Answer**

OFFICE COPY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART U
------------------------------------------------------------x

EAST 117 REALTY, LLC.

L&T Index No. **250733/19**

Petitioner-Landlord

-against-

**AMENDED ANSWER**
with **DEFENSES** and
**COUNTERCLAIMS**

ELVIRA CABALLERO
322 EAST 117 STREET, APT. 28
NEW YORK, NEW YORK 10035

Respondent-Tenant.
------------------------------------------------------------x

F FILED
OCT 28 2019
NEW YORK COUNTY
CIVIL COURT

**PLEASE TAKE NOTICE**, that the Court does not have personal jurisdiction over

Respondent, ELVIRA CABALLERO, in that service of process herein was not proper and not in

accordance with legal requirements. No proper attempt at personal service was ever made or

effectuated. It is further requested that G.P.S. records be furnished to Respondent. Respondent

demands a traverse hearing.

**PLEASE TAKE FURTHER NOTICE** that Respondent, ELVIRA CABALLERO, the

tenant of the subject premises and the named party, hereby interposes the following amended

answer *nunc pro tunc* to the Notice of Petition and Petition herein and also alleges, upon

information and belief:

1. Respondent lacks information sufficient to form a belief with regard to the allegations
   contained in paragraphs: 1, 5, 7, 10.

2. Respondent denies the allegations contained in paragraphs: 2, 6, 8, 9.

3. Respondent admits the allegations contained in paragraph: 3, 4.

<u>**FIRST OBJECTION IN POINT OF LAW**</u>
<u>**FATALLY DEFECTIVE PREDICATE NOTICE**</u>

4.  The rent demand is equivocal, ambiguous and contains conflicting information in that it fails to state when payment is due and it is ambiguous as to who is making the demand.  Moreover, the demand is not a good faith assertion of the rent due at the time of the demand.

5.  First, the rent demand states that Respondent "is required to pay *not less than* five (5) days from the service of this notice".  (Emphasis added).  The demand is defective in that it fails to provide Respondent a date certain to pay the alleged arrears in order to avoid litigation.  The demand also states, "You have 30 days from receipt of this notice to dispute the debt." Taken together, these statements are confusing and fail to provide Respondent with notice of how to remedy the alleged default.

6.  Also, the rent demand contains a typewritten signature by Petitioner but also states, "This firm has been retained to collect a debt."  The demand is defective in that it fails to provide reasonable, unambiguous notice of who is making the demand.

7.  Lastly, the demand fails to credit all monthly DSS payments made, on Respondent's behalf, in the same period for which rent is demanded.  The demand is defective in that it fails to be a good faith assertion of the actual rent due.

8.  Petitioner failed to make a proper demand for rent from Respondent prior to commencing this proceeding, as required by RPAPL § 711(2). Therefore, the petition should be dismissed.

### SECOND OBJECTION IN POINT OF LAW
### IMPROPER SERVICE OF PROCESS

9.  Petitioner failed to file the affidavit of service with this Court within three days of service to Respondent as required by RPAPL § 735.

10. Petitioner's failure renders the Petition defective as a matter of law, therefore, the petition should be dismissed.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO OBTAIN A CERTIFICATE OF OCCUPANCY

11. Petitioner has failed to obtain a certificate of occupancy for the subject multiple dwelling premises as required by N.Y. Multiple Dwelling § 301. Noncompliance with the statute bars Petitioner from collecting rent or bringing an action for possession based on nonpayment of rent.

12. Therefore, the petition should be dismissed.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO PROVIDE GAS FOR OVER TWO YEARS

13. Respondent, including her two minor children, have been without cooking gas since February 2018.

14. On April 30, 2018, HPD filed an order to show cause, LT-210558-18/HA, seeking an order to correct all violations, including but not limited to, lack of gas. On December 10, 2018, the parties entered into a consent order where Petitioner agreed to restore the gas in the subject premises by February 10, 2019.

15. In August 2019, upon Petitioner's continued failure to restore gas in the subject premises, The Legal Aid Society filed another order to show cause, LT-200173-19/HA, seeking among other things, an order to restore the gas in the subject premises. The case is still pending in this Court and as of October 18, 2019, gas has not been restored.

16. Inadequate supply of gas is a rent-impairing violation and Respondent is entitled to an abatement of the rent withheld.

17. In addition, the violation has been on record and uncorrected for more than six months. Pursuant to Multiple Dwelling Law § 302-a(3)(a) and Multiple Residence Law § 305-a, Respondent is entitled to a complete abatement of rent.

18. Therefore, the petition should be dismissed.

### THIRD AFFIRMATIVE DEFENSE
### CONSTRUCTIVE EVICTION

19. Pursuant to RPL § 227, Respondent was constructively evicted from the subject premises due to Petitioner's failure to restore cooking gas for an extended period of time, and therefore Respondent is totally excused from any obligation to pay rent.

20. Therefore, the petition should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE
### IMPROPER RENT AMOUNT

21. Upon information and belief, the source of which is review of DHCR documents and Respondent's leases, the rent amount in the rent demand and the petition is improper. Renewal rent increases have not been applied pursuant to guidelines set by the Rent Guidelines Board.

22. Therefore, the petition should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE
### DEFECTIVE RENT REGISTRATION

23. A request to the DHCR for a history of rent registration information on the above captioned premises, revealed that the legal regulated rent amount registered by Petitioner is in excess of permissible increases set by the Rent Guidelines Board and is in violation of the Rent Stabilization Law.

24. The above-mentioned registration is a distortion of the record and renders Petitioner's registration defective.

25. Therefore, Petitioner failed to accurately state the facts upon which this proceeding is

based, in violation of RPAPL §741(4) and as such, this Court should dismiss the

petition.

**SIXTH AFFIRMATIVE DEFENSE**
**OVERCHARGE**

26. Respondent moved into the subject premises on July 1, 2011, pursuant to a one-year,

rent stabilized lease with a monthly rent amount of $1,100.00.  Upon information and

belief, Respondent subsequently signed a renewal lease with a monthly rental

obligation of $1,243.00.

27. Based on these facts, Respondent has been overcharged in violation of the N.Y. Rent

Stabilization Code § 2522.8(a).

28. Thus, since Petitioner overcharged and collected rent amounts in excess of the proper

legal regulated rent amount, this Court should dismiss with prejudice any claim by

Petitioner in excess of that which is lawful and award Respondent treble damages

plus interest as a result of the rent overcharge.

**SEVENTH AFFIRMATIVE DEFENSE**
**BREACH OF WARRANTY OF HABITABILITY**

29. The statutory warranty of habitability requires Petitioner to maintain the subject

premises and all areas used in connection therewith in a condition fit for human

habitation and for all reasonable intended uses, and also prohibits Petitioner from

subjecting occupants to any conditions which would be dangerous, hazardous or

detrimental to the health, life, and safety of the occupant.

30. There are, or have been, conditions in the apartment which render the premises unfit

for the use intended by the parties and which are dangerous to the life, health and

safety of Respondent and those living with Respondent. These conditions violate the

warranty of habitability contained in Real Property Law §235-b.

31. These conditions, which Petitioner has not timely addressed and/or repaired, include

but are not limited to:

Kitchen
- NO GAS
- Pipes leak
- Faucets defective
- Inadequate water pressure

Bathroom
- Pipes/fixtures leak
- Plaster falling
- Flushometer defective/broken
- Inadequate water pressure
- Window defective
- Light/light socket defective
- Floor tiles broken/missing

Bedroom(s)
- Ceiling falling
- Floors warped/broken
- Walls cracked/bulging
- Windows defective
- Outlets defective
- Plaster falling

Throughout Apartment
- Rats/mice/roaches throughout apartment
- Bell/buzzer/intercom does not work
- Floors warped/broken
- No hot water

32. Respondent did not cause any of these conditions. These conditions were caused by

Petitioner's failure to make necessary repairs and maintain services.

33. Petitioner or its agents are on notice or should be on notice of the existence of these

conditions. Petitioner signed prior consent orders agreeing to remedy these

conditions.

34. As a result of Petitioner's breach, Respondent is entitled to an abatement of any rent found to be owed to Petitioner and for an order staying Petitioner from collecting future rent until such time as the Court determines that the conditions described above, and all other conditions existing in the subject premises which pose a danger to the life, health and safety of Respondent or which constitute a violation of applicable law, have been entirely corrected.

## FIRST COUNTERCLAIM
## DAMAGES FOR BREACH OF WARRANTY OF HABITABILITY

35. As alleged above, there are numerous conditions and repairs that must be made in the subject apartment.

36. Respondent is entitled to an abatement of rent due to these conditions. Petitioner has been timely notified by Respondent and HPD of said conditions, but has not timely and/or properly addressed and/or corrected the conditions.

37. By reason of the foregoing, Respondent is entitled to a judgment for damages as against Petitioner. As a result of these conditions, Respondent has been harmed in numerous ways and the value of her use of the property has been significantly diminished, including but not limited to, danger to the health and safety of Respondent and her two minor children.

## SECOND COUNTERCLAIM
## ORDER TO CORRECT CONDITIONS

38. The conditions referred to above constitute violations of decent housing standards as set forth in the Multiple Dwelling Law of the State of New York, The Housing Maintenance Code of the City of New York, the Building Code of the City of New York, The Health Code of the City of New York and Real Property Law § 235-b.

39. Under § 110(c) of the New York Civil Court Act and § 27-2121 of the Administrative Code of the City of New York, this Court has jurisdiction and authority to issue an order, requiring Petitioner and its agents to correct the conditions referred to above.

40. Such an order is required to enforce the housing standards referred to above and to protect the life, health, and safety of Respondent.

## THIRD COUNTERCLAIM
## TREBLE DAMAGES FOR WILLFUL OVERCHARGE

41. The allegations in the paragraphs above are hereby repeated and realleged.

42. Respondent has been overcharged in rent.

43. The monthly rent alleged in the petition, $1,243.93, is in excess of the amount that is legally permissible under the Rent Stabilization Law and Code.

44. It is impossible at this time to calculate the exact amount by which Respondent has been overcharged. However, it is expected that the amount of the overcharge will be ascertainable as more information is obtained regarding the amount of rent Respondent has paid in excess of what she can lawfully be charged.

45. Furthermore, Petitioner has been willfully overcharging Respondent in rent. Therefore, Respondent is entitled to treble damages for the amount of the overcharge.

## FOURTH COUNTERCLAIM
## DAMAGES FOR CONSTRUCTIVE EVICTION

46. The allegations in the paragraphs above are hereby repeated and realleged.

47. Respondent is entitled to damages for losses resulting from the constructive eviction.

## FIFTH COUNTERCLAIM
## RECIPROCAL RIGHT OF COUNSEL FEES

48. Respondent is entitled to a reciprocal right to the recoupment of legal fees, costs, and disbursements.

49. By reason of the foregoing, Respondent is entitled to judgment for her attorney fees, costs, and disbursements, in an amount to be determined by the Court.

**WHEREFORE**, Respondent respectfully requests that judgment be entered as follows:

1. Dismissing the Petition in its entirety; and

2. Ordering Petitioner to correct all conditions constituting violations of the Multiple Dwelling Law and Housing Maintenance Code that exist in Respondent's apartment; and

3. Granting judgement on Respondent's counterclaims; and

4. Granting reasonable attorney's fees; and

5. Granting such other and further relief as the Court deems just and proper.

Dated: October 24,2019
New York, New York

Respectfully Submitted,

Xesenia M. Godoy, Of Counsel
Janet Sabel, Attorney-in-Chief
THE LEGAL AID SOCIETY
Harlem Community Law Office
2090 Adam Clayton Powell Jr. Blvd, 3rd Floor
New York, NY 10027
P: (212) 426-3008
F: (646) 426-3074
Email: YGodoy@legal-aid.org
*Attorneys for Respondent*

To:    Todd Rothenberg, Esq.
       271 North Avenue, Ste. 115
       New Rochelle, NY 10801-5109
       Tel 914-235-7234
       *Attorney for Petitioner*

## **VERIFICATION**

YESENIA M. GODOY, an attorney duly admitted to the practice of law in the Courts of the State of New York, hereby affirms under penalty of law:

I am of Counsel to Janet Sabel, Attorney-in-Chief of The Legal Aid Society and attorney of record for the Respondent herein.  As such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing Answer and Counterclaims, and know the contents thereof.

The allegations contained therein are true to the best of my knowledge and understanding, except those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief regarding those matters not stated upon my own personal knowledge are the statements and records of the Respondent as well as documents and records obtained by The Legal Aid Society.

Dated: October 24, 2019
    New York, New York

YESENIA M. GODOY

## VERIFICATION

STATE OF NEW YORK          )
                                           ) ss:
COUNTY OF NEW YORK    )

     ELVIRA CABALLERO being duly sworn, deposes and says:

     I am the named Respondent in this proceeding. I have read the foregoing answer and I am familiar with the statements therein. The same are true to the best of my knowledge, except for those matters alleged upon information and belief. As to those matters, I believe them to be true.

                                 *Elvira*
                                 ELVIRA CABALLERO

Sworn to before me this

25 day of OCT. 2019

NOTARY PUBLIC

YESENIA M. GODOY
NOTARY
NO. 02GO6346552
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
08-15-2020
PUBLIC
STATE OF NEW YORK

Index No. **L&T-250733/19/NY**
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART U

**EAST 117 REALTY, LLC.,**

Petitioner-Landlord,

-against-

**ELVIRA CABALLERO**
**322 EAST 117 STREET, APT. 28**
**NEW YORK, NY 10035**

Respondent-Tenant.

---

## AMENDED ANSWER

Signature (Rule 130-1.1-a)

**YESENIA M. GODOY**, Esq. of Counsel
**Janet Sabel, Esq.**
**Attorney-in-Chief**
*Attorneys for Respondent*
**THE LEGAL AID SOCIETY**

**Harlem Community Law Office**
**2090 Adam Clayton Powell Jr. Blvd., 3rd Floor**
**New York, NY 10027**
**TEL: (212) 426-3008**
**E-FAX: (212) 876-5365**

To:    Todd Rothenberg, Esq.
       271 North Avenue, Ste. 115
       New Rochelle, NY 10801-5109
       Tel 914-235-7234
       *Attorney for Petitioner*

Service of a copy of the within is hereby admitted.

Dated, _____

..................................................................

Attorney(s) for

## **Exhibit 4**

**Torres Answer**

OFFICE COPY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART U
------------------------------------------------------------x

EAST 117 REALTY, LLC.                          L&T Index No. **250734/19**

                    Petitioner-Landlord

                                               **AMENDED ANSWER**
    -against-                                  with **DEFENSES** and
                                               **COUNTERCLAIMS**

SANDRA JANET TORRES                            FILED
322 EAST 117 STREET, APT. 21
NEW YORK, NEW YORK 10035                        OCT 2 8 2019
                    Respondent-Tenant.
------------------------------------------------------------x          NEW YORK COUNTY
                                                                       CIVIL COURT

    **PLEASE TAKE NOTICE**, that the Court does not have personal jurisdiction over

Respondent, SANDRA JANET TORRES, in that service of process herein was not proper and

not in accordance with legal requirements.  No proper attempt at personal service was ever made

or effectuated.  It is further requested that G.P.S. records be furnished to Respondent.

Respondent demands a traverse hearing.

    **PLEASE TAKE FURTHER NOTICE** that Respondent, SANDRA JANET TORRES,

the tenant of the subject premises and the named party, hereby interposes the following amended

answer *nunc pro tunc* to the Notice of Petition and Petition herein and also alleges, upon

information and belief:

1. Respondent lacks information sufficient to form a belief with regard to the allegations

   contained in paragraphs: 1, 5, 7, 10.

2. Respondent denies the allegations contained in paragraphs: 2, 6, 8, 9.

3. Respondent admits the allegations contained in paragraph: 3, 4.

<u>**FIRST OBJECTION IN POINT OF LAW**</u>
<u>**FATALLY DEFECTIVE PREDICATE NOTICE**</u>

4. The rent demand is equivocal, ambiguous and contains conflicting information in that it fails to state when payment is due and it is ambiguous as to who is making the demand.

5. First, the rent demand states that Respondent "is required to pay *not less than* five (5) days from the service of this notice". (Emphasis added). The demand is defective in that it fails to provide Respondent a date certain to pay the alleged arrears in order to avoid litigation. The demand also states, "You have 30 days from receipt of this notice to dispute the debt." Taken together, these statements are confusing and fail to provide Respondent with notice of how to remedy the alleged default.

6. Also, the rent demand contains a typewritten signature by Petitioner but also states, "This firm has been retained to collect a debt." The demand is defective in that it fails to provide reasonable, unambiguous notice of who is making the demand.

7. Petitioner failed to make a proper demand for rent from Respondent prior to commencing this proceeding, as required by RPAPL § 711(2). Therefore, the petition should be dismissed.

### SECOND OBJECTION IN POINT OF LAW
### IMPROPER SERVICE OF PROCESS

8. Petitioner failed to file the affidavit of service of the Notice of Petition and Petition with this Court within three days of service as required by RPAPL § 735.

9. Petitioner's failure renders the Petition defective as a matter of law, therefore, the petition should be dismissed.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO OBTAIN A CERTIFICATE OF OCCUPANCY

10. Petitioner has failed to obtain a certificate of occupancy for the subject multiple dwelling premises as required by N.Y. Multiple Dwelling § 301. Noncompliance with the statute bars Petitioner from collecting rent or bringing an action for possession based on nonpayment of rent.

11. Therefore, the petition should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**
**FAILURE TO PROVIDE GAS FOR OVER TWO YEARS**

12. Respondent, including her three minor children, have been without cooking gas since February 2018.

13. On April 30, 2018, HPD filed an order to show cause, LT-210558-18/HA, seeking an order to correct all violations, including but not limited to, lack of gas. On December 10, 2018, the parties entered into a consent order where Petitioner agreed to restore the gas in the subject premises by February 10, 2019.

14. In August 2019, upon Petitioner's continued failure to restore gas in the subject premises, The Legal Aid Society filed another order to show cause, LT-200173-19/HA, seeking among other things, an order to restore the gas in the subject premises. The case is still pending in this Court and as of October 18, 2019, gas has not been restored.

15. Inadequate supply of gas is a rent-impairing violation and Respondent is entitled to an abatement of the rent withheld.

16. In addition, the violation has been on record and uncorrected for more than six months. Pursuant to Multiple Dwelling Law § 302-a(3)(a) and Multiple Residence Law § 305-a, Respondent is entitled to a complete abatement of rent.

17. Therefore, the petition should be dismissed.

### THIRD AFFIRMATIVE DEFENSE
### CONSTRUCTIVE EVICTION

18. Pursuant to RPL § 227, Respondent was constructively evicted from the subject premises due to Petitioner's failure to restore cooking gas for an extended period of time, and therefore Respondent is totally excused from any obligation to pay rent.

19. Therefore, the petition should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE
### IMPROPER RENT AMOUNT

20. Upon information and belief, the source of which is review of DHCR documents and Respondent's leases, the rent amount in the rent demand and the petition is improper. Vacancy and renewal rent increases have not been applied pursuant to guidelines set by the Rent Guidelines Board.

21. Therefore, the petition should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE
### DEFECTIVE RENT REGISTRATION

22. A request to the DHCR for a history of rent registration information on the above captioned premises, revealed that the legal regulated rent amount registered by Petitioner is in excess of permissible increases set by the Rent Guidelines Board and is in violation of the Rent Stabilization Law.

23. The above-mentioned registration is a distortion of the record and renders Petitioner's registration defective.

24. Therefore, Petitioner failed to accurately state the facts upon which this proceeding is based, in violation of RPAPL §741(4) and as such, this Court should dismiss the petition.

### SIXTH AFFIRMATIVE DEFENSE

## OVERCHARGE

25. Respondent moved into the subject premises on or about 2011. Upon information and belief, the source of which is examination of the DHCR rent registration history, Respondent paid rent in excess of the proper legal regulated rent amount.

26. Based on these facts, Respondent has been overcharged in violation of the N.Y. Rent Stabilization Code § 2522.8(a).

27. Thus, since Petitioner overcharged and collected rent amounts in excess of the proper legal regulated rent amount, this Court should dismiss with prejudice any claim by Petitioner in excess of that which is lawful and award Respondent treble damages plus interest as a result of the rent overcharge.

## SEVENTH AFFIRMATIVE DEFENSE
## BREACH OF WARRANTY OF HABITABILITY

28. The statutory warranty of habitability requires Petitioner to maintain the subject premises and all areas used in connection therewith in a condition fit for human habitation and for all reasonable intended uses, and also prohibits Petitioner from subjecting occupants to any conditions which would be dangerous, hazardous or detrimental to the health, life, and safety of the occupant.

29. There are, or have been, conditions in the apartment which render the premises unfit for the use intended by the parties and which are dangerous to the life, health and safety of Respondent and those living with Respondent. These conditions violate the warranty of habitability contained in Real Property Law §235-b.

30. These conditions, which Petitioner has not timely addressed and/or repaired, include but are not limited to:

Kitchen
- NO GAS
- Walls cracked/bulging
- Outlets/light fixtures defective
- Refrigerator defective
- Floors warped/broken
- Gas

Bathroom
- Inadequate water pressure
- Wall tiles broken/missing
- Door/door frame defective
- Mold

Bedroom(s)
- Ceiling falling
- Floors warped/broken
- Radiator leaks
- Walls cracked/bulging
- Windows defective
- Outlets defective
- Plaster falling

Living Room
- Holes in walls
- Floors broken/warped
- Windows defective
- Outlets/light fixtures defective
- Walls cracked/bulging
- Plaster falling
- Radiators/steam pipes leak

Throughout Apartment
- Bell/buzzer/intercom does not work
- Roaches/rats throughout
- Floors broken/warped
- Inadequate heat
- Electrical wiring exposed throughout

31. Respondent did not cause any of these conditions. These conditions were caused by

Petitioner's failure to make necessary repairs and maintain services.

32. Petitioner or its agents are on notice or should be on notice of the existence of these conditions. Petitioner signed prior consent orders agreeing to remedy these conditions.

33. As a result of Petitioner's breach, Respondent is entitled to an abatement of any rent found to be owed to Petitioner and for an order staying Petitioner from collecting future rent until such time as the Court determines that the conditions described above, and all other conditions existing in the subject premises which pose a danger to the life, health and safety of Respondent or which constitute a violation of applicable law, have been entirely corrected.

## FIRST COUNTERCLAIM
## DAMAGES FOR BREACH OF WARRANTY OF HABITABILITY

34. As alleged above, there are numerous conditions and repairs that must be made in the subject apartment.

35. Respondent is entitled to an abatement of rent due to these conditions. Petitioner has been timely notified by Respondent and HPD of said conditions, but has not timely and/or properly addressed and/or corrected the conditions.

36. By reason of the foregoing, Respondent is entitled to a judgment for damages as against Petitioner. As a result of these conditions, Respondent has been harmed in numerous ways and the value of her use of the property has been significantly diminished, including but not limited to, danger to the health and safety of Respondent and her three minor children.

## SECOND COUNTERCLAIM
## ORDER TO CORRECT CONDITIONS

37. The conditions referred to above constitute violations of decent housing standards as set forth in the Multiple Dwelling Law of the State of New York, The Housing Maintenance Code of the City of New York, the Building Code of the City of New York, The Health Code of the City of New York and Real Property Law § 235-b.

38. Under § 110(c) of the New York Civil Court Act and § 27-2121 of the Administrative Code of the City of New York, this Court has jurisdiction and authority to issue an order, requiring Petitioner and its agents to correct the conditions referred to above.

39. Such an order is required to enforce the housing standards referred to above and to protect the life, health, and safety of Respondent.

### THIRD COUNTERCLAIM
### TREBLE DAMAGES FOR WILLFUL OVERCHARGE

40. The allegations in the paragraphs above are hereby repeated and realleged.

41. Respondent has been overcharged in rent.

42. The monthly rent alleged in the petition, $1,075.79, is in excess of the amount that is legally permissible under the Rent Stabilization Law and Code.

43. It is impossible at this time to calculate the exact amount by which Respondent has been overcharged.  However, it is expected that the amount of the overcharge will be ascertainable as more information is obtained regarding the amount of rent Respondent has paid in excess of what she can lawfully be charged.

44. Furthermore, Petitioner has been willfully overcharging Respondent in rent. Therefore, Respondent is entitled to treble damages for the amount of the overcharge.

### FOURTH COUNTERCLAIM
### DAMAGES FOR CONSTRUCTIVE EVICTION

45. The allegations in the paragraphs above are hereby repeated and realleged.

46. Respondent is entitled to damages for losses resulting from the constructive eviction.

## FIFTH COUNTERCLAIM
### RECIPROCAL RIGHT OF COUNSEL FEES

47. Respondent is entitled to a reciprocal right to the recoupment of legal fees, costs, and

disbursements.

48. By reason of the foregoing, Respondent is entitled to judgment for her attorney fees,

costs, and disbursements, in an amount to be determined by the Court.

**WHEREFORE**, Respondent respectfully requests that judgment be entered as follows:

1. Dismissing the Petition in its entirety; and

2. Ordering Petitioner to correct all conditions constituting violations of the

    Multiple Dwelling Law and Housing Maintenance Code that exist in

    Respondent's apartment; and

3. Granting judgement on Respondent's counterclaims; and

4. Granting reasonable attorney's fees; and

5. Granting such other and further relief as the Court deems just and proper.

Dated: October 25, 2019
New York, New York

Respectfully Submitted,

Yesenia M. Godoy, Of Counsel
Janet Sabel, Attorney-in-Chief
THE LEGAL AID SOCIETY
Harlem Community Law Office
2090 Adam Clayton Powell Jr. Blvd, 3rd Floor
New York, NY 10027
P: (212) 426-3008
Email:  YGodoy@legal-aid.org
*Attorneys for Respondent*

To:     Todd Rothenberg, Esq.
        271 North Avenue, Ste. 115
        New Rochelle, NY 10801-5109
        Tel 914-235-7234
        *Attorney for Petitioner*

## VERIFICATION

YESENIA M. GODOY, an attorney duly admitted to the practice of law in the Courts of the State of New York, hereby affirms under penalty of law:

I am of Counsel to Janet Sabel, Attorney-in-Chief of The Legal Aid Society and attorney of record for the Respondent herein.  As such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing Answer and Counterclaims, and know the contents thereof.

The allegations contained therein are true to the best of my knowledge and understanding, except those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief regarding those matters not stated upon my own personal knowledge are the statements and records of the Respondent as well as documents and records obtained by The Legal Aid Society.

Dated: October 25, 2019
        New York, New York

YESENIA M. GODOY

## VERIFICATION

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NEW YORK   )

SANDRA TORRES being duly sworn, deposes and says:

I am the named Respondent in this proceeding. I have read the foregoing answer and I am familiar with the statements therein. The same are true to the best of my knowledge, except for those matters alleged upon information and belief. As to those matters, I believe them to be true.

_____
SANDRA TORRES

Sworn to before me this

25 day of OCT 2019

NOTARY PUBLIC

YESENIA  M.  GODOY
NOTARY
NO. 02GO6346552
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
08-15-2020
PUBLIC
STATE OF NEW YORK

Index No. **L&T-250734/19/NY**
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK:  HOUSING PART U

**EAST 117 REALTY, LLC.,**

                                        Petitioner-Landlord,

        -against-

**SANDRA JANET TORRES**
**322 EAST 117 STREET, APT. 21**
**NEW YORK, NY 10035**

                                Respondent-Tenant.

---

## AMENDED ANSWER

Signature (Rule 130-1.1-a)

**YESENIA M. GODOY**, Esq. of Counsel
**Janet Sabel, Esq.**
**Attorney-in-Chief**
*Attorneys for Respondent*
**THE LEGAL AID SOCIETY**

**Harlem Community Law Office**
**2090 Adam Clayton Powell Jr. Blvd., 3rd Floor**
**New York, NY 10027**
**TEL: (212) 426-3008**
**E-FAX: (212) 876-5365**

To:    Todd Rothenberg, Esq.
        271 North Avenue, Ste. 115
        New Rochelle, NY 10801-5109
        Tel 914-235-7234
        *Attorney for Petitioner*

Service of a copy of the within is hereby admitted.

Dated, _____

........................................................

Attorney(s) for

## Exhibit C

**Diamond Affidavit**

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York 10022
(212) 593-1100

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

In re                                                    Chapter 11

    203 W 107 Street LLC, *et al*,[1]           Case No. 20-12960 (SCC)
                                                Jointly Administered

                                Debtors.
---------------------------------------------------------x

        Ephraim Diamond hereby affirms and says under the penalties of perjury:

        1.      I am an attorney duly admitted to practice law in the courts of the State of New York and in the Southern District of the State of New York.

        2.      I am the CRO of the above-captioned debtors herein ("Debtors"), and as such I am fully familiar with all the facts and circumstances contained herein.

        3.      I am submitting this Affidavit at the request of the United States Trustee to supplement my declaration filed on February 4, 2021.

---

1 The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364), 220 W 107 Street LLC (0461), 230 W 107 Street LLC (3686), 124-136 East 117 LLC (6631), 215 East 117 LLC (6961), 231 East 117 LLC (0105), 235 East 117 LLC (8762), 244 East 117 LLC (1142), East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).

4.      The facts contained herein were given to me by the Debtors' pre-petition

management company following review and revision by the Debtors' post-petition

management companies.

5.      Attached is an updated breakdown with additional detail of tenant

security deposits receipts by apartment.

Dated: New York, New York
         February 19, 2021


                              By:      s/ Ephraim Diamond


2

## 117 St. Properties Security Deposits

| Property | Unit | Resident Code | Resident | Receipts | Receipts | Deposits |
|----------|------|---------------|----------|----------|----------|----------|
| h124_117 | 1A | t0006944 | | 0.00 | 2,000.00 | 2,000.00 |
| h124_117 | 1C | t0006701 | | 0.00 | 2,400.00 | 2,400.00 |
| h124_117 | 1E | t0001971 | | 2,200.00 | 25.00 | 2,225.00 |
| h124_117 | 1G_B | t0003214 | | 0.00 | 786.90 | 786.90 |
| h124_117 | 1N | t0005733 | | 0.00 | 1,975.00 | 1,975.00 |
| h124_117 | 2B | t0001978 | | 209.00 | 0.00 | 209.00 |
| h124_117 | 2E | t0001980 | | 158.33 | 0.00 | 158.33 |
| h124_117 | 2F | t0005884 | | 0.00 | 3,000.00 | 3,000.00 |
| h124_117 | 2J | t0001984 | | 62.26 | 0.00 | 62.26 |
| h124_117 | 2L | t0001986 | | 55.67 | 32.58 | 88.25 |
| h124_117 | 2N | t0001987 | | 1,469.33 | 63.34 | 1,532.67 |
| h124_117 | 3D | t0001991 | | 1,555.82 | 515.25 | 2,071.07 |
| h124_117 | 3H | t0001995 | | 84.01 | 0.00 | 84.01 |
| h124_117 | 3P | t0002000 | | 142.17 | 0.00 | 142.17 |
| h124_117 | 4C | t0006509 | | 0.00 | 2,400.00 | 2,400.00 |
| h124_117 | 4D | t0002002 | | 2,300.00 | 25.00 | 2,325.00 |
| h124_117 | 4F | t0005561 | | 0.00 | 2,825.00 | 2,825.00 |
| h124_117 | 4H | t0002006 | | 2,366.60 | 33.20 | 2,399.80 |
| h124_117 | 4J | t0002007 | | 62.83 | 1,923.24 | 1,986.07 |
| h124_117 | 4P | t0002011 | | 238.58 | 2,040.19 | 2,278.77 |
| h124_117 | 5B | t0002012 | | 158.33 | 0.00 | 158.33 |
| h124_117 | 5C | t0001787 | | 0.00 | 2,100.00 | 2,100.00 |
| h124_117 | 5F | t0002015 | | 108.64 | 0.00 | 108.64 |
| h124_117 | 5G | t0002016 | | 2,100.00 | 0.00 | 2,100.00 |
| h124_117 | 5H | t0002017 | | 0.00 | 38.98 | 38.98 |
| h124_117 | 5K | t0006906 | | 0.00 | 2,375.00 | 2,375.00 |
| h124_117 | 5L | t0006056 | | 0.00 | 3,200.00 | 3,200.00 |
| h124_117 | 6C | t0002022 | | 1,090.00 | 0.00 | 1,090.00 |
| h124_117 | 6D | t0006118 | | 0.00 | 2,100.00 | 2,100.00 |
| h124_117 | 6E | t0005452 | | 0.00 | 2,600.00 | 2,600.00 |
| h124_117 | 6F | t0002025 | | 138.49 | 0.00 | 138.49 |
| h124_117 | 6H | t0002027 | | 53.53 | 19.84 | 73.37 |
| h124_117 | 6J | t0002028 | | 57.87 | 27.27 | 85.14 |
| h124_117 | 6N | t0002031 | | 189.71 | 35.12 | 224.83 |
| **h124_117** | | | | **14,801.17** | **32,540.91** | **47,342.08** |
| | | | | | | |
| h215_117 | 01 | t0002284 | | 1,605.93 | 32.12 | 1,638.05 |
| h215_117 | 02 | t0002285 | | 1,404.00 | 0.00 | 1,404.00 |
| h215_117 | 03 | t0002286 | | 206.23 | 1,215.72 | 1,421.95 |
| h215_117 | 04 | tr000520 | | 0.00 | 2,175.00 | 2,175.00 |
| h215_117 | 05 | t0002287 | | 1,765.75 | 0.00 | 1,765.75 |
| h215_117 | 06 | t0002288 | | 1,473.19 | 63.49 | 1,536.68 |
| h215_117 | 08 | t0002289 | | 1,446.40 | 18.08 | 1,464.48 |
| h215_117 | 11 | tr000521 | | 0.00 | 2,135.00 | 2,135.00 |
| h215_117 | 12 | t0006167 | | 0.00 | 0.00 | 0.00 |
| h215_117 | 14 | t0002293 | | 1,750.00 | 0.00 | 1,750.00 |
| h215_117 | 15 | t0002294 | | 706.45 | 0.00 | 706.45 |
| h215_117 | 16 | t0006164 | | 0.00 | 0.00 | 0.00 |
| h215_117 | 17 | t0002296 | | 124.48 | 37.70 | 162.18 |
| h215_117 | 23 | t0002300 | | 41.27 | 22.10 | 63.37 |
| h215_117 | 24 | t0002301 | | 2,200.00 | 0.00 | 2,200.00 |
| h215_117 | 26 | t0002302 | | 2,700.00 | 0.00 | 2,700.00 |
| h215_117 | 29 | t0002304 | | 114.53 | 43.48 | 158.01 |
| h215_117 | 30 | t0002305 | | 1,746.00 | 0.00 | 1,746.00 |

## 117 St. Properties Security Deposits

| Property | Unit | Resident Code | Resident | Receipts | Receipts | Deposits |
|----------|------|---------------|----------|----------|----------|----------|
| **h215_117** | | | | **17,284.23** | **5,742.69** | **23,026.92** |
| | | | | | | |
| h231_117 | 1A | t0002377 | | 2,150.00 | 0.00 | 2,150.00 |
| h231_117 | 1B | t0002378 | | 589.24 | 0.00 | 589.24 |
| h231_117 | 1C | t0002379 | | 1,269.77 | 15.87 | 1,285.64 |
| h231_117 | 1D | t0004723 | | 0.00 | 2,760.00 | 2,760.00 |
| h231_117 | 2A | t0002383 | | 1,342.98 | 0.00 | 1,342.98 |
| h231_117 | 2B | t0002384 | | 58.79 | 0.00 | 58.79 |
| h231_117 | 2C | t0002385 | | 58.15 | 0.00 | 58.15 |
| h231_117 | 2D | t0004555 | | 0.00 | 2,340.00 | 2,340.00 |
| h231_117 | 2E | t0002387 | | 77.38 | 0.00 | 77.38 |
| h231_117 | 3A | t0004391 | | 0.00 | 2,280.00 | 2,280.00 |
| h231_117 | 3B | t0002390 | | 344.69 | 0.00 | 344.69 |
| h231_117 | 3C | t0002391 | | 1,830.67 | 36.61 | 1,867.28 |
| h231_117 | 3E | t0002392 | | 807.68 | 0.00 | 807.68 |
| h231_117 | 3F | t0006033 | | 0.00 | 2,275.00 | 2,275.00 |
| h231_117 | 4A | t0002394 | | 111.44 | 27.16 | 138.60 |
| h231_117 | 4B | t0002395 | | 225.81 | 0.00 | 225.81 |
| h231_117 | 4C | t0002396 | | 80.42 | 0.00 | 80.42 |
| h231_117 | 4D | t0002397 | | 1,415.90 | 28.32 | 1,444.22 |
| h231_117 | 4E | tr000534 | | 0.00 | 2,395.00 | 2,395.00 |
| h231_117 | 5B | t0004382 | | 0.00 | 2,370.00 | 2,370.00 |
| h231_117 | 5D | t0004476 | | 0.00 | -1,925.00 | -1,925.00 |
| h231_117 | 5E | t0006048 | | 0.00 | 2,200.00 | 2,200.00 |
| h231_117 | 5F | t0002403 | | 1,550.00 | 0.00 | 1,550.00 |
| h231_117 | 6B | t0002404 | | 664.10 | 16.60 | 680.70 |
| h231_117 | 6C | t0002405 | | 870.45 | 0.00 | 870.45 |
| h231_117 | 6E | t0002407 | | 87.47 | 26.25 | 113.72 |
| **h231_117** | | | | **13,534.94** | **14,845.81** | **28,380.75** |
| | | | | | | |
| h235_117 | 1B | t0004370 | | 0.00 | 2,100.00 | 2,100.00 |
| h235_117 | 2B | t0005433 | | 0.00 | 1,950.00 | 1,950.00 |
| h235_117 | 2C | t0002470 | | 267.37 | 401.40 | 668.77 |
| h235_117 | 2D | t0007196 | | 0.00 | 2,175.00 | 2,175.00 |
| h235_117 | 2E | t0005823 | | 0.00 | 2,000.00 | 2,000.00 |
| h235_117 | 2F | t0003984 | | 3,394.78 | -719.78 | 2,675.00 |
| h235_117 | 3A | t0007520 | | 0.00 | 0.00 | 0.00 |
| h235_117 | 3C | tr000537 | | 0.00 | 2,075.00 | 2,075.00 |
| h235_117 | 3D | t0002477 | | 1,424.97 | 39.45 | 1,464.42 |
| h235_117 | 3F | t0002479 | | 1,362.47 | 86.99 | 1,449.46 |
| h235_117 | 4C | t0002482 | | 164.81 | 27.43 | 192.24 |
| h235_117 | 4D | t0002483 | | 5,550.00 | 0.00 | 5,550.00 |
| h235_117 | 4E | t0002484 | | 1,172.40 | 32.47 | 1,204.87 |
| h235_117 | 5A | t0006000 | | 0.00 | 2,225.00 | 2,225.00 |
| h235_117 | 5C | t0002488 | | 139.96 | 0.00 | 139.96 |
| h235_117 | 5D | t0002489 | | 0.00 | 0.00 | 0.00 |
| h235_117 | 5E | t0002490 | | 1,237.12 | 0.00 | 1,237.12 |
| h235_117 | 6B | t0007005 | | 0.00 | 1,925.00 | 1,925.00 |
| h235_117 | 6C | t0002494 | | 124.23 | 0.00 | 124.23 |
| h235_117 | 6D | t0002495 | | 188.78 | 34.37 | 223.15 |
| h235_117 | 6E | t0002496 | | 1,154.11 | 23.08 | 1,177.19 |
| h235_117 | A | t0002498 | | 348.55 | 0.00 | 348.55 |
| h235_117 | ST1 | t0006206 | | 0.00 | 4,500.00 | 4,500.00 |
| **h235_117** | | | | **16,529.55** | **18,875.41** | **35,404.96** |

# 117 St. Properties Security Deposits

| Property | Unit | Resident Code | Resident | Receipts | Receipts | Deposits |
|---|---|---|---|---|---|---|
| h244_117 | 1A | t0002587 | | 211.71 | 31.44 | 243.15 |
| h244_117 | 1B | t0002588 | | 1,625.00 | 0.00 | 1,625.00 |
| h244_117 | 1C | t0002589 | | 2,100.00 | 44.33 | 2,144.33 |
| h244_117 | 1E | tr000239 | | 0.00 | 1,903.00 | 1,903.00 |
| h244_117 | 2A | t0004556 | | 0.00 | 2,400.00 | 2,400.00 |
| h244_117 | 2B | t0002594 | | 1,675.00 | 0.00 | 1,675.00 |
| h244_117 | 2C | tr000546 | | 0.00 | 1,635.00 | 1,635.00 |
| h244_117 | 2D | t0004964 | | 0.00 | 2,300.00 | 2,300.00 |
| h244_117 | 2G | t0004040 | | 0.00 | 2,100.00 | 2,100.00 |
| h244_117 | 3B | t0006405 | | 0.00 | 1,160.27 | 1,160.27 |
| h244_117 | 3C | t0002601 | | 1,097.04 | 40.29 | 1,137.33 |
| h244_117 | 3D | t0002602 | | 102.48 | 1,574.77 | 1,677.25 |
| h244_117 | 3E | t0005955 | | 0.00 | 1,865.00 | 1,865.00 |
| h244_117 | 3F | tr000241 | | 0.00 | 2,345.00 | 2,345.00 |
| h244_117 | 4A | t0006861 | | 0.00 | -2,397.72 | -2,397.72 |
| h244_117 | 4C | t0006098 | | 0.00 | 1,950.00 | 1,950.00 |
| h244_117 | 4D | t0006044 | | 0.00 | 2,400.00 | 2,400.00 |
| h244_117 | 4E | t0002607 | | 1,055.34 | 29.22 | 1,084.56 |
| h244_117 | 4G | t0002609 | | 207.39 | 34.08 | 241.47 |
| h244_117 | 5A | t0006032 | | 0.00 | 2,300.00 | 2,300.00 |
| h244_117 | 5B | t0006045 | | 0.00 | 2,050.00 | 2,050.00 |
| h244_117 | 5E | t0004503 | | 0.00 | 3,800.00 | 3,800.00 |
| h244_117 | 5F | tr000548 | | 0.00 | 1,999.00 | 1,999.00 |
| h244_117 | 5G | t0005743 | | 0.00 | 2,050.00 | 2,050.00 |
| h244_117 | 6B | tr000243 | | 0.00 | 2,024.00 | 2,024.00 |
| h244_117 | 6E | t0006110 | | 0.00 | 1,975.00 | 1,975.00 |
| h244_117 | 6G | t0002618 | | 272.48 | 991.88 | 1,264.36 |
| **h244_117** | | | | **8,346.44** | **36,604.56** | **44,951.00** |
| s2231 | 1A | ts223101 | | 700.00 | 0.00 | 700.00 |
| s2231 | 1D | ts223102 | | 0.00 | 18.65 | 18.65 |
| s2231 | 2A | ts223107 | | 1,250.00 | 311.77 | 1,561.77 |
| s2231 | 2B | t0007083 | | 0.00 | 1,975.00 | 1,975.00 |
| s2231 | 2C | t0007084 | | 0.00 | 1,875.00 | 1,875.00 |
| s2231 | 2E | ts223115 | | 605.49 | 24.45 | 629.94 |
| s2231 | 2F | ts223116 | | 0.00 | 13.74 | 13.74 |
| s2231 | 3B | ts223118 | | 0.00 | 33.14 | 33.14 |
| s2231 | 3F | ts223130 | | 181.42 | 22.84 | 204.26 |
| s2231 | 4A | ts223131 | | 0.00 | 13.90 | 13.90 |
| s2231 | 4B | ts223132 | | 750.00 | 0.00 | 750.00 |
| s2231 | 4C | t0007075 | | 0.00 | 1,875.00 | 1,875.00 |
| s2231 | 4E | ts223137 | | 800.00 | 480.72 | 1,280.72 |
| s2231 | 5B | t0007095 | | 0.00 | 1,900.00 | 1,900.00 |
| s2231 | 5E | ts223147 | | 901.63 | 0.00 | 901.63 |
| s2231 | 5F | t0007113 | | 0.00 | 2,300.00 | 2,300.00 |
| s2231 | 6D | ts223155 | | 1,200.00 | 373.88 | 1,573.88 |
| s2231 | ST-1 | ts223159 | | 600.00 | 0.00 | 600.00 |
| **s2231** | | | | **6,988.54** | **11,218.09** | **18,206.63** |
| s117 | 316-01 | tr000246 | | 0.00 | 2,025.00 | 2,025.00 |
| s117 | 316-02 | ts117002 | | 0.00 | 27.76 | 27.76 |
| s117 | 316-03 | ts117003 | | 950.00 | 137.90 | 1,087.90 |
| s117 | 316-04 | ts117004 | | 525.00 | 0.00 | 525.00 |

2/19/2021 6:20 PM

## 117 St. Properties Security Deposits

| Property | Unit | Resident Code | Resident | Receipts | Receipts | Deposits |
|---|---|---|---|---|---|---|
| s117 | 316-05 | ts117005 | | 0.00 | 19.28 | 19.28 |
| s117 | 316-06 | ts117006 | | 1,107.83 | 44.53 | 1,152.36 |
| s117 | 316-07 | ts117007 | | 0.00 | 1,002.90 | 1,002.90 |
| s117 | 316-08 | ts117008 | | 1,000.00 | 232.36 | 1,232.36 |
| s117 | 316-11 | ts117011 | | 1,139.03 | 17.09 | 1,156.12 |
| s117 | 316-12 | ts117012 | | 600.00 | 0.00 | 600.00 |
| s117 | 316-13 | ts117013 | | 0.00 | 174.19 | 174.19 |
| s117 | 316-14 | ts117014 | | 575.00 | 33.68 | 608.68 |
| s117 | 316-17 | ts117017 | | 0.00 | 20.29 | 20.29 |
| s117 | 316-18 | ts117018 | | 0.00 | 1,210.27 | 1,210.27 |
| s117 | 322-01 | tr000247 | | 0.00 | 1,719.50 | 1,719.50 |
| s117 | 322-03 | ts117020 | | 1,500.00 | 0.00 | 1,500.00 |
| s117 | 322-05 | ts117022 | | 1,000.00 | 0.00 | 1,000.00 |
| s117 | 322-06 | ts117023 | | 555.92 | 0.00 | 555.92 |
| s117 | 322-07 | ts117024 | | 1,350.00 | 0.00 | 1,350.00 |
| s117 | 322-08 | ts117025 | | 1,200.00 | 180.73 | 1,380.73 |
| s117 | 322-10 | ts117027 | | 1,021.12 | 332.19 | 1,353.31 |
| s117 | 322-11 | ts117028 | | 1,000.00 | 13.36 | 1,013.36 |
| s117 | 322-12 | ts117029 | | 472.00 | 16.85 | 488.85 |
| s117 | 322-13 | ts117030 | | 0.00 | 1,102.70 | 1,102.70 |
| s117 | 322-14 | ts117031 | | 0.00 | 31.32 | 31.32 |
| s117 | 322-15 | tr000248 | | 0.00 | 2,148.07 | 2,148.07 |
| s117 | 322-16 | ts117033 | | 950.00 | 0.00 | 950.00 |
| s117 | 322-17 | t0007110 | | 0.00 | 1,695.00 | 1,695.00 |
| s117 | 322-18 | ts117035 | | 575.00 | 23.03 | 598.03 |
| s117 | 322-19 | ts117036 | | 707.70 | 0.00 | 707.70 |
| s117 | 322-21 | ts117038 | | 900.00 | 0.00 | 900.00 |
| s117 | 322-22 | ts117039 | | 1,400.00 | 291.71 | 1,691.71 |
| s117 | 322-23 | tr000251 | | 0.00 | 1,800.46 | 1,800.46 |
| s117 | 322-24 | tr000252 | | 0.00 | 2,160.00 | 2,160.00 |
| s117 | 322-25 | ts117041 | | 0.00 | 28.10 | 28.10 |
| s117 | 322-26 | t0007112 | | 0.00 | 1,795.00 | 1,795.00 |
| s117 | 322-28 | ts117042 | | 1,100.00 | 0.00 | 1,100.00 |
| s117 | 326-03 | t0007190 | | 0.00 | 1,795.00 | 1,795.00 |
| s117 | 326-04 | t0007147 | | 0.00 | 1,795.00 | 1,795.00 |
| s117 | 326-05 | ts117045 | | 630.00 | 0.00 | 630.00 |
| s117 | 326-06 | ts117046 | | 432.59 | 0.00 | 432.59 |
| s117 | 326-07 | ts117047 | | 1,500.00 | 95.30 | 1,595.30 |
| s117 | 326-08 | ts117048 | | 1,000.00 | 114.66 | 1,114.66 |
| s117 | 326-09 | tr000258 | | 0.00 | 1,875.00 | 1,875.00 |
| s117 | 326-12 | tr000561 | | 0.00 | 1,850.00 | 1,850.00 |
| s117 | 326-13 | ts117050 | | 575.00 | 0.00 | 575.00 |
| s117 | 326-14 | t0007117 | | 0.00 | 0.00 | 0.00 |
| s117 | 326-16 | ts117052 | | 650.00 | 384.63 | 1,034.63 |
| s117 | 326-17 | ts117053 | | 982.08 | 19.64 | 1,001.72 |
| s117 | 326-18 | ts117054 | | 1,000.00 | 0.00 | 1,000.00 |
| s117 | 326-19 | ts117055 | | 645.50 | 21.39 | 666.89 |
| s117 | 326-1FE | ts117056 | | 0.00 | 32.70 | 32.70 |
| s117 | 326-1FW | ts117057 | | 0.00 | 19.52 | 19.52 |
| s117 | 326-20 | ts117058 | | 1,038.20 | 0.00 | 1,038.20 |
| s117 | 326-21 | ts117059 | | 925.00 | 0.00 | 925.00 |
| s117 | 326-22 | ts117060 | | 675.00 | 22.77 | 697.77 |
| s117 | 326-23 | ts117061 | | 950.00 | 3.85 | 953.85 |
| s117 | 326-24 | t0007094 | | 0.00 | 1,665.00 | 1,665.00 |

2/19/2021 6:20 PM

## 117 St. Properties Security Deposits

| Property | Unit | Resident Code | Resident | Receipts | Receipts | Deposits |
|----------|------|---------------|----------|----------|----------|----------|
| s117 | 326-25 | ts117062 | | 1,000.00 | 162.70 | 1,162.70 |
| s117 | 326-26 | tr000263 | | 0.00 | 2,055.00 | 2,055.00 |
| s117 | 326-27 | ts117064 | | 1,000.00 | 0.00 | 1,000.00 |
| **s117** | | | | **32,631.97** | **30,195.43** | **62,827.40** |
| **Total** | | | | **110,116.84** | **150,022.90** | **260,139.74** |

### 107st Street Properties Security Deposits

| Property | Unit | Resident Code | Resident | Prior Receipts | Current Receipts | Deposits |
|---|---|---|---|---|---|---|
| ha230 | 1A | t0004859 | | 0.00 | 550.00 | 550.00 |
| ha230 | 1D | ha10115 | | 0.00 | 1,216.13 | 1,216.13 |
| ha230 | 1E | ha10116 | | 0.00 | 2,225.48 | 2,225.48 |
| ha230 | 1F | ha10117 | | 0.00 | 1,013.68 | 1,013.68 |
| ha230 | 1J | ha10121 | | 0.00 | 3,600.00 | 3,600.00 |
| ha230 | 2A | t0006898 | | 0.00 | 3,350.00 | 3,350.00 |
| ha230 | 2B | ha10124 | | 0.00 | 1,628.31 | 1,628.31 |
| ha230 | 2E | ha10127 | | 0.00 | 1,519.74 | 1,519.74 |
| ha230 | 2G | t0007123 | | 0.00 | 2,950.00 | 2,950.00 |
| ha230 | 2H | ha10130 | | 0.00 | 930.94 | 930.94 |
| ha230 | 2I | t0006781 | | 0.00 | 2,575.00 | 2,575.00 |
| ha230 | 3C | t0007733 | | 0.00 | 0.00 | 0.00 |
| ha230 | 3E | t0007085 | | 0.00 | 3,200.00 | 3,200.00 |
| ha230 | 3G | ha10140 | | 0.00 | 965.96 | 965.96 |
| ha230 | 3H | t0007139 | | 0.00 | 2,700.00 | 2,700.00 |
| ha230 | 3I | ha10142 | | 0.00 | 789.89 | 789.89 |
| ha230 | 3J | ha10143 | | 0.00 | 1,131.70 | 1,131.70 |
| ha230 | 3K | t0005650 | | 0.00 | 0.00 | 0.00 |
| ha230 | 4A | ha10145 | | 0.00 | 1,806.37 | 1,806.37 |
| ha230 | 4B | ha10146 | | 0.00 | 929.50 | 929.50 |
| ha230 | 4E | ha10149 | | 0.00 | 1,675.65 | 1,675.65 |
| ha230 | 4H | ha10152 | | 0.00 | 1,299.06 | 1,299.06 |
| ha230 | 4I | ha10153 | | 0.00 | 774.83 | 774.83 |
| ha230 | 4J | ha10154 | | 0.00 | 1,433.15 | 1,433.15 |
| ha230 | 4K | ha10155 | | 0.00 | 1,250.29 | 1,250.29 |
| ha230 | 5B | ha10157 | | 0.00 | 85.15 | 85.15 |
| ha230 | 5C | ha10158 | | 0.00 | 4,600.00 | 4,600.00 |
| ha230 | 5E | t0005485 | | 0.00 | 3,450.00 | 3,450.00 |
| ha230 | 5F | ha10161 | | 0.00 | 1,527.54 | 1,527.54 |
| ha230 | 5I | t0006983 | | 0.00 | 2,475.00 | 2,475.00 |
| ha230 | 5J | ha10165 | | 0.00 | 978.28 | 978.28 |
| ha230 | 5K | ha10166 | | 0.00 | 995.95 | 995.95 |
| ha230 | 6B | ha10168 | | 0.00 | 949.02 | 949.02 |
| ha230 | 6E | ha10171 | | 0.00 | 1,197.28 | 1,197.28 |
| ha230 | 6F | ha10172 | | 0.00 | 1,057.23 | 1,057.23 |
| ha230 | 6G | ha10173 | | 0.00 | 1,792.29 | 1,792.29 |
| ha230 | 6H | ha10174 | | 0.00 | 1,154.94 | 1,154.94 |
| ha230 | 6I | ha10175 | | 0.00 | 2,600.00 | 2,600.00 |
| ha230 | 6K | t0005122 | | 0.00 | 3,500.00 | 3,500.00 |
| ha230 | 6K | t0007713 | | 0.00 | 0.00 | 0.00 |
| **ha230** | | | | **0.00** | **65,878.36** | **65,878.36** |
| | | | | | | |
| ha220 | 1A | ha10054 | | 0.00 | 867.78 | 867.78 |
| ha220 | 1D | ha10056 | | 0.00 | 1,736.85 | 1,736.85 |
| ha220 | 1E | ha10057 | | 0.00 | 644.66 | 644.66 |
| ha220 | 1H | t0006040 | | 0.00 | 3,250.00 | 3,250.00 |
| ha220 | 2A | t0006965 | | 0.00 | 3,445.00 | 3,445.00 |
| ha220 | 2B | ha10064 | | 0.00 | 3,416.07 | 3,416.07 |

2/19/2021 6:23 PM

**107st Street Properties Security Deposits**

| Property | Unit | Resident Code | Resident | Prior Receipts | Current Receipts | Deposits |
|---|---|---|---|---|---|---|
| ha220 | 2C | ha10065 | | 0.00 | 2,530.37 | 2,530.37 |
| ha220 | 2E | ha10067 | | 0.00 | 109.60 | 109.60 |
| ha220 | 2F | t0005771 | | 0.00 | 1,450.00 | 1,450.00 |
| ha220 | 2I | ha10071 | | 0.00 | 1,576.11 | 1,576.11 |
| ha220 | 3A | ha10073 | | 0.00 | 1,969.75 | 1,969.75 |
| ha220 | 3B | ha10074 | | 0.00 | 1,654.34 | 1,654.34 |
| ha220 | 3F | ha10078 | | 0.00 | 2,958.82 | 2,958.82 |
| ha220 | 4A | t0006070 | | 0.00 | 4,475.00 | 4,475.00 |
| ha220 | 4E | ha10087 | | 0.00 | 1,545.74 | 1,545.74 |
| ha220 | 4F | ha10088 | | 0.00 | 876.61 | 876.61 |
| ha220 | 4I | ha10091 | | 0.00 | 872.31 | 872.31 |
| ha220 | 4J | t0007081 | | 0.00 | 3,100.00 | 3,100.00 |
| ha220 | 5C | ha10095 | | 0.00 | 2,481.74 | 2,481.74 |
| ha220 | 5D | ha10096 | | 0.00 | 973.89 | 973.89 |
| ha220 | 5E | ha10097 | | 0.00 | 2,279.56 | 2,279.56 |
| ha220 | 5F | ha10098 | | 0.00 | 3,819.68 | 3,819.68 |
| ha220 | 5G | ha10099 | | 0.00 | 1,478.15 | 1,478.15 |
| ha220 | 5H | ha10100 | | 0.00 | 1,035.24 | 1,035.24 |
| ha220 | 6A | ha10103 | | 0.00 | 2,819.43 | 2,819.43 |
| ha220 | 6C | t0005196 | | 0.00 | 7,950.00 | 7,950.00 |
| ha220 | 6E | ha10107 | | 0.00 | 1,085.99 | 1,085.99 |
| ha220 | 6H | ha10110 | | 0.00 | 1,243.55 | 1,243.55 |
| ha220 | 6J | ha10112 | | 0.00 | 1,007.06 | 1,007.06 |
| **ha220** | | | | **0.00** | **62,653.30** | **62,653.30** |
| | | | | | | |
| ha210 | 1A | ha10001 | | 0.00 | 900.74 | 900.74 |
| ha210 | 1B | ha10002 | | 0.00 | 1,111.31 | 1,111.31 |
| ha210 | 1C | ha10003 | | 0.00 | 1,030.62 | 1,030.62 |
| ha210 | 1E | ha10004 | | 0.00 | 1,343.60 | 1,343.60 |
| ha210 | 1F | ha10005 | | 0.00 | 1,035.99 | 1,035.99 |
| ha210 | 2B | ha10010 | | 0.00 | 1,725.66 | 1,725.66 |
| ha210 | 2C | ha10011 | | 0.00 | 1,175.07 | 1,175.07 |
| ha210 | 2D | ha10012 | | 0.00 | 1,404.25 | 1,404.25 |
| ha210 | 2E | ha10013 | | 0.00 | 1,054.86 | 1,054.86 |
| ha210 | 2F | ha10014 | | 0.00 | 2,900.00 | 2,900.00 |
| ha210 | 2G | t0006876 | | 0.00 | 2,450.00 | 2,450.00 |
| ha210 | 2I | ha10017 | | 0.00 | 1,456.34 | 1,456.34 |
| ha210 | 3A | t0005642 | | 0.00 | 0.00 | 0.00 |
| ha210 | 3B | ha10019 | | 0.00 | 905.73 | 905.73 |
| ha210 | 3C | ha10020 | | 0.00 | 1,520.48 | 1,520.48 |
| ha210 | 3D | ha10021 | | 0.00 | 1,427.15 | 1,427.15 |
| ha210 | 3F | t0005131 | | 0.00 | 2,750.00 | 2,750.00 |
| ha210 | 3H | ha10025 | | 0.00 | 1,410.98 | 1,410.98 |
| ha210 | 4C | ha10029 | | 0.00 | 1,281.82 | 1,281.82 |
| ha210 | 4D | ha10030 | | 0.00 | 1,260.24 | 1,260.24 |
| ha210 | 4E | t0005648 | | 0.00 | 2,645.00 | 2,645.00 |
| ha210 | 4F | t0006957 | | 0.00 | 2,495.00 | 2,495.00 |
| ha210 | 4G | t0005161 | | 0.00 | 3,538.00 | 3,538.00 |

**107st Street Properties Security Deposits**

| Property | Unit | Resident Code | Resident | Prior Receipts | Current Receipts | Deposits |
|---|---|---|---|---|---|---|
| ha210 | 4H | ha10034 | | 0.00 | 1,373.60 | 1,373.60 |
| ha210 | 4I | ha10035 | | 0.00 | 1,064.06 | 1,064.06 |
| ha210 | 5A | ha10036 | | 0.00 | 941.99 | 941.99 |
| ha210 | 5D | ha10039 | | 0.00 | 2,138.13 | 2,138.13 |
| ha210 | 5E | t0006117 | | 0.00 | 3,600.00 | 3,600.00 |
| ha210 | 5F | ha10041 | | 0.00 | 1,250.35 | 1,250.35 |
| ha210 | 5G | ha10042 | | 0.00 | 830.79 | 830.79 |
| ha210 | 5I | ha10044 | | 0.00 | 960.07 | 960.07 |
| ha210 | 6C | ha10047 | | 0.00 | 1,883.44 | 1,883.44 |
| ha210 | 6D | ha10048 | | 0.00 | 2,371.80 | 2,371.80 |
| ha210 | 6E | ha10049 | | 0.00 | 1,584.28 | 1,584.28 |
| ha210 | 6F | t0007041 | | 0.00 | 2,900.00 | 2,900.00 |
| ha210 | 6I | t0005418 | | 0.00 | 4,000.00 | 4,000.00 |
| **ha210** | | | | **0.00** | **61,721.35** | **61,721.35** |
| | | | | | | |
| ha203 | 1C | ha10182 | | 0.00 | 15.41 | 15.41 |
| ha203 | 1D | tr000100 | | 0.00 | 2,675.00 | 2,675.00 |
| ha203 | 2A | ha10184 | | 0.00 | 1,271.73 | 1,271.73 |
| ha203 | 2C | ha10186 | | 0.00 | 903.19 | 903.19 |
| ha203 | 3B | ha10188 | | 0.00 | 1,187.95 | 1,187.95 |
| ha203 | 4A | ha10190 | | 0.00 | 1,192.52 | 1,192.52 |
| ha203 | 4C | ha10192 | | 0.00 | 998.45 | 998.45 |
| ha203 | 5B | ha10194 | | 0.00 | 971.64 | 971.64 |
| ha203 | 6A | ha10196 | | 0.00 | 1,236.93 | 1,236.93 |
| ha203 | 6B | ha10197 | | 0.00 | 1,337.40 | 1,337.40 |
| ha203 | 6C | ha10198 | | 0.00 | 1,262.77 | 1,262.77 |
| ha203 | 7A | ha10199 | | 0.00 | 1,587.63 | 1,587.63 |
| ha203 | 7B | ha10200 | | 0.00 | 1,060.45 | 1,060.45 |
| ha203 | 7C | ha10201 | | 0.00 | 1,490.17 | 1,490.17 |
| ha203 | 8A | ha10202 | | 0.00 | 1,360.86 | 1,360.86 |
| ha203 | 8C | ha10204 | | 0.00 | 1,086.99 | 1,086.99 |
| ha203 | 9A | ha10205 | | 0.00 | 1,090.66 | 1,090.66 |
| ha203 | 9B | ha10206 | | 0.00 | 1,609.17 | 1,609.17 |
| ha203 | 9C | ha10207 | | 0.00 | 799.87 | 799.87 |
| **ha203** | | | | **0.00** | **23,138.79** | **23,138.79** |
| | | | | | | |
| **Total** | | | | **0.00** | **213,391.80** | **213,391.80** |