UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                                    Chapter 11

    203 W 107 Street LLC *et al*,[1]                    Case No.  20-12960

    Debtors.
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER LIFTING
## AUTOMATIC STAY AND LIMITING RECOVERY CLAIM
## TO AVAILABLE INSURANCE PROCEEDS

WHEREAS, on December 28, 2020, the above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of New York (the "Court") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on March 18, 2022, Carmen Vasquez (the "Plaintiff") filed a verified complaint in the Supreme Court of the State of New York, New York County, bearing Index Number 152330/2022 (the "State Court Action") against, among others, Debtor 1661 PA Realty LLC; and

WHEREAS, the Plaintiff has agreed to limit any recovery that may be obtained in connection with the State Court Action solely to the proceeds of the insurance coverage maintained by Debtor 1661 PA Realty LLC for the Plaintiff's claims asserted in the State Court Action ("Insurance Coverage"); and

WHEREAS, subject to the terms and conditions hereof, the Plaintiff has agreed to waive any additional claims she may have against the Debtors' estates with respect to the claims

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364), 220 W 107 Street LLC (0461), 230 W 107 Street LLC (3686), 124-136 East 117 LLC (6631), 215 East 117 LLC (6961), 231 East 117 LLC (0105), 235 East 117 LLC (8762), 244 East 117 LLC (1142), East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).

1

asserted in the State Court Action; and

WHEREAS, the Debtor is prepared to consent to relief from the automatic stay on the terms and conditions specifically set forth herein and on the condition that any amounts sought to be recovered by the Plaintiff by a final order or settlement be recovered solely from the proceeds the Insurance Coverage, and that the Plaintiff waives any and all right to a distribution from the Debtors' estates.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties ("the Stipulation") that:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. The automatic stay under section 362 of the Bankruptcy Code is hereby modified solely to permit the Plaintiff to proceed to judgment and/or settlement in the State Court Action with Debtor 1661 PA Realty LLC and collection from the Insurance Coverage as a result of any such judgment and/or settlement without further action of this Court; provided however, that, for so long as the Debtors and the applicable insurer are not in breach of their respective obligations under this Stipulation:

(a) any amounts recovered by the Plaintiff by a final order or settlement in the State Court Action shall be limited and recoverable solely from the available proceeds of the Insurance Coverage;

(b) the Plaintiff hereby waives all rights, if any, to collect any amount with respect to the claims asserted in the State Court Action against the Debtors' estates and any claims(s) or judgment(s) or settlement(s) obtained by the Plaintiff may not be asserted as a claim or claims in the Debtors' Chapter 11 cases, or otherwise be enforceable against the Debtors;

(c) the Plaintiff agrees that she shall not file any proof of claim in these Chapter

11 cases, or otherwise seek recovery from the Debtors' estates in any manner with respect to any claim arising from, or related to, the claims asserted in the State Court Action; and

      (d)      the Plaintiff shall not seek entry of a judgment relating to the claims asserted in the State Court Action against the Debtor 1661 PA Realty LLC in excess of the Insurance Coverage afforded to such Debtor.

      3.      The Debtors' defense costs and other related fees and expenses associated with defending the claims asserted by the Plaintiff in the State Court Action shall be covered by the Insurance Coverage.

      4.      This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective unless and until it is "so-ordered" by the Bankruptcy Court (such date, the "Effective Date").

      5.      The Plaintiff acknowledges and agrees that the recovery of any claim(s), judgment(s) or settlement(s) against Debtor 1661 PA Realty LLC shall be limited to the insurance coverage available to such Debtor under the Insurance Coverage, and the Plaintiff further agrees that she shall not seek any recovery from any of the Debtors, their estates, directors, officers, partners, affiliates, employees or agents, for any amounts that may be awarded to the Plaintiff with respect to the claims asserted in the State Court Action.

      6.      Except as otherwise provided herein, this Stipulation may not be modified other than by a signed writing executed by the Debtors and the Plaintiff, or by a further order of the Bankruptcy Court.

      7.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so.

      8.      Each party understands and agrees that this Stipulation is solely to allow the Plaintiff to litigate her claims in the State Court Action against Debtor 1661 PA Realty LLC to the

extent of available Insurance Coverage, and that the Stipulation shall not be construed as an admission of liability by the Debtor.

9. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the party hereto to be charged.

10. This Stipulation constitutes the entire agreement and understanding between the Debtors and the Claimant relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the parties.

11. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation to resolve all disputes arising under or relating to this Stipulation.

Dated: July 5, 2022
    New York, New York

                                  **/s/ Lisa G. Beckerman**
                      THE HONORABLE LISA G. BECKERMAN
                      UNITED STATES BANKRUPTCY JUDGE

CONSENTED AND AGREED TO BY:

*/s/ Mark Frankel*
Mark Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue
New York, NY 10022
mfrankel@bfklaw.com
(212) 593-1100
*Counsel to Debtors*

*/s/ Mark Mascolo*
Mark Mascolo
ZAREMBA BROWN PLLC
40 Wall Street, 52nd Floor
New York, NY 10005
mmascolo@zarembabrown.com
(212) 380-6700
*Counsel for Personal Injury Claimant*
*CARMEN VASQUEZ*

4