Douglas A. Kellner, Esq.
KELLNER HERLIHY GETTY & FRIEDMAN, LLP
470 Park Avenue South, 7th Floor
New York, New York 10016-6819
Tel. No. (212) 889-2121
Email: dak@khgflaw.com
*Attorneys for the Ad Hoc Group of West 107th Street Tenants*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In Re:<br><br>203 W 107 STREET LLC et al.,<br><br>Debtors | Case No. 20-12960 (LGB)<br>Chapter 11<br>Jointly Administered |
|---|---|
| 203 W 107 STREET LLC et al.,<br><br>Plaintiffs,<br><br>- against –<br><br>KELLNER HERLIHY GETTY & FRIEDMAN LLP, et al.,<br><br>Defendants. | Adv. Proc. No. 22-01114(LGB) |

**DECLARATION OF DOUGLAS A. KELLNER**

DOUGLAS A. KELLNER, declares under penalties of perjury as follows:

1. I am a member of the law firm Kellner Herlihy Getty & Friedman LLP, named as a defendant in this adversary proceeding, and which serves as attorneys for many of the tenants who reside in 203, 210, 220 and 230 West 107th Street, New York,

New York.[1] I submit this declaration in opposition to the Debtors' motion for a preliminary injunction.

2. Attached is a copy of the introductory memorandum that our firm provides to each tenant who has a interest in retaining our law firm. The memorandum sets forth the terms for engagement of our law firm and governs the funds deposited into our law firm's escrow account. The landlords of the affected buildings are not parties to any escrow agreement.

### Conclusion

For the reasons set firtg in the memorandum of law, the Court should dismiss the complaint.

Dated:  August 5, 2022

*Douglas A. Kellner* (signature)

Douglas A. Kellner
470 Park Avenue South, 7th Floor
New York, New York 10016-6951
Tel. No. (212) 889-2121
Email: dak@khgflaw.com

*Attorneys for Defendants*

---

[1] The Ad Hoc Group of West 107th Street Tenants have filed statements pursuant to Bankruptcy Rule 2019 that set forth the members of the Group (Case No. 20-12960 DE#29, DE#45 and DE#141).

KELLNER HERLIHY GETTY & FRIEDMAN, LLP

470 PARK AVENUE SOUTH, 7th FLOOR

NEW YORK, NEW YORK 10016

DOUGLAS A KELLNER
CAROL ANNE HERLIHY
EUGENE F GETTY
ALAN M FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE

CHARLES E KRAUSCHE II
OLGA V PETROVSKY
MICHELLE J MARTIN
STEPHANIE S LIM
PAUL ALESSANDRi
PHILIP G SCHREIBER

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
dak@khgflaw.com

COUNSEL
MICHAEL H SINGER
ROBERT P MCGREEVY

June 29, 2019

**To our clients at 230, 220 and 210 West 107th Street:**

In view of the substantial number of violations of the Building Code, Housing Maintenance Code and Multiple Dwelling Law that were directed to the building owners by various city agencies, and your landlord's failure to take adequate steps to address the most serious conditions that threaten the health and safety of the tenants, we recommend that you withhold the July rent until these issues are resolved. This will put maximum economic pressure on the landlord to comply with the outstanding orders.

This is a classic "rent strike" authorized by New York law when there are uncorrected violations or conditions "dangerous to life, health or safety." These rights apply to all of the building residents whether they rent directly from the building owner or they rent from one of the companies subletting at the buildings. If the landlord should commence proceedings in court to collect the rent, we will represent and defend the tenants and we will seek to recover an abatement of rent to compensate you for the diminution of the rental value of your apartment on account of these conditions.

We recommend that you deposit an amount equal to your monthly rent into our law firm's escrow account (technically known as an Interest on Lawyers Trust Account or "IOLTA") to be administered by our law firm in accordance with the regulations established by the Chief Judge of the New York Courts. You should mail checks for this amount to our law firm payable to Kellner Herlihy Getty & Friedman LLP IOLTA or "KHGF IOLTA." You can also wire the funds directly to the account:

Kellner Herlihy Getty & Friedman, IOLTA
Account No. ▮▮▮▮▮005
JPMorgan Chase Bank, N.A.
386 Park Avenue South
New York, New York 10016
ABA No. 021000021

2022961014bgb Doc 214-2 Filed 08/05/22 Entered 08/05/22 18:29:48 Exhibit 4 - Declaration Memo of Douglas A. Kellner Pg 4 of 5 3 of 4

Page 2

Please include your name and apartment number on any check or in the memorandum of any wire transfer.

We will hold the escrow funds until there is a court decision, or until both a majority of the participating tenants and the attorneys agree that it is appropriate to dispense the funds. If you deposit an amount equal to your rent in escrow, there is no possibility that you can be evicted, even if the court should find that there is no basis for withholding rent—which is very unlikely in this case in view of the serious outstanding violations recorded by the City. You do need to advise us, however, if you receive any legal notices or court papers, which we will answer for you.

The "Blacklist" Some building residents were hesitant to get involved in court proceedings to protect your rights under the housing laws because future landlords might refuse to rent to persons who participated in court proceedings. Earlier this month, the Legislature passed the Housing Stability and Tenant Protection Act of 2019. This new law includes dozens of provisions that strengthen tenants' rights. One of the long list of reforms is a provision that not only makes it unlawful for a landlord to "refuse to rent or to offer a lease to a potential tenant on the basis that the potential tenant was involved in a past or pending landlord-tenant" case, but the law presumes a violation by the landlord if the potential landlord uses a service that reports court records of landlord-tenant proceedings.

Attorneys' Fees. Section 234 of the New York Real Property Law provides that landlord's are responsible for tenants' attorneys fees when the landlord has breached the lease, such as your case when it has failed to correct violation conditions in a timely manner, when the lease has a provision allowing the landlord to collect legal fees when the tenant breaches the lease. So far, all of the leases from your buildings that we have seen include such a provision. Therefore, we have agreed to represent the tenants for whatever legal fees are awarded by the court pursuant to this provision of law, plus one third of any rent abatement that we obtain for you. If there is no rent abatement (very unlikely) then you are not responsible for any legal fees. Of course, the tenants agree not to settle any claim without prior notice to us. We are also required by court rules to notify you that, in the unlikely event that there should be a dispute regarding our legal fees, you are entitled to arbitrate the amount of fees in accordance with the New York State Fee Dispute Resolution Program as described in Part 137 of the Rules of the Chief Administrator of the New York State Courts.

Proof. The violations issued by the inspectors from the Department of Housing Preservation and Development and the Department of Buildings are strong evidence. In addition, your photographs, testimony and communications with the landlord are good evidence. More than 95% of our cases are settled without a trial, but good preparation is essential to obtain a favorable result. We ask that the tenants maintain good records for courtroom evidence, so that we can be successful in proving the lack of repairs and services, which the law requires that the landlord provide. A trial may not take place until quite a long time from now. Unless you have a record of the repairs needed, when the condition arose and when it was repaired, it will be very difficult to establish your damages.

In the meantime, we have been informed that the building manager has requested that tenants provide access dates for repairs. We urge you to respond to these

22-22960-14-hgb Doc 214-2 Filed 08/05/22 Entered 08/05/22 18:29:48 Exhibit 4 - Declaration of Douglas A. Kellner Pg 5 of 5

Page 3

requests by email and copy us on these emails. Our primary goal is to have the landlord make repairs as promptly as possible. Please also be sure to notify the landlord and us by email every time that the landlord neglects to keep an appointment.

Your economic power, tenacity and determination to insist on your legal right to repairs can force the landlord to meet its legal obligations. We look forward to representing you.

Douglas A. Kellner