UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 203 W 107 STREET LLC, *et al.*,[1] | ) | Case No. 20-12960 (LGB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER APPROVING THE SETTLEMENT OF CLAIM NO. 8-1 FILED AGAINST DEBTOR 215 EAST 117 LLC AND THE NON-PAYMENT PROCEEDING COMMENCED BY DEBTOR 215 EAST 117 LLC AGAINST THE SETTING TENANT

Upon the motion (the "Motion") [ECF No. 235] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving the settlement (the "Settlement") of (a) claim number 8-1 filed against Debtor 215 East 117 LLC (the "Tenant Claim") and (b) the non-payment proceeding commenced by Debtor 215 East 117 LLC against Magdalena Rodriguez (the "Settling Tenant") in the Civil Court of the City of New York, County of New York, Housing Part U (the "Housing Court") bearing Index Number 300478/22 (the "Non-Payment Proceeding") pursuant to that certain Settlement Agreement of Settlement (the "Settlement Agreement")[2] by and among the Debtors, LoanCore Capital Credit REIT LLC, on behalf of itself and the Successor Owners, and the Settling Tenant; and (ii) granting related relief; and upon the Diamond Declaration submitted in support of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  203 W 107 Street LLC (8429); 210 W 107 Street LLC (3364); 220 W 107 Street LLC (0461); 230 W 107 Street LLC (3686); 124-136 East 117 LLC (6631); 215 East 117 LLC (6961); 231 East 117 LLC (0105); 235 East 117 LLC (8762); 244 East 117 LLC (1142); East 117 Realty LLC (1721) and 1661 PA Realty LLC (5280).

[2] Capitalized terms used but not otherwise defined in this 9019 Order shall have the meanings ascribed to such terms in the Motion. The Settlement Agreement is attached to the Motion as Exhibit C.

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided pursuant to, among other things, the *Order Shortening the Notice Period with Respect to the Debtors' Motion for an Order Approving the Settlement of Claim No. 8-1 Filed Against Debtor 215 East 117 LLC and the Non-Payment Proceeding Commenced by Debtor 215 East 117 LLC Against the Settling Tenant* [ECF No. 237]; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and after due deliberation determined that the legal and factual basis set forth in the Motion establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Settlement Agreement attached to the Motion as Exhibit C is approved in its entirety; and it is further

**ORDERED** that the Court finds and determines that the proposed compromise and resolution embodied in the Settlement Agreement is reasonable and appropriate and a valid exercise of the Debtors' business judgment and that standard in *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452 (2d Cir. 2007) has been satisfied; and it is further

**ORDERED** that the Debtors are authorized and directed to execute the Settlement Agreement and are authorized to perform pursuant to its terms, and to take any and all actions

necessary and appropriate to consummate the Settlement Agreement, and execute and deliver any documents, agreements or instruments as may be necessary or appropriate to implement the Settlement Agreement (including but not limited to executing and delivering the Housing Court Stipulation to the Housing Court); and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

**ORDERED** that the Housing Court is authorized and empowered to take all actions necessary or appropriate to implement the Settlement Agreement and the relief granted in this Order; and it is further

**ORDERED** that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that nothing in the Motion, the Settlement Agreement or this Order is intended to be, nor shall be deemed or construed as, an admission or finding of wrongdoing by the Debtors in connection with the Tenant Claim, the Arrearage Obligation, the Non-Payment Proceeding, or issues relevant to any other claims filed by creditors against the Debtors' estates. For the avoidance of doubt, with respect to claims filed against the Debtors' estates that are not the subject of this Motion, the Parties' and any other creditors rights are expressly reserved with respect to such claims; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order and the Settlement Agreement approved herein.


Dated: October 31, 2022                           **/s/ Lisa G. Beckerman**
        New York, NY                              The Honorable Lisa G. Beckerman